

August 22, 2024

Hon. Jennifer L. Rochon, U.S.D.J.
United States District Court
Southern District Of New York
500 Pearl Street, Room 1920
New York, NY 10007

By Electronic Filing.

    Re:    Hasnain et al. v. City of New York et al., 24-cv-6221

Dear Judge Rochon:

    I am co-counsel for Plaintiff in the case above. I am writing to ask that the Court direct the City to identify the John and Jane Doe Defendants in this case in advance of the September 13, 2024 statue of limitations.

    I have consulted with counsel for the City, who has stated: "We will not be engaging in pre-answer discovery on this matter."[1] I should also note that I apologize for the time crunch here. Plaintiffs came to our office on other cases, and we only discovered this incident in digging into the injuries in those other cases. Had we known of this claims earlier, we would have moved much, much sooner.

    Plaintiffs in this case suffered serious injuries at the hands of members of the NYPD — particularly Plaintiff Hasnain. As set out in the complaint, members of the NYPD grabbed Plaintiff Hasnain and "slammed her to the ground, causing her to lose consciousness and sustain a concussion" even through the bicycle helmet she was wearing. ECF No. 1 ¶ 14. The events in this case took place on September 13, 2021 — meaning Plaintiffs must name individual officers for § 1983 claims on or before September 13, 2024.

    In the complaint, Plaintiffs have taken still images from the video they have, which traditionally has resulted in the City being able to identify John Doe Defendants. *See* ECF No. 1 ¶ 5. However, the video Plaintiffs have is not of sufficient quality to read badge numbers or names.

    Courts in this district and the Eastern District routinely order the City to identify John Doe Defendants in advance of the statute of limitations, regardless of the current status of discovery. *See, e.g.,* Order, *Rodriguez v. City of New York*, 21-cv-10815 (S.D.N.Y. May 31, 2023), ECF No 52 ("By June 2, 2023 defendants shall identify Doe Officers 82 and 86 and produce any body worn camera footage or state in affidavit form from a person within The NYPD all steps taken to identify the Doe Officers 82 and 86"); Order, *Sharma v. City of New York*, 21-cv-10892 (S.D.N.Y. May 2, 2022), ECF No. 19

---

[1] Since this case is in the § 1983 Plan, at a minimum, that means 80 more days before the City does anything. *See* Local Civ. R. 83.10 ¶ 3.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com


("Defendants are ordered to identify Defendant Jane Doe 1 on or before June 13, 2022")Minute Order, *Payamps v. City of New York*, 22-cv-563 (E.D.N.Y. April 11, 2023) (directing that beyond steps the City agreed to, if "Defendants' counsel's proposed interviews of officers is insufficient to identify the John Does, particularly those shown in the videos of the alleged incident, the City Defendants' counsel must pursue additional investigations" in advance of a statute).

As other courts have observed, even when delays in seeking the identities of Does cannot "be attributed to the City," identification should take place because "Plaintiff would suffer substantial prejudice if the information is not provided prior to the expiration of the statute of limitations." *Acosta v City of NY*, 2024 NY Slip Op 31607[U], *5 (Sup Ct, NY County 2024) ("the City is obligated to produce the requested information, and to make a thorough, diligent effort to do so prior to expiration of the statute of limitations, or a sanction may be warranted"). In *Acosta*, the Court entered an order on May 7, in advance of a statute that would run on May 25 — very similar to the timeframe here. And in *Acosta*, despite the Court leaving plenty of room for the City to take longer,[2] the City was able to identify nearly every Doe well in advance of the statute.

Here, the Court should direct the City to identify the John and Jane Doe Defendants numbered 1-9 in the complaint, using reasonably diligent efforts, by September 12, 2024.

As ever, I thank the Court for its time and consideration.

Respectfully submitted,

/s/
_____
J. Remy Green
  *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by ECF.

Defendants are directed to respond to this letter by **August 28, 2024**, at **1:00 p.m.**

Dated:  August 23, 2024
       New York, New York

**SO ORDERED.**

*Jennifer Rochon*
_____
**JENNIFER L. ROCHON**
**United States District Judge**

---

[2] The Order provided that "should the City fail to identify the identity of the seven doe defendants indicated in the caption by May 21, 2024, the City, by further agreement memorialized on the record during oral argument on May 7, 2024, stipulates with Plaintiff that the City may not assert a statute of limitations defense if the seven doe defendants indicated in the caption are represented by the Office of the Corporation Counsel." *Id.* at *6.

Page 2 of 2

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com