

**MURIEL GOODE-TRUFANT**
Acting Corporation Counsel

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**TOBIAS E. ZIMMERMAN**
phone: (212) 356-2423
fax: (212) 356-3509
tzimmerm@law.nyc.gov

August 28, 2024

**VIA ECF**
Honorable Jennifer L. Rochon
United States District Judge
United States District Court
 for the Southern District of New York
500 Pearl Street
New York, New York 10007-1312

    Re:    *Hasnain, et al. v. City of New York, et al.,* No. 24 Civ. 6221 (JLR)

Your Honor:

    I am a Senior Counsel in the Office of Muriel Goode-Trufant, Acting Corporation Counsel for the City of New York, which represents the City of New York in the above titled matter.[1]  The City writes pursuant to the Court's Order of August 23, 2024 (ECF No. 13) directing a response to Plaintiffs' letter Motion to Compel (ECF No. 11) by 1:00 p.m. on August 28th.

    Plaintiffs in this case purport to assert claims against two named and nine unnamed officers for an incident that occurred on September 13, 2021 in Manhattan.  Plaintiffs seek the extraordinary relief of pre-answer discovery for the purpose of identifying the nine John Doe officers.  The Court should deny this request for two reasons: First, it is impossible for the City to identify the John Doe officers from the imprecise information and blurred images provided by Plaintiffs.  Second, even with better information from the Plaintiffs, the City could not guarantee that it would be successful in identifying the John Doe officers in the short timeframe created by Plaintiffs' dilatory filing of their Complaint, and no rule or case obligates the City to do so.

    The Second Circuit Court of Appeals has held that, in certain circumstances, a court may direct the City to provide limited discovery prior to the close of pleadings for the purpose of identifying John Doe officers.  *See Valentin v. Dinkins*, 121 F.3d 72, 76 (2d Cir. 1997).  However, this assistance is typically only afforded to *pro se* litigants who cannot rely on counsel to conduct an

---

[1] At this preliminary stage of the litigation the Law Department has not yet assigned the case to an Assistant Corporation Counsel (ACC).  Once the case is assigned, that attorney will file a notice of appearance on the docket for the City and any of the individual Defendants who are entitled to and accept representation by this Office.

investigation and bring a timely complaint. *See, e.g.*, *Etuk v. City of New York*, No. 24 Civ. 4967 (RA), 2024 U.S. Dist. LEXIS 151787, at *5–6 (S.D.N.Y. Aug. 23, 2024) ("Under *Valentin v. Dinkins*, a **pro se** litigant is entitled to assistance from the Court in ascertaining an unidentified defendant's identity and a defendant's proper service address." (emphasis added)); *see also Montes v. Miller*, No. 24 Civ. 4141 (CS), 2024 U.S. Dist. LEXIS 150114, at *6 (S.D.N.Y. Aug. 21, 2024) (same). Where a plaintiff is represented by counsel however, the burden of investigating the identification of unknown defendants prior to filing falls squarely on the plaintiff. *See, e.g.*, *Barrow v. Wethersfield Police Dep't*, 66 F.3d 466, 470 (2d Cir. 1995) (an amended pleading identifying John Doe defendants does not relate back to the original filing because "the failure to identify individual defendants when the plaintiff knows that such defendants must be named cannot be characterized as a mistake"). Thus, the burden was on Plaintiffs to investigate and identify the unknown officers prior to the expiration of the statute of limitations. Plaintiffs could have elected to do so either through the New York State Freedom of Information Law (N.Y. Pub. Off. L. art. 6), or by filing their complaint with sufficient time to investigate through the normal process of discovery. Instead, Plaintiffs have elected to wait until the eleventh-hour to file their Complaint, and now ask the Court to impose on the City the burden of conducting an expedited investigation on limited information. The Court should deny that request.

      First, setting aside the self-inflicted time crunch Plaintiffs now face, it is far from clear that the City *could* identify the John Doe officers from the limited information provided by Plaintiffs. Plaintiffs are complaining about the actions of a handful of officers that occurred during a chaotic public protest nearly three years ago, where numerous units comprising hundreds of officers were deployed. To aid in identification of the nine specific officers, Plaintiffs provide merely: (1) the assertion that the nine officers of interest "appeared to be men, appeared to be white and/or Latino"; and (2) three blurry still photos taken from video, none of which contain legible badge numbers, name plates, or other identifying information. *See* Complaint (ECF No. 1) at ¶ 5. The New York City Police Department (NYPD) employs over 30,000 uniformed officers, many of whom not only "appear" to be "white and/or Latino" men, but who also were assigned to police multiple protests in 2020 and 2021. Even knowing the time and location of the alleged events does little to narrow down the number of officers who *might* be described in the Complaint.

      Second, Plaintiffs are requesting that the Court impose a significant burden upon the City to rectify Plaintiffs' own lack of diligence in filing their Complaint. As Plaintiffs' counsel are well aware, suits filed against the City and NYPD officers follow a particular process from receipt by the Law Department, assigning an attorney, and requesting information and documents from NYPD. Only once that entire process is complete is the City able or expected to answer the complaint and identify any John Doe defendants. Each of these steps takes a reasonable amount of time, as reflected by the Southern District's Plan for Certain Section 1983 Cases Against the City of New York (codified at Local Civil Rule 83.10), which applies to this case. *See* Local Civ. R. 83.10(c) (automatically extending the City's time to answer to 80 days).

      In this case, Plaintiffs are represented by experienced counsel who have litigated numerous cases against the City similar to this one.[2] There is no doubt that Plaintiffs' counsel was well aware

---

[2] In fact, each of the four non-precedential orders cited in Plaintiffs' motion are cases brought by the same law firm representing Plaintiffs here.

not only of the need to file suit within the three-year statute of limitation, but also that they were required to identify the John Doe officers on or before September 13, 2024. Nevertheless, for reasons not anywhere explained in their motion, Plaintiffs' counsel chose to wait until August 16, 2024—less than one month before the expiration of the statute of limitations—to file a Complaint that they knew would not require an answer until after the statute had lapsed. Now, to make up for their unexplained delay, they demand that the City conduct an expedited investigation on minimal facts. There is no legal basis to place such a burden on the City.

None of the four orders cited in Plaintiffs' letter changes this analysis. In *Rodriguez v. City of New York*, 21-cv-10815 (S.D.N.Y. May 31, 2023), the City had already engaged in significant discovery, and voluntarily agreed to attempt to provide the requested information on or before the expiration of the statute of limitations. *See* Ltr. from O. Siddiqi, *Rodriguez v. City of New York*, No. 21 Civ. 10815 (S.D.N.Y. May 31, 2023) (ECF No. 51) at 2.[3] Moreover, the City *did not* concede, nor did the Court rule on, any question of whether the expiration of the statute of limitations would impact the *Rodriguez* plaintiffs' rights. *See id*. In *Sharma v. City of New York*, No. 21 Civ. 10892 (S.D.N.Y. May 2, 2022), the case was removed to federal court in December 2021. On May 2, 2022, the Court added a footnote to the parties' proposed scheduling order instructing the City to identify a single Jane Doe by June 13, 2022 (six weeks later and seven months after initiation of the federal action), and providing for the possibility that the City might "not be able to" do so. *Sharma*, Scheduling Order (ECF No. 10) at n.1. And, in *Payamps v. City of New York*, 22-cv-563 (E.D.N.Y. April 11, 2023), Plaintiffs here rely on an unnumbered Minute Order that memorializes the City's *agreement* to provide certain information by a date certain in the course of already on-going discovery. Finally, in *Acosta v. City of New York, et al.*, 2024 N.Y. Misc. LEXIS 2106; N.Y. Slip Op. 31607(U), the state court weighed a motion to show cause to strike the City's answer, brought eight months after the commencement of litigation, and in the context of already ongoing discovery. Moreover, the court in *Acosta* expressly acknowledged that it did not "appear that any delay in this matter can be attributed to the City". 2024 N.Y. Misc. LEXIS 2106, at *9–10. While the court ordered the City to make "a thorough, diligent effort" to produce the requested information before the expiration of the statute of limitations, it declined to rule on the requested sanction should the City fail to meet that deadline. *Id.* at *10–11.

To be clear, the City has worked collaboratively with these and many other counsel to provide the information being requested herein, but usually with a much better description of the unidentified officers and with sufficient time to complete a reasonable inquiry. None of the four orders cited by Plaintiffs' here can be read to stand for the proposition that the City *must* bear the burden for Plaintiffs' decision to delay filing their Complaint until mere weeks before the expiration of the statute of limitation. Especially given Plaintiffs' counsels' extensive experience litigating cases like this one, there is no reason for the Court to impose burdensome and potentially unattainable discovery obligations on the City before the case is even joined.

For the foregoing reasons, the City respectfully requests that Plaintiffs' Motion to Compel be denied, and that this case proceed as normal under the Federal Rules of Civil Procedure and the Section 1983 Plan set forth in Local Civil Rule 83.10. Pursuant to that rule, the City has until

---

[3] The Order cited by Plaintiffs is hand-written on a copy of this letter.

- 4 -

Monday, November 4, 2024 to file its answer, and until Monday November 25, 2024 to serve Initial Disclosures.  *See* Local Civ. R. 83.10(c) & (d).

  Defendant City of New York thanks the Court for its attention to this matter.

                  Respectfully submitted,

                  Tobias E. Zimmerman
                  *Senior Counsel*
                  Special Federal Litigation Division

Encl.
cc:  All Counsel **(via ECF)**