

September 16, 2024

Hon. Jennifer L. Rochon, U.S.D.J.
United States District Court
Southern District Of New York
500 Pearl Street, Room 1920
New York, NY 10007

By Electronic Filing.

    Re:    <u>Hasnain et al. v. City of New York et al.</u>, 24-cv-6221

Dear Judge Rochon:

    I am co-counsel for Plaintiff in the case above. I am writing to ask that the Court construe the First Amended Complaint, as filed on Friday, September 13, 2024 (ECF No. 20), and grant it. I have attached a copy of the proposed complaint, also filed Friday.

    As the Court likely recalls, Plaintiff filed this complaint on August 16, 2024 moved quickly to have the Court direct the City to identify John Doe Defendants before the final day to file before a statute of limitations (September 13, 2024). *See* ECF Nos. 11, 13, 15, 16, 17, and 18. The Court granted that motion. And we are pleased to report that the City was able to identify every single Doe officer in an evening email on September 12, 2024 (likewise, we are grateful to the City's attorneys for their legwork on this issue). Plaintiffs quickly turned those officer names in to a complaint, which they filed on September 13.

    The Clerk has bounced the complaint, directing that Plaintiff must "attach either opposing party's written consent or Court's leave."

    Because of the timing, the Clerk appears to be reading there to be a gap in timing between Fed. R. Civ. P. 15(a)(1)(A) and (a)(1)(B).[1] That is, the clerk is saying while when Defendants move to dismiss or answer, Plaintiffs may amend without leave, they are currently in a gap where leave is required.

    For expediency and rather than litigate that — except to note Plaintiffs' understanding was that no motion was required, per the 2008 Advisory Report cited in n. 1 below and reserve rights (*see*

---

[1] As the Rules Advisory Committee has explained in rejecting a proposal, that reading "rests on misinterpreting what is intended: the comment reads the proposal to create a gap that suspends and then revives the right to amend once as a matter of course - the right persists for 21 days after service of the pleading, disappears, and then reappears for 21 days after service of a responsive pleading or Rule 12 motion." Hon. Mark R. Kravitz, <u>Report of the Civil Rules Advisory Committee</u> at 56 (May 9, 2008) ("2008 Advisory Report") (rejecting proposal to amend to clarify the language in (A) to include "if the pleading is one to which a responsive pleading is not required" as redundant).

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York  ·  11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



n. 2 below) — it seems easiest for the Court to grant *nunc pro tunc* leave to amend or otherwise construe ECF No. 20 as a motion to amend and grant it.  That leave is required because September 13, 2024 was the last available day under the statute of limitations, so a new motion to amend would not be timely.[2]

As ever, I thank the Court for its time and consideration.[3]

Respectfully submitted,

/s/
_____
J. Remy Green
    *Honorific/Pronouns: Mx., they/their/them*
**COHEN&GREEN P.L.L.C.**
*Attorneys for Plaintiffs*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by ECF.

The Court GRANTS Plaintiffs' request to construe Dkt. 20 as a motion to amend and, so construed, GRANTS the motion.

Dated: September 16, 2024
        New York, New York

**SO ORDERED.**

*Jennifer Rochon*
**JENNIFER L. ROCHON**
**United States District Judge**

---

[2] A motion to amend is the operative date for statute of limitations purposes in adding new parties.  *See Rothman v. Gregor*, 220 F.3d 81, 96 (2d Cir. 2000).
[3] Plaintiffs reserve the right to argue, if the Court denies this motion, that no motion to amend was required, as the Rules Advisory Committee explains was the intent of Rule 15.

Page 2 of 2

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com