UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------------x

ANEES HASNAIN AND LUIS MEJIA,

                             Plaintiff,

                  -against-

THE CITY OF NEW YORK, NYPD POLICE
OFFICER NICHOLAS ALBERGO (TAX 954471),
NYPD POLICE OFFICER ALLYSON
ECHAVARRIA (TAX 951703), NYPD POLICE
OFFICER FREDDY SUAZO, NYPD SGT.
GIANFRANCO RUBINO, NYPD POLICE
OFFICER BENJAMIN BEIRO, NYPD SGT.
ROBERT LIVINGSTON, NYPD CAPTAIN
ANGEL AMAYA, NYPD POLICE OFFICER
JASON CASTILLO, NYPD POLICE OFFICER
NICHOLAS NOTO, NYPD POLICE OFFICER
NICHOLAS BLAKE, NYPD POLICE OFFICER
JOHNNY SOLORZANO, AND NYPD POLICE
OFFICER DIANA SCHUTZ,

                           Defendants.

------------------------------------------------------------------------x

**DEFENDANTS CITY OF NEW YORK, ALBERGO, ECHAVARRIA, SUAZO, RUBINO, BEIRO, LIVINGSTON, AMAYA, CASTILLO, NOTO, BLAKE, SOLORZANO, AND SCHUTZ'S ANSWER TO THE FIRST AMENDED COMPLAINT**

24-CV-6221 (JLR)

Jury Trial Demanded

       Defendants City of New York, Albergo, Echavarria, Suazo, Rubino, Beiro, Livingston, Amaya, Castillo, Noto, Blake, Solorzano, and Schutz ("Defendants"), by their attorney, **MURIEL GOODE-TRUFANT**, Corporation Counsel of the City of New York, for their answer to the First Amended Complaint ("Complaint"), respectfully allege as follows:

       1.    Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "1" of the Complaint.

       2.    Deny the allegations set forth in paragraph "2" of the Complaint, except admit that the City of New York is a municipal corporation organized under the laws of the State of New York and City of New York and maintains a police department, and respectfully refer the Court to the New York City Charter and Administrative Code for a

recitation of the relationship between the City and the New York City Police Department ("NYPD").

      3.  Deny the allegations set forth in paragraph "3" of the Complaint, except admit that defendant Nicholas Albergo was employed by the City of New York as a member of the NYPD on September 13, 2021, and that plaintiffs purport to bring this action as stated therein.

      4.  Deny the allegations set forth in paragraph "4" of the Complaint, except admit that defendant Allyson Echavarria was employed by the City of New York as a member of the NYPD on September 13, 2021, and that plaintiffs purport to bring this action as stated therein.

      5.  Deny the allegations set forth in Paragraph "5" of the Complaint, except admit that defendants were identified pursuant to the Court's Order.

      6.  Deny the allegations set forth in paragraph "6" of the Complaint, except admit that plaintiffs bring this action and purport to invoke the Court's jurisdiction as stated therein.

      7.  Deny the allegations set forth in paragraph "7" of the Complaint, except admit that plaintiffs purport to base venue in this district as stated therein.

      8.  The allegations set forth in paragraph "8" of the Complaint are legal conclusions to which no response is required.

      9.  Deny the allegations set forth in paragraph "9" of the Complaint.

      10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the Complaint.

      11. Deny the allegations set forth in paragraph "11" of the Complaint.

12. Deny the allegations set forth in paragraph "12" of the Complaint.

13. Deny the allegations set forth in paragraph "13" of the Complaint, except admit that plaintiff Hasnain wore a helmet.

14. Deny the allegations set forth in paragraph "14" of the Complaint.

15. Deny the allegations set forth in paragraph "15" of the Complaint

16. Deny the allegations set forth in paragraph "16" of the Complaint.

17. Deny the allegations set forth in paragraph "17" of the Complaint.

18. Deny the allegations set forth in paragraph "18" of the Complaint, except admit that plaintiffs were lawfully detained and arrested; to the extent paragraph "18" sets forth conclusions of law, no response is required.

19. Deny the allegations set forth in paragraph "19" of the Complaint; to the extent paragraph "19" sets forth conclusions of law, no response is required.

20. Deny the allegations set forth in paragraph "20" of the Complaint; to the extent paragraph "20" sets forth conclusions of law, no response is required.

21. Deny the allegations set forth in paragraph "21" of the Complaint; to the extent paragraph "21" sets forth conclusions of law, no response is required.

22. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "22" of the Complaint.

23. Deny the allegations set forth in paragraph "23" of the Complaint, except admit that plaintiff Mejia was lawfully transported to a police precinct.

24. Deny the allegations set forth in paragraph "24" of the Complaint, except admit that plaintiff Hasnain was lawfully transported to a police precinct.

25. Deny the allegations set forth in paragraph "25" of the Complaint.

26. Deny the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "29" of the Complaint.

30. Deny the allegations set forth in paragraph "30" of the Complaint.

31. Deny the allegations set forth in paragraph "31" of the Complaint.

32. -The allegations set forth in paragraph "32" of the Complaint are legal conclusions to which no response is required.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint, except admit that plaintiff Mejia was granted an ACD.

35. Deny the allegations set forth in paragraph "35" of the Complaint; to the extent paragraph "35" sets forth conclusions of law, no response is required.

36. Deny the allegations set forth in paragraph "36" of the Complaint.

37. Deny the allegations set forth in paragraph "37" of the Complaint; to the extent paragraph "37" sets forth conclusions of law, no response is required.

38. Deny the allegations set forth in paragraph "38" of the Complaint; to the extent paragraph "38" sets forth conclusions of law, no response is required.

39. The allegations set forth in paragraph "39" of the Complaint are legal conclusions to which no response is required.

40. Deny the allegations set forth in paragraph "40" of the Complaint; to the extent paragraph "40" sets forth conclusions of law, no response is required.

41. Deny the allegations set forth in paragraph "41" of the Complaint; to the extent paragraph "41" sets forth conclusions of law, no response is required.

42. Deny the allegations set forth in paragraph "42" of the Complaint; to the extent paragraph "42" sets forth conclusions of law, no response is required.

43. Deny the allegations set forth in paragraph "43" of the Complaint and its sub-parts, and respectfully refer the Court to the cited cases for a full and accurate recitation of their content.

44. Deny the allegations set forth in paragraph "44" of the Complaint, and respectfully refer the Court to the cited case for a full and accurate recitation of its content.

45. Deny the allegations set forth in paragraph "45" of the Complaint, and respectfully refer the Court to the cited case for a full and accurate recitation of its content.

46. Deny the allegations set forth in paragraph "46" of the Complaint.

47. Deny the allegations set forth in paragraph "47" of the Complaint, and respectfully refer the Court to the cited case for a full and accurate recitation of its content.

48. Deny the allegations set forth in paragraph "48" of the Complaint.

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint, and respectfully refer the Court to the cited testimony for a full and accurate recitation of its content.

51. Deny the allegations set forth in paragraph "51" of the Complaint.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint; to the extent paragraph "53" sets forth conclusions of law, no response is required.

54. Deny the allegations set forth in paragraph "54" of the Complaint; to the extent paragraph "54" sets forth conclusions of law, no response is required.

55. Deny the allegations set forth in paragraph "55" of the Complaint; to the extent paragraph "55" sets forth conclusions of law, no response is required.

56. Deny the allegations set forth in paragraph "56" of the Complaint, and respectfully refer the Court to the cited report for a full and accurate recitation of its content.

57. Deny the allegations set forth in paragraph "57" of the Complaint, and respectfully refer the Court to the cited report for a full and accurate recitation of its content.

58. Deny the allegations set forth in paragraph "58" of the Complaint, and respectfully refer the Court to the cited case for a full and accurate recitation of its content.

59. Deny the allegations set forth in paragraph "59" of the Complaint, and respectfully refer the Court to the cited case for a full and accurate recitation of its content.

60. Deny the allegations set forth in paragraph "60" of the Complaint.

61. Deny the allegations set forth in paragraph "61" of the Complaint, except admit that the City of New York and NYPD and its members have been sued by protesters.

62. Deny the allegations set forth in paragraph "62" of the Complaint and its sub-parts, and respectfully refer the Court to the cited cases for a full and accurate recitation of their content.

63. Deny the allegations set forth in paragraph "63" of the Complaint; to the extent paragraph "63" sets forth conclusions of law, no response is required.

64. Deny the allegations set forth in paragraph "64" of the Complaint; to the extent paragraph "64" sets forth conclusions of law, no response is required.

65. Deny the allegations set forth in paragraph "65" of the Complaint, except admit that the NYPD has created Disorder Control Guidelines.

66. Deny the allegations set forth in paragraph "66" of the Complaint.

67. Deny the allegations set forth in paragraph "67" of the Complaint.

68. Deny the allegations set forth in paragraph "68" of the Complaint.

69. Deny the allegations set forth in paragraph "69" of the Complaint.

70. Deny the allegations set forth in paragraph "70" of the Complaint.

71. Deny the allegations set forth in paragraph "71" of the Complaint.

72. Deny the allegations set forth in paragraph "72" of the Complaint.

73. Deny the allegations set forth in paragraph "73" of the Complaint.

74. Deny the allegations set forth in paragraph "74" of the Complaint.

75. Deny the allegations set forth in paragraph "75" of the Complaint, except admit that SRG was formed in 2015.

76. Deny the allegations set forth in paragraph "76" of the Complaint, except admit that SRG has a command for each of the five boroughs.

77. Deny the allegations set forth in paragraph "77" of the Complaint and respectfully refer the Court to the cited article for a fill and accurate recitation of its content.

78. Deny the allegations set forth in paragraph "78" of the Complaint.

79. Deny the allegations set forth in paragraph "79" of the Complaint and respectfully refer the Court to the cited article for a full and accurate recitation of its content.

80. Deny the allegations set forth in paragraph "80" of the Complaint.

81. Deny the allegations set forth in paragraph "81" of the Complaint.

82. Deny the allegations set forth in paragraph "82" of the Complaint.

83. Deny the allegations set forth in paragraph "83" of the Complaint and respectfully refer the Court to the cited report for a full and accurate recitation of its content.

84. Deny the allegations set forth in paragraph "84" of the Complaint.

85. Deny the allegations set forth in paragraph "85" of the Complaint.

86. Deny the allegations set forth in paragraph "86" of the Complaint and respectfully refer the Court to the cited article for a full and accurate recitation of its content.

87. Deny the allegations set forth in paragraph "87" of the Complaint and respectfully refer the Court to the referenced reports for a full and accurate recitation of their content.

88. Deny the allegations set forth in paragraph "88" of the Complaint.

89. Deny the allegations set forth in paragraph "89" of the Complaint and respectfully refer the Court to the cited report for a full and accurate recitation of its content.

90. Deny the allegations set forth in paragraph "90" of the Complaint.

91. Deny the allegations set forth in paragraph "91" of the Complaint.

92. Deny the allegations set forth in paragraph "92" of the Complaint and respectfully refer the Court to the referenced testimony for a full and accurate recitation of its content.

93. Deny the allegations set forth in paragraph "93" of the Complaint.

94. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "94" of the Complaint.

95. Deny the allegations set forth in paragraph "95" of the Complaint and respectfully refer the Court to the cited report for a full and accurate recitation of its content.

96. Deny the allegations set forth in paragraph "96" of the Complaint; to the extent paragraph "96" sets forth conclusions of law, no response is required.

97. Deny the allegations set forth in paragraph "97" of the Complaint.

98. Deny the allegations set forth in paragraph "98" of the Complaint.

99. Deny the allegations set forth in paragraph "99" of the Complaint.

100. Deny the allegations set forth in paragraph "100" of the Complaint.

101. Deny the allegations set forth in paragraph "101" of the Complaint.

102. Deny the allegations set forth in paragraph "102" of the Complaint, except admit that plaintiffs and other protesters were lawfully restrained.

103. Deny the allegations set forth in paragraph "103" of the Complaint.

104. Deny the allegations set forth in paragraph "104" of the Complaint.

105. Deny the allegations set forth in paragraph "105" of the Complaint.

106. Deny the allegations set forth in paragraph "106" of the Complaint and respectfully refer the Court to the referenced case for a full and accurate recitation of its content.

107. Deny the allegations set forth in paragraph "107" of the Complaint and respectfully refer the Court to the referenced case for a full and accurate recitation of its content.

108.    Deny the allegations set forth in paragraph "108" of the Complaint and respectfully refer the Court to the referenced case for a full and accurate recitation of its content.

109.    Deny the allegations set forth in paragraph "109" of the Complaint and respectfully refer the Court to the referenced cases for a full and accurate recitation of their content; to the extent paragraph "109" sets forth conclusions of law, no response is required.

110.    Deny the allegations set forth in paragraph "110" of the Complaint and respectfully refer the Court to the referenced report for a full and accurate recitation of its content.

111.    Deny the allegations set forth in paragraph "111" of the Complaint.

112.    Deny the allegations set forth in paragraph "112" of the Complaint.

113.    Deny the allegations set forth in paragraph "113" of the Complaint.

114.    The allegations set forth in paragraph "114" of the Complaint are legal conclusions to which no response is required.

115.    Deny the allegations set forth in paragraph "115" of the Complaint.

116.    Deny the allegations set forth in paragraph "116" of the Complaint; to the extent paragraph "116" sets forth conclusions of law, no response is required.

117.    Deny the allegations set forth in paragraph "117" of the Complaint and respectfully refer the Court to the referenced letter for a full and accurate recitation of its content.

118.    Deny the allegations set forth in paragraph "118" of the Complaint; to the extent paragraph "118" sets forth conclusions of law, no response is required.

119.    Deny the allegations set forth in paragraph "119" of the Complaint; to the extent paragraph "119" sets forth conclusions of law, no response is required.

120.    Deny the allegations set forth in paragraph "120" of the Complaint; to the extent paragraph "120" sets forth conclusions of law, no response is required.

121.    Deny the allegations set forth in paragraph "121" of the Complaint; to the extent paragraph "121" sets forth conclusions of law, no response is required.

122.    Deny the allegations set forth in paragraph "122" of the Complaint; to the extent paragraph "122" sets forth conclusions of law, no response is required.

123.    Deny the allegations set forth in paragraph "123" of the Complaint, except admit that plaintiffs purport to bring this action as stated therein; to the extent paragraph "123" sets forth conclusions of law, no response is required.

124.    Deny the allegations set forth in paragraph "124" of the Complaint; to the extent paragraph "124" sets forth conclusions of law, no response is required.

125.    Deny the allegations set forth in paragraph "125" of the Complaint; to the extent paragraph "125" sets forth conclusions of law, no response is required.

126.    Deny the allegations set forth in paragraph "126" of the Complaint and respectfully refer the Court to the referenced article for a full and accurate recitation of its content.

127.    Deny the allegations set forth in paragraph "127" of the Complaint and respectfully refer the Court to the referenced case for a full and accurate recitation of its content.

128.    Deny the allegations set forth in paragraph "128" of the Complaint; to the extent paragraph "128" sets forth conclusions of law, no response is required.

129.    Deny the allegations set forth in paragraph "129" of the Complaint; to the extent paragraph "129" sets forth conclusions of law, no response is required.

130.    In response to the allegations set forth in paragraph "130" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

131.    Deny the allegations set forth in paragraph "131" of the Complaint; to the extent paragraph "131" sets forth conclusions of law, no response is required.

132.    Deny the allegations set forth in paragraph "132" of the Complaint; to the extent paragraph "132" sets forth conclusions of law, no response is required.

133.    Deny the allegations set forth in paragraph "133" of the Complaint; to the extent paragraph "133" sets forth conclusions of law, no response is required.

134.    Deny the allegations set forth in paragraph "134" of the Complaint; to the extent paragraph "134" sets forth conclusions of law, no response is required.

135.    Deny the allegations set forth in paragraph "135" of the Complaint; to the extent paragraph "135" sets forth conclusions of law, no response is required.

136.    In response to the allegations set forth in paragraph "136" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

137.    Deny the allegations set forth in paragraph "137" of the Complaint; to the extent paragraph "137" sets forth conclusions of law, no response is required.

138.    Deny the allegations set forth in paragraph "138" of the Complaint; to the extent paragraph "138" sets forth conclusions of law, no response is required.

139.    Deny the allegations set forth in paragraph "139" of the Complaint; to the extent paragraph "139" sets forth conclusions of law, no response is required.

140.    In response to the allegations set forth in paragraph "140" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

141.    Deny the allegations set forth in paragraph "141" of the Complaint; to the extent paragraph "141" sets forth conclusions of law, no response is required.

142.    Deny the allegations set forth in paragraph "142" of the Complaint; to the extent paragraph "142" sets forth conclusions of law, no response is required.

143.    Deny the allegations set forth in paragraph "143" of the Complaint; to the extent paragraph "143" sets forth conclusions of law, no response is required.

144.    The allegations set forth in paragraph "144" of the Complaint are legal conclusions to which no response is required.

145.    The allegations set forth in paragraph "145" of the Complaint are legal conclusions to which no response is required.

146.    The allegations set forth in paragraph "146" of the Complaint are legal conclusions to which no response is required.

147.    Deny the allegations set forth in paragraph "147" of the Complaint and respectfully refer the Court to the referenced case for a full and accurate recitation of its content.

148.    Deny the allegations set forth in paragraph "148" of the Complaint and respectfully refer the Court to the referenced case for a full and accurate recitation of its content.

149.    Deny the allegations set forth in paragraph "149" of the Complaint; to the extent paragraph "149" sets forth conclusions of law, no response is required.

150.    Deny the allegations set forth in paragraph "150" of the Complaint; to the extent paragraph "150" sets forth conclusions of law, no response is required.

151.    In response to the allegations set forth in paragraph "151" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

152.    The allegations set forth in paragraph "152" of the Complaint are legal conclusions to which no response is required.

153.    Deny the allegations set forth in paragraph "153" of the Complaint; to the extent paragraph "153" sets forth conclusions of law, no response is required.

154.    Deny the allegations set forth in paragraph "154" of the Complaint; to the extent paragraph "154" sets forth conclusions of law, no response is required.

155.    Deny the allegations set forth in paragraph "155" of the Complaint; to the extent paragraph "155" sets forth conclusions of law, no response is required.

156.    Deny the allegations set forth in paragraph "156" of the Complaint; to the extent paragraph "156" sets forth conclusions of law, no response is required.

157.    Deny the allegations set forth in paragraph "157" of the Complaint; to the extent paragraph "157" sets forth conclusions of law, no response is required.

158.    Deny the allegations set forth in paragraph "158" of the Complaint; to the extent paragraph "158" sets forth conclusions of law, no response is required.

159.    Deny the allegations set forth in paragraph "159" of the Complaint; to the extent paragraph "159" sets forth conclusions of law, no response is required.

160. Deny the allegations set forth in paragraph "160" of the Complaint; to the extent paragraph "160" sets forth conclusions of law, no response is required.

161. Deny the allegations set forth in paragraph "161" of the Complaint; to the extent paragraph "161" sets forth conclusions of law, no response is required.

162. In response to the allegations set forth in paragraph "162" of the Complaint, defendants repeat and reallege the responses set forth in the preceding paragraphs of this answer, as if fully set forth herein.

163. Deny the allegations set forth in paragraph "163" of the Complaint; to the extent paragraph "163" sets forth conclusions of law, no response is required.

164. Deny the allegations set forth in paragraph "164" of the Complaint; to the extent paragraph "164" sets forth conclusions of law, no response is required.

165. Deny the allegations set forth in paragraph "165" of the Complaint; to the extent paragraph "165" sets forth conclusions of law, no response is required.

166. Deny the allegations set forth in paragraph "166" of the Complaint; to the extent paragraph "166" sets forth conclusions of law, no response is required.

**FIRST DEFENSE/AFFIRMATIVE DEFENSE:**

167. The Complaint fails to state a claim upon which relief can be granted.

**SECOND DEFENSE/AFFIRMATIVE DEFENSE:**

168. Any injury alleged to have been sustained resulted from plaintiffs' own culpable or negligent conduct or the culpable and/or the negligent conduct of others for whom the City of New York is not responsible, and was not the proximate result of any act

of the Defendants because they, *inter alia,* obstructed traffic and governmental administration.

### THIRD DEFENSE/AFFIRMATIVE DEFENSE:

169.    The Defendants did not violate any clearly established constitutional or statutory right of which a reasonable person would have known and, therefore, are protected by qualified immunity.

### FOURTH DEFENSE/AFFIRMATIVE DEFENSE:

170.    The Defendants have not violated any rights, privileges or immunities under the Constitution or laws of the United States or the State of New York or any political subdivision thereof, nor have Defendants violated any act of Congress providing for the protection of civil rights.

### FIFTH DEFENSE/AFFIRMATIVE DEFENSE:

171.    To the extent any force was used, such force was reasonable, justified, and necessary to accomplish official duties and to protect the officers' own physical safety and the safety of others.

### SIXTH DEFENSE/AFFIRMATIVE DEFENSE:

172.    Punitive damages cannot be assessed against defendant City.

### SEVENTH DEFENSE/AFFIRMATIVE DEFENSE:

173.    Plaintiffs have failed to state a claim under <u>Monell v. Dep't of Social Services,</u> 436 U.S. 658 (1978).

## EIGHTH DEFENSE/AFFIRMATIVE DEFENSE:

174.    At all times relevant to the acts alleged in the Complaint, the Defendants acted reasonably in the proper and lawful exercise of their discretion. Therefore, they are entitled to immunity on any state law claims.

## NINTH DEFENSE/AFFIRMATIVE DEFENSE:

175.    At all times relevant to the acts alleged in the Complaint, the duties and functions of the municipal defendant officials entailed the reasonable exercise of proper and lawful discretion. Therefore, defendant City is entitled to governmental immunity from liability under New York common law.

## TENTH DEFENSE/AFFIRMATIVE DEFENSE:

176.    Any claims arising under New York State law may be barred, in whole or in part, by reason of plaintiffs' failure to comply with the requirements of the N.Y. GEN. MUN. LAW § 50-(e), (h) and/or (i).

## ELEVENTH DEFENSE/AFFIRMATIVE DEFENSE:

177.    Plaintiffs' claims may be barred, in whole or in part, by their own contributory and comparative negligence and by assumption of risk because they, *inter alia*, obstructed traffic and governmental administration.

## TWELFTH DEFENSE/AFFIRMATIVE DEFENSE:

178.    There was probable cause for plaintiffs' arrest, detention and prosecution because plaintiffs, *inter alia*, obstructed traffic and governmental administration.

**WHEREFORE,** Defendants City of New York, Albergo, Echavarria, Suazo, Rubino, Beiro, Livingston, Amaya, Castillo, Noto, Blake, Solorzano, and Schutz demand

judgment dismissing the Complaint in its entirety, together with the costs and disbursements of

this action, and such other and further relief as the Court may deem just and proper.

Dated:      New York, New York
            February 26, 2025

                              MURIEL GOODE-TRUFANT
                              Corporation Counsel of the City of New York
                              *Attorney for Defendants City of New York, Albergo,*
                              *Echavarria, Suazo, Rubino, Beiro, Livingston,*
                              *Amaya, Castillo, Noto, Blake, Solorzano, and Schutz*
                              100 Church Street,
                              New York, New York 10007
                              (212) 356-2413
                              jhiraoka@law.nyc.gov

                              By:     *Joseph M. Hiraoka, Jr. s/*
                                      Joseph M. Hiraoka, Jr.
                                      Senior Counsel
                                      Special Federal Litigation Division

cc:     **BY ECF**
        All Counsel