

**Muriel Goode-Trufant**
*Corporation Counsel*

THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK , NEW YORK 10007

Yini Zhang
Senior Counsel
yinzhan@law.nyc.gov
Phone: (212) 356-3541

August 8, 2025

**BY ECF**
Honorable Jennifer L. Rochon
United States District Judge
Southern District of New York
500 Pearl Street
New York, NY 10007

       Re: <u>Anees Hasnain and Luis Mejia v. City of New York, et al.</u>
           24-CV-6221 (JLR)

Your Honor:

      I am a Senior Counsel in the Office of Muriel Goode-Trufant, Corporation Counsel of the City of New York, representing defendants City of New York, Nicholas Albergo, Allyson Echavarria, Gianfranco Rubino, Robert Livingston, Angel Amaya, Jason Castillo, Nicholas Noto, Nicholas Blake, Johnny Solorzano, Diana Schutz, Freddy Suazo, and Benjamin Beiro (hereinafter "defendants") in the above referenced matter. The parties respectfully submit the following in advance of the initial conference currently scheduled for August 19, 2025 at 12:00 P.M. pursuant to the Court's Individual Rules.

**(1) A brief statement of the nature of the action and the principal defenses, and the major legal and factual issues that are most important to resolving the case, whether by trial, settlement, or dispositive motion.**

      **a. Plaintiffs' Statement**

      Plaintiffs allege that this case stems from the NYPD's violent response to public demonstrations advocating for racial justice after the police murder of George Floyd in Minneapolis, Minnesota in May of 2020. On September 13, 2021, Plaintiffs Hasnain and Mejia were participating in a Black Lives Matter protest outside the Met Gala. Plaintiff Mejia's claims were settled at mediation, and Ms. Hasnain is the only remaining plaintiff. Ms. Hasnain alleges that an NYPD member approached her and began violently grabbing at her head before other NYPD members grabbed her and slammed her to the ground. Ms. Hasnain lost consciousness and sustained a concussion. Plaintiff Hasnain alleges that NYPD members then handcuffed Ms. Hasnain with excessively tight cuffs, arrested her, brought her to a centralized arrest processing location specifically for protesters, and eventually issued her 2 summonses upon release from custody. The officer did not file the summons and Ms. Hasnain was not required

to return to court. Plaintiff Hasnain alleges that the above amounts to claims under Section 1983, specifically: false arrest, denial of fair trial rights, excessive force, First Amendment retaliation, *Monell* liability; as well as related violations of the New York State constitution.

### b. Defendants' Statement

Defendants submit that there was probable cause to arrest plaintiffs for, *inter alia*, disorderly conduct, pursuant to New York Penal Law sections 240.20(5) and 240.20(6). The body-worn camera footage clearly shows NYPD officers utilizing a long-range audio device ("LRAD") to inform protestors they were in the roadway, obstructing traffic, and would be arrested if they failed to disperse. The same body-worn camera footage further shows plaintiffs on the roadway after the orders to disperse, providing probable cause for their arrests. As to the excessive force claims, any force used to detain and handcuff plaintiffs was reasonable, as plaintiffs refused to be handcuffed. As to plaintiffs' denial of the right to fair trial claim, there is no evidence that defendants fabricated evidence against the plaintiffs, and most of the conduct in question was captured by body-worn cameras. Plaintiffs' state law claims fail for substantially the same reasons as above. Additionally, upon information and belief, plaintiffs failed to comply with the requirements of N.Y. Gen. Mun. Law Section 50-(e).

**(2) A brief explanation of why jurisdiction and venue lie in this Court.**

This Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367, and 42 U.S.C. § 1983. Venue is proper pursuant to 28 U.S.C. § 1391, et seq., in the Southern District of New York, where plaintiffs and defendant City of New York reside, and where the majority of the actions complained of herein occurred.

**(3) A statement of all existing deadlines, due dates, and/or cut-off dates.**

There are no existing deadlines, due dates, and/or cut-off dates at this time.

**(4) A brief description of any outstanding motions.**

There are no currently outstanding motions from the parties at this time.

**(5) A brief description of any discovery that has already taken place and of any discovery that is necessary for the parties to engage in meaningful settlement negotiations.**

The parties have exchanged pre-answer discovery to identify Doe defendants, Initial Disclosures and Limited Plan discovery pursuant to Local Civil Rule 83.10. The parties do not believe that there is any outstanding discovery that is necessary for the parties to engage in settlement negotiations. However, the parties are aware of their discovery obligations and will continue to supplement their disclosures as necessary.

**(6) A brief description of the status of prior settlement discussions, without disclosing exact offers and demands.**

      Although mediation was unsuccessful as to Plaintiff Hasnain, the parties were able to resolve Plaintiff Luis Mejia's claims through settlement afterward. As to Plaintiff Anees Hasnain, defendants made a Rule 68 Offer of Judgment on July 18, 2025, which was not accepted.

**(7) A statement confirming that the parties have discussed the use of alternate dispute resolution mechanisms and indicating whether the parties believe that (a) a settlement conference before a Magistrate Judge; (b) participation in the District's Mediation Program; and/or (c) retention of a privately retained mediator would be appropriate and, if so, when in the case (e.g., within the next sixty days; after the deposition of plaintiff is completed; after the close of fact discovery; etc.) the use of such a mechanism would be appropriate.**

      The parties have discussed the use of alternate dispute resolution mechanisms. As stated above, the parties have already engaged in the Mediation Program and a mediation session was held on July 2, 2025. The parties will notify the Court promptly if the parties seek a settlement conference before a Magistrate Judge.

**(8) Any other information that the parties believe may assist the Court in advancing the case to settlement or trial, including, but not limited to, a description of any dispositive issue or novel issue raised by the case.**

      Defendants will move to bifurcate discovery relating to plaintiffs' *Monell* claims.

      Plaintiff will oppose the motion to bifurcate discovery.

      Thank you for your consideration herein.

      Respectfully submitted,

      /s/ *Yini Zhang*

      Yini Zhang
      Senior Counsel
      Special Federal Litigation Division

cc:    Counsels of Record (by ECF)