

March 16, 2026

Hon.  Jennifer L. Rochon, U.S.D.J.
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

By Electronic Filing.

     Re:     <u>Hasnain v. City of New York, et al.</u>, 24-cv-06221 (JLR)

Dear Judge Rochon:

     I am co-counsel for Plaintiff Anees Hasnain in this matter.  I write, essentially on behalf of Defendants (for reasons explained below), to ask for a brief stay with Plaintiff's consent.  The parties are cognizant of the directions the Court gave after the last conference that the parties "should not expect future extensions to discovery" (ECF No. 62) but the parties agree this request based on what they believe is good cause — and have made it early and with the goal of hewing as close as possible to the prior plan.

     Defendants seek, with Plaintiff's consent, a 30-day stay of discovery and a corresponding extension to all previously entered case deadlines.  The reason is that Defendants' previous lead counsel has taken an extended medical leave, and no other attorney in the Corporation Counsel's office is up to speed or has an appearance in on this case.  Accordingly, Plaintiff is filing this letter at Defendants' request, and given the deadlines and background.  Plaintiff learned of this leave for the first time on Friday around 5:30 p.m., with the understanding that the leave was in effect at that time and a new ACC was in the process of being assigned.

     By way of additional background, as discussed at the last conference, Defendants had not served discovery responses as of the February 18, 2026 conference, though they were due in January 2026.  The parties also agreed with the Court that depositions needed to be scheduled immediately — to begin in the middle of March at the latest (e.g., now), and Plaintiff sent notices of those depositions on March 2, 2026.

     Plaintiff followed on written discovery between the conference and early March, including promising a motion.  Responses were eventually served on March 6, 2026.  However, those responses (1) did not produce any documents (though some documents had been produced as part of the 1983 Plan limited disclosures); (2) did not (in Plaintiff's view) comply with the 2015 Amendments in that they did not state whether documents were being withheld in response to specific requests and if so, why; and (3) asserted there was no confidentiality order in place as a basis to withhold disciplinary records (there is such an order, since this is a 1983 Plan case).  Plaintiff asked to confer on a motion to compel the same day (March 6).  The parties scheduled a meet and confer that was held on March



9.  At that meeting, Defendants said the NYPD had been asked for documents, and a production was going to be made on a rolling basis through March 13 — and Defendants agreed to either amend their responses or agree there was an impasse allowing a motion on the 2015 Amendments issue by the same date.  Friday March 13, 2026 was also the first deposition Plaintiffs noticed, and Defendants asked to reschedule it, while committing to confirm officers to be produced at the subsequent deposition dates.

As of today, however, no rolling production has started, there have been no amended formal responses, the depositions noticed for last Friday and today did not take place, and the parties have not been able to confirm other depositions.  And given the medical leave, we understand from Defendants it will take some time for new counsel to get up to speed in order to address the pending issues.

Accordingly, Defendants have asked Plaintiff to ask the Court for a 30-day stay, to allow new counsel to get up to speed.  The parties plan to use that time — if granted — to schedule meet and confers on the outstanding issues described above, so that when it expires, the parties will be where they had planned to be as of today (e.g., productions will have been made, any motions will be already filed, and depositions will be on the calendar and perhaps one or two will have taken place).  If the Court grants this motion, I will prepare a new proposed case management plan with opposing counsel once new counsel has appeared, and submit it as soon thereafter as possible.

As always, I thank the Court for its time and attention.

Respectfully submitted,

/s/
_____

J. Remy Green
*Honorific/Pronouns: Mx., they/their/them*
**Cohen&Green P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by ECF.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com