UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X

ANEES HASNAIN,

                                          Plaintiff,

                -against-

THE CITY OF NEW YORK, *et al.*,

                                    Defendants.
------------------------------------------------------------------------X

**PLAINTIFF'S FIRST SET
OF INTERROGATORIES
AND DOCUMENT
REQUESTS**

**24-cv-06221 (JLR)**

**PLAINTIFF'S FIRST SET OF INTERROGATORIES AND DOCUMENT REQUESTS**

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure ("Federal Rules") and Local Rules 26.2 and 26.3 of this Court ("Local Rule" or "Local Rules"), Plaintiff hereby requests that Defendants serve upon the undersigned sworn written answers to each of the interrogatories set forth below and produce for inspection and copying the documents requested below to the attention of  Regina Yu, Cohen & Green PLLC, 1639 Centre St. Suite 216, Ridgewood, NY 11385, within 30 days after service hereof.

These interrogatories are continuing. If at any time after service of answers hereto, and prior to the trial of this action, Defendants obtain or become aware of additional information pertaining to any of these interrogatories, the disclosure of which may be required pursuant to Rule 26(e) of the Federal Rules, Defendants shall, within 30 days, and in no event later than five days before trial, serve upon the undersigned supplemental sworn written answers setting forth such additional information.

**INSTRUCTIONS**

1.      Furnish all information available to you, including information in the possession, custody, or control of your attorneys, accountants, investigators, experts, representatives, or other agents.

2.      If you claim any ambiguity, vagueness, or overbreadth in interpreting an interrogatory or any applicable definition or instruction, respond to the portion you deem appropriately specific and broad, and set forth in a part of your written response the specific language you deem to be vague or ambiguous or overbroad.

3.      If the answer to all or any part of an interrogatory is not presently known or available, include a statement to that effect and furnish any information currently known or available and a description of the source of information that was once known or available which could have been used to respond to the interrogatory.

4.      For each person identified who is a New York City Police Department ("NYPD") employee or agent, set forth separately their true, full and correct name, shield number, title on the date of the Incident, command on the date of the Incident, current command, business and home addresses, telephone numbers, and email address(es).

5.      For each person identified who is not an NYPD agent, please provide that person's full name, business and home addresses, telephone numbers, and emails.

6.      Produce all documents described, in their entirety, along with any attachments, drafts, and non-identical copies.

7.      If any responsive document has been lost, destroyed, or is otherwise unavailable, provide:

    a.  The name(s) and title(s) of the person(s) who searched for the document.

b.  A statement of the specific efforts made by that person to locate the document, and the locations searched.

c.  A statement upon actual knowledge, or upon information and belief ,concerning what happened to the document, or a statement that the person has no explanation for its non-existence.

d.  The specific expected chain of custody of the document from the time of its creation to its expected storage place. If the specific chain of custody is unknown, provide the customary chain of custody for a document of its type.

e.  If the document was destroyed, the date of destruction, as well as the relevant Retention Schedule, Records Disposition Request, and/or Record Disposal Application concerning the document.

8.      If you withhold any document(s) or information by reason of a claim of privilege, state with specificity the information required by Local Civil Rule 26.2. Assertions of privilege made without an appropriately fulsome statement pursuant to Local Civil Rule 26.2 will be considered non-responsive.

9.      Pursuant to Fed. R. Civ. P. 33(b), the interrogatories must be answered by the party to whom they are directed (in the case of the City of New York, by any officer or agent of the City of New York); each interrogatory must be answered separately and fully in writing under oath; and the person who makes the answers must sign them.

10.      If any document responsive to a request exists in the form of a tape recording, video recording, or other electronic recording, it shall be preserved until the conclusion of the litigation. If a tape recording has not been transcribed, a copy of such tape or electronic recording shall be produced, subject to any state law or regulation barring access on grounds of security. If

3

the tape, video or electronic recording is not produced to Plaintiff, defense counsel shall retain the tape and make it available upon request. Any transcript shall be treated as any other responsive document.

## DEFINITIONS

1.     These definitions incorporate by reference the uniform definitions set forth in Local Civil Rule 26.3.

2.     "City" and "NYPD" are to be construed to include each other, such that a request for the names of certain NYPD employees, *e.g.*, should be construed to include employees of any agency of the City of New York.

3.     The "Individual Defendants" refers to the non-municipal Defendants (i.e., all of the Defendants except for Defendant City of New York).

4.     The "Incident" refers to the events described in the operative complaint in this matter, including, but not limited to, the events leading up to and including Plaintiff's arrest, detention, and release, as well as any subsequent prosecution.

5.     "Personal Knowledge" with respect to a condition, event, or fact is defined as knowledge derived from first-hand observation of or other direct knowledge of the condition, event, or fact.

6.      "Personal Knowledge" with respect to the actions or conduct of a particular person is defined as first-hand observation of that person, as distinguished from (a) first-hand observation of a group of persons in or around the person's general vicinity, and (b) information relayed by another member of the NYPD or any other third party.

7.     "Investigation" means "police activity undertaken to obtain information or intelligence."

4

**INTERROGATORIES**

1.      Identify each person who has Personal Knowledge regarding Plaintiff's conduct on September 13, 2021 leading up to Plaintiff's arrest, including, but not limited to, any such conduct that any Defendant claims gave rise to, or contributed to, probable cause or justification to use force on, arrest, or prosecute Plaintiff.

2.      Identify each person who was within 30' of Plaintiff at the time of her arrest on September 13, 2021.

3.      Identify each law, statute, code provision, order, regulation, or other ground that any Defendant claims gave rise to, or contributed to, probable cause to arrest or prosecute Plaintiff.

4.      Identify each person who determined, or participated in the determination, that Plaintiff should be arrested.

5.      Identify each person who used physical force in any manner on Plaintiff on September 13, 2021 prior to or in connection with Plaintiff's arrest.

6.      Identify each person who placed Plaintiff in handcuffs.

7.      Identify each person who assisted in placing Plaintiff in handcuffs.

8.      Identify each person who decided, or participated in deciding, whether Plaintiff would be processed for release with a C-Summons or Desk Appearance Ticket, or as a "live" arrest for arraignment.

9.      Identify each person who has Personal Knowledge related to Plaintiff's detention from arrest to release, including, but not limited to, each step of Plaintiff's arrest processing.

10.     Identify each NYPD agent who assisted in or supervised the Individual Defendants' creation of arrest processing documents related to the Incident, including, but not

limited to, Activity Log/Memo Book entries, Online Booking System Arrest Report ("OLBS")

Reports, Property Voucher(s), C-Summons and related investigation documents, and all other

arrest processing documents.

11.    Identify each statement (including, but not limited to, communications such as e-

mails, text messages, and social media posts and messages) made by each Individual Defendant

regarding Plaintiff or the Incident between September 13, 2021 and the present, and all

documents regarding or reflecting such communications.

12.    Identify all other documents (including, but not limited to, communications such

as e-mails, text messages, and social media posts and messages) regarding Plaintiff or the

Incident between September 13, 2021 and the present.

13.    Identify by caption, venue, and docket number each legal proceeding in which an

Individual Defendant was alleged to have engaged in abuse of their lawful authority, false

swearing, or violation of any federal or state constitutional right or criminal law.

14.    Identify all documents documenting or related to any injuries received by Plaintiff

and/or the Individual Defendants related to the Incident, including, but not limited to, any Threat,

Resistance, and Injury ("TRI") reports, NYPD AIDED Reports, Medical Treatment of Prisoner

forms, Ambulance Call Report ("ACR") documents, medical records, photographs, diagnostic

imaging or other testing, and Line of Duty ("LOD") injury-related paperwork.

15.    Identify all documents related to the NYPD's knowledge, planning, and/or

preparation for the protest described in the operative complaint in this matter, including, but not

limited to, all such documents that reflect any Individual Defendant's role.

16.     For each Individual Defendant who was involved in processing Plaintiff's arrest, identify each NYPD agent with whom that Individual Defendant consulted in creating arrest processing paperwork related to the Protest.

17.     For each Individual Defendant who consulted with a NYPD Legal Bureau attorney in connection with Plaintiff's arrest, arrest processing, or prosecution, identify each such NYPD Legal Bureau attorney.

18.     For each Individual Defendant who communicated with Office of the District Attorney of New York County ("DANY") regarding Plaintiff or the Incident between September 13, 2021 and the present, identify each such communication and all documents regarding or reflecting each such communication.

19.     If any Individual Defendant claims to have been physically injured in the Incident and is relying on the injury as a defense to the action, identify all records and claims of injury and all records of medical treatment provided to that Individual Defendant in connection with such injury.

20.     Identify all documents concerning any employment-related proceeding, whether administrative, civil, or criminal, in which any Individual Defendant was formally counseled, disciplined, punished, or criminally prosecuted, or otherwise made the subject of remedial action in connection with having failed to make a report or having made a false statement of any kind,

21.     Identify all documents concerning any employment-related proceeding, whether administrative, civil, or criminal, in which any Individual Defendant was formally counseled, disciplined, punished, or criminally prosecuted, or otherwise made the subject of remedial action in connection with use of force.

## DOCUMENT REQUESTS

1.      Produce all documents identified or consulted in responding to the interrogatories above.

2.      Produce all videos related to Plaintiff's arrest or to the Incident, including, but not limited to, all:

   a. NYPD body-worn camera footage, including, but not limited to, such footage from each Individual NYPD Defendant and every NYPD member within 30' of each Individual NYPD Defendant who created such footage related to the Incident, along with all related audit trails and metadata;

   b. "ARGUS" footage;

   c. New York City Department of Transportation ("NYCDOT") footage; and

   d. All other video footage in Defendants' care, custody, or control.

3.      Produce all photographs related to the Incident depicting Plaintiff or an Individual Defendant or created in connection with or that relates to or concerns Plaintiff's arrest, pre-arrest conduct, arrest processing, or prosecution, or any injuries sustained by Plaintiff or any Individual Defendant, including, but not limited to, all:

   a. Arrest photographs, whether taken at the scene of the arrest or other NYPD location, or otherwise;

   b. Prisoner movement slips; and

   c. All other photographs.

4.      Produce all recorded (including NYPD) communications related to Plaintiff's arrest or any other aspect of the Incident, including, but not limited to:

   a. 911 calls related to the Incident, and all documents related to responses thereto;

   b. 311 calls related to the Incident, and all documents related to responses thereto;

   c.   Internal NYPD communications on Citywide and other dedicated NYPD channels related to the Incident; and

   d.   Texts, e-mails, and other digitally recorded communications related to Plaintiff or the Incident.

5.     Produce all SPRINT reports related to the Incident.

6.     Produce all Event Chronologies and Event Summaries related to the Incident.

7.     Produce all ICAD Chronologies and reports related to the Incident.

8.     Produce documents sufficient to interpret any NYPD codes included in any SPRINT reports, ICAD chronologies and reports, and event chronologies, including, but not limited to, any NYPD or other agency training manuals related to using and understanding such reports, such as user manuals or training materials related to the "I/NETDispatcher system."

9.     Produce all documents that include statements or communications made by each Individual Defendant or any other person related to Plaintiff's arrest or any other aspect of the Incident, including, but not limited to, all scratch and other NYPD arrest processing paperwork, phone call logs and recordings, and all e-mails, text messages, social media posts, and/or direct messages.

10.    Produce all other documents regarding or reflecting internal NYPD communications related to the Incident, including, but not limited to, all phone call logs and recordings, and all e-mails, text messages, social media posts, and/or direct messages.

11.    For each Individual Defendant, produce all documents provided by or on behalf of that Individual Defendant to any prosecutor or court related to the Incident.

12.    Produce all other documents related to or reflecting communications between a prosecutor or court and an Individual Defendant related to Plaintiff's prosecution.

13.    Produce all other documents created related to Plaintiff's arrest, detention, or prosecution, including, but not limited to, all copies of Activity Log/Memo Book entries, Online Booking System Arrest Report ("OLBS") Reports, C-Summons and related investigation documents, and all other documents created related to Plaintiff's arrest or arrest processing.

14.    Produce a complete copy of all Command Log entries related to Plaintiff or the Incident.

15.    Produce NYPD records reflecting the seizure and disposition of any property seized from Plaintiff and/or related to the Incident, including, but not limited to, any Produce all Property Clerk Invoices (PD 521-141) and other NYPD Property and Evidence Tracking System ("PETS") documents.

16.    Produce the Online Prisoner Arraignment ("OLPA") Report regarding Plaintiff's arrest and detention related to the Incident.

17.    Produce all documents reflecting or related to any uses of force on Plaintiff related to the Incident, including, but not limited to, any Threat, Resistance, and Injury ("TRI") reports.

18.    Produce all AIDED reports related to the Incident and any injuries sustained by Plaintiff or any of the Individual Defendants related to the Incident.

19.    Produce all Ambulance Call Report ("ACR") documents related to the Incident and any injuries sustained by Plaintiff or any of the Individual Defendants related to the Incident.

20.    Produce all medical records related to the Incident and any injuries sustained by Plaintiff or any of the Individual Defendants related to the Incident.

22.    Produce all records related to any Line of Duty ("LOD") injuries received by the Individual Defendants related to the Incident.

23.  Produce all other documents documenting or related to any injuries received by Plaintiff and/or the Individual Defendants related to the Incident.

21.  Produce all documents reflecting or related to any decisions by a prosecutor or court to decline to prosecute, or to dismiss, any potential charges against Plaintiff, including, but not limited to, any communications regarding any such decision.

22.  Produce all demands for preservation or litigation holds received or created by the NYPD related to the Incident, including, but not limited to, any such demands or holds created by the NYPD's Legal Bureau.

23.  Produce all documents concerning any NYPD Civilian Complaint Review Board ("CCRB") complaint or investigation concerning the Incident, including, but not limited to, all such documents within the CCRB's care, custody, or control, including, but not limited to, the CCRB Complaint Report; CTS+ Logs; Closing Report; and all notes, underlying documents, and communications, including e-mails, related to each such complaint or investigation.

24.  Produce all documents concerning each NYPD Internal Affairs Bureau ("IAB") complaint or investigation concerning the Incident, including, but not limited to, all recordings of witness interviews or statements, and transcripts thereof, and all notes, Internal Case Management System ("ICMS") worksheets, logs, and attachments, and all underlying documents and communications, including e-mails, related to each such complaint or investigation.

25.  Produce all other documents related to any discipline recommended and/or ultimately imposed related to the Incident, including, but not limited to, all e-mails and other communications related to any Command Discipline recommended and imposed.

26.  Produce all documents concerning each Department of Investigation ("DOI") complaint or investigation concerning the Incident, including, but not limited to, all recordings of

witness interviews or statements, and transcripts thereof, all notes, logs, and attachments, and all underlying documents and communications, including e-mails, related to each such complaint or investigation.

27.    Produce all documents concerning any other complaint received, or investigation or prosecution, whether actual or potential, concerning the Incident undertaken by the City of New York or any of its agencies.

28.    Produce all documents concerning any other complaint received, or investigation or prosecution – actual or potential - concerning the Incident undertaken by any County, State, Federal, or other entity, including, but not limited to, DANY.

29.    Produce each Individual NYPD Defendant's NYPD Academy transcript.

30.    Produce each Individual NYPD Defendant's current NYPD Personnel Profile Report – All History.

31.    Produce each Individual NYPD Defendant's current NYPD Central Personnel Index ("CPI") report.

32.    Produce each Individual NYPD Defendant's current NYPD IAB resume and all related NYPD documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation, whether created within the NYPD's IAB or otherwise.

33.    Produce each Individual NYPD Defendant's current CCRB history and all underlying CCRB documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation.

34.    Produce all documents concerning internal police disciplinary action, letters in the personnel file, command discipline A or B, charges and specifications, transfers, and/or warnings

and admonishment against any of the Individual NYPD Defendants, including, but not limited to, any GO-15 statements.

35.    Produce each Individual NYPD Defendant's complete NYPD personnel file.

36.    Produce all documents reflecting any early intervention monitoring or force monitoring or NYPD or external monitoring any Individual NYPD Defendant has been subjected to during their time as a NYPD member.

37.    Produce all Risk Assessment Information Liability System ("RAILS") documents related to each Individual NYPD Defendant.

38.    Produce any notices of claim, 50-h transcripts and exhibits, pleadings, discovery requests and responses, deposition transcripts and exhibits, settlement agreements, and judgments from each civil lawsuit against each Individual Defendant.

39.    Produce any criminal court complaints, documents reflecting the dates or events at court proceedings, transcripts of testimony or proceedings, certificates or other proof of disposition, related to each criminal proceeding against each Individual Defendant.

40.    Produce all documents reflecting the training each Individual Defendant received, whether at the NYPD Academy or afterward, prior to September 13, 2021, whether at the NYPD Academy or afterward, whomever and wherever from, including, but not limited to, any command-level, in-service, executive level, or other training, related to the following topics:

    a.  probable cause to detain, arrest, and/or prosecute for committing any violation of the law that any Defendant claims formed the basis for probable cause to detain, arrest or prosecute Plaintiff;

    b.  uses of force;

c.  use of force reporting, including, but not limited to, the creation and use of Threat, Resistance, and Injury ("TRI") reports;

d.  de-escalation;

e.  First Amendment and related rights to critique law enforcement and police responses thereto;

f.  police retaliation in violation First Amendment rights, including, but not limited to, what constitutes such retaliation, and any prohibitions on such retaliation.

41.  Produce all documents reflecting the substance of the training each Individual NYPD Defendant received, if any, whether at the NYPD Academy or afterward, whomever and wherever from, including, but not limited to, any command-level, in-service, executive level, or other training, related to the topics in Document Request No. 40.

42.  Produce all documents reflecting the NYPD's practices and policies that were in effect between 2020 and the present, related to the topics in Document Request No. 40, including, but not limited to, any related NYPD Patrol Guide and Administrative Guide provisions, and any related NYPD Legal Bureau or other guidance.

43.  Produce all documents released by the NYPD, the CCRB, the Office of the Comptroller, or any other City agency pursuant to the Freedom of Information Law regarding the Incident.

44.  Produce all documents received by defense counsel related to Plaintiff or the Incident pursuant to subpoena or to Plaintiff's authorization or Freedom of Information Law request or otherwise, along with copies of the request(s) made by the Law Department for such documents and any related correspondence.

14

45. Produce all documents any Defendant intends to use at any deposition in this case, including for impeachment purposes.

46. Produce all documents any Defendant intends to use at the time of trial, including for impeachment purposes.

47. Produce all documents related to or reflecting requests by any Individual Defendant for representation and the City's responses thereto.

48. Produce all documents related to or reflecting whether any Individual Defendant was acting under color of law and/or within the scope of his duty and/or employment related to the Incident.

49. Produce all documents related to each Defendant's defenses.

50. Produce all other documents related to the Incident that are not otherwise requested, or disclosed in response to the requests, above.

Dated: Brooklyn, NY

September 18, 2025

**COHEN&GREEN P.L.L.C.**

/s/ Regina Yu

Regina Yu
1639 Centre Street, Suite 216
Ridgewood (Queens), NY 11385
t: (929) 888-9480
f: (929) 888-9457
regina@femmelaw.com

TO:   New York City Law Department
       100 Church Street
       New York, NY 10007

15