UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------- x

ANEES HASNAIN,

                                   Plaintiff,

             -against-

 THE CITY OF NEW YORK, et al.,

                               Defendants.

-------------------------------------------------------------------------- x

**DEFENDANTS'
RESPONSES AND
OBJECTIONS TO
PLAINTIFF'S FIRST
SET OF
INTERROGATORIES
AND DOCUMENT
REQUESTS**

24-cv-06221 (JLR)

Pursuant to Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, defendants City of New York, Nicholas Albergo, Allyson Echavarria, Gianfranco Rubino, Robert Livingston, Angel Amaya, Jason Castillo, Nicholas Noto, Nicholas Blake, Johnny Solorzano, Diana Schutz, Freddy Suazo, and Benjamin Beiro ("defendants") respond and object to plaintiff's First Set of Interrogatories and Document Requests as follows:

**GENERAL STATEMENT AND GENERAL OBJECTIONS**

1.      By responding to any request, defendants do not concede the materiality of the subject to which it refers. Defendants' responses are made expressly subject to, and without waiving or intending to waive, any questions, or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose, of any of the documents or information produced, or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

2.      Defendants object to this Interrogatory and Document Request to the extent that it demands documents and/or information which are protected by the attorney-client or work-product privilege, or which constitute material prepared for litigation purposes.

3.    Inadvertent production of any document or information which is privileged, was prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or any other document, or its subject matter, or the information contained therein, or of defendants' right to object to the use of any such document or the information contained therein during any proceeding in this litigation or otherwise.

4.    Defendants object in the entirety to any request for information or production from entities not represented by the Corporation Counsel of the City of New York.

5.    Defendants further object in the entirety to the interrogatories to the extent that they seek the home address of individuals identified by the defendants in response to the Interrogatories.

6.    With respect to the request for the production of documents, defendants will provide, under separate cover, a privilege index, if appropriate.

7.    Defendants will comply with their obligation to supplement pursuant to Federal Rules of Civil Procedure 26(e).

8.    Defendants are continuing to search for information responsive to plaintiff's requests and therefore reserve the right to supplement their response to each request with additional information, if and when such information becomes available to defendants' counsel. Defendants also reserve the right to object to the future disclosure of any such information.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Identify each person who has Personal Knowledge regarding Plaintiff's conduct on September 13, 2021 leading up to Plaintiff's arrest, including, but not limited to, any such conduct that any Defendant claims gave rise to, or contributed to, probable cause or justification to use force on, arrest, or prosecute Plaintiff.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 1:**

Defendants object to Interrogatory No. 1 on the grounds that the terms "Personal Knowledge" and "conduct," are vague and ambiguous. Defendants further object on the grounds that this interrogatory is overbroad as it seeks the identification of "each person who has Personal Knowledge." Defendants further object on the grounds that it implicates the privacy and security concerns of non-parties to this action and those not represented by the Office of Corporation Counsel, and to the extent that it implicates the sealing provisions of N.Y. C.P.L. § 160.50. Defendants also object to the extent that this request seeks information that is outside the scope of defendants' personal knowledge and/or seeks information that is equally if not more available to plaintiff. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to Interrogatory No. 1 to the extent that there is a more practical method of obtaining the information sought, such as depositions. Defendants further object to this interrogatory on the grounds that it is unduly burdensome, seeks information that is not proportional to the needs of this case as set forth in FRCP 26(b)(1), and to the extent that this request seeks information not relevant to the subject matter of the lawsuit or to plaintiff's claims or any defenses, such as for example names of individuals present but having no discoverable information in their possession.

Notwithstanding and without waiving or in any way limiting these specific objections, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the individuals identified in the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108.

**INTERROGATORY NO. 2:**

Identify each person who was within 30' of Plaintiff at the time of her arrest on September 13, 2021.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 2:**

Defendants object to Interrogatory No. 2 on the grounds that the term "within 30'" is vague and ambiguous. Defendants further object on the grounds that this interrogatory is overbroad as it seeks the identification of "each person who was within 30.'" Defendants further object on the grounds that it implicates the privacy and security concerns of non-parties to this action and those not represented by the Office of Corporation Counsel, and to the extent that it implicates the sealing provisions of N.Y. C.P.L. § 160.50. Defendants also object to the extent that this request seeks information that is outside the scope of defendants' personal knowledge and/or seeks information that is equally if not more available to plaintiff. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to Interrogatory No. 2 to the extent that there is a more practical method of obtaining the information sought, such as depositions. Defendants further object to this interrogatory on the grounds that it is unduly burdensome, seeks information that is not proportional to the needs of this case as set forth in FRCP 26(b)(1), and to the extent that this request seeks information not relevant to the subject matter of the lawsuit or to plaintiff's claims or any defenses, such as for example names of individuals present but having no discoverable information in their possession.

Notwithstanding and without waiving or in any way limiting these specific objections, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the individuals identified in the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108.

**INTERROGATORY NO. 3:**

Identify each law, statute, code provision, order, regulation, or other ground that any Defendant claims gave rise to, or contributed to, probable cause to arrest or prosecute Plaintiff.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 3:**

Defendants object to Interrogatory No. 3 on the grounds that it is overbroad, in that it seeks to identify "<u>each</u> law, statute, code provision, order, regulation, or <u>other</u> ground that any Defendant claims gave rise to, or contributed to, probable cause to arrest Plaintiff," and as such, is also not proportional to the needs of the case. Defendants further object to Interrogatory No. 3 to the extent that there is a more practical method of obtaining the information sought, such as depositions. Defendants further object to this request on the grounds that it calls for a legal conclusion, seeks information protected by work product privilege, and is a contention interrogatory.

Notwithstanding, and without waiving or, in any way, limiting these objections, defendants refer plaintiff to Summons No. 4447166320, and Summons No. 4447166334, bearing Bates stamp No. D_00001 – D_00003, D_00007 – D_00010.

**INTERROGATORY NO. 4:**

Identify each person who determined, or participated in the determination, that Plaintiff should be arrested.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 4:**

Defendants object to Interrogatory No. 4 on the grounds that it is a compound interrogatory, in that it seeks to identify "each person who determined that plaintiff should be arrested" and "each person who participated in the determination that plaintiff should be arrested," which are two distinct/discreet categories of information in a single request. Defendants also object on the grounds that it is vague and ambiguous as to the meaning of the terms "determined" and "participated in the determination." Defendants also object on the grounds that it is overbroad in that it seeks to identify "each person who determined or participated in the determination that Plaintiff should be arrested," and, as such, is not proportional to the needs of the case. Defendants further object to the extent that it seeks information that is protected by law enforcement, official information, attorney-client, and work product privileges. Defendants further object to the extent that there is a more practical method of obtaining the information sought, such as depositions.

Notwithstanding, and without waiving, or in any way limiting these specific objections, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the individuals identified in the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108.

**INTERROGATORY NO. 5:**

Identify each person who used physical force in any manner on Plaintiff on September 13, 2021 prior to or in connection with Plaintiff's arrest.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 5:**

Defendants object to Interrogatory No. 5 on the grounds that the terms "used physical force," "in any manner" and "in connection with" are vague and ambiguous. Defendants further object on the grounds that this interrogatory is overbroad as it seeks the identification of "each person who used physical force in any manner" prior to or in connection with plaintiff's

arrest. Defendants further object on the grounds that it implicates the privacy and security concerns of non-parties to this action and those not represented by the Office of Corporation Counsel, and to the extent that it implicates the sealing provisions of N.Y. C.P.L. § 160.50. Defendants also object to the extent that this request seeks information that is outside the scope of defendants' personal knowledge and/or seeks information that is equally if not more available to plaintiff. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to the extent that there is a more practical method of obtaining the information sought, such as depositions. Defendants further object to this interrogatory on the grounds that it is unduly burdensome, seeks information that is not proportional to the needs of this case as set forth in FRCP 26(b)(1), and to the extent that this request seeks information not relevant to the subject matter of the lawsuit or to plaintiff's claims or any defenses, such as for example names of individuals present but having no discoverable information in their possession.

Notwithstanding, and without waiving, or in any way limiting these specific objections, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the individuals identified in the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108.

**INTERROGATORY NO. 6:**

Identify each person who placed Plaintiff in handcuffs.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 6:**

Defendants object to Interrogatory No. 6 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object

to the extent that there is a more practical method of obtaining the information sought, such as depositions.

Notwithstanding and without waiving or in any way limiting these specific objections, and limiting their response to plaintiff's arrest on September 13, 2021, defendants state that defendants Rubino and Livingston placed handcuffs on plaintiff. Defendants further state that they are continuing to search for information responsive to this interrogatory and will supplement this response, if necessary.

**INTERROGATORY NO. 7:**

Identify each person who assisted in placing Plaintiff in handcuffs.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 7:**

Defendants object to Interrogatory No. 7 on the grounds that the terms "assisted" is vague and ambiguous. Defendants further object on the grounds that this interrogatory is overbroad as it seeks the identification of "each person" who "assisted" in handcuffing plaintiff. Defendants further object on the grounds that it implicates the privacy and security concerns of non-parties to this action and those not represented by the Office of Corporation Counsel, and to the extent that it implicates the sealing provisions of N.Y. C.P.L. § 160.50. Defendants also object to the extent that this request seeks information that is outside the scope of defendants' personal knowledge and/or seeks information that is equally if not more available to plaintiff. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to Interrogatory No. 7 to the extent that there is a more practical method of obtaining the information sought, such as depositions. Defendants further object to this interrogatory on the grounds that it is unduly burdensome, seeks information that is not proportional to the needs of this case as set forth in FRCP 26(b)(1), and to the extent that this

8

request seeks information not relevant to the subject matter of the lawsuit or to plaintiff's claims or any defenses.

Notwithstanding and without waiving or in any way limiting these specific objections, defendants state they are continuing to search for information responsive to this interrogatory and will supplement this response if appropriate.

**INTERROGATORY NO. 8:**

Identify each person who decided, or participated in deciding, whether Plaintiff would be processed for release with a C-Summons or Desk Appearance Ticket, or as a "live" arrest for arraignment.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 8:**

See Objection and Response to Interrogatory No. 4. Defendants further object to Interrogatory No. 8 on the grounds that it is a compound interrogatory, in that it seeks to identify each person who decided how plaintiff's arrest should be processed and each person who participated in deciding how plaintiff's arrest should be processed, which are two distinct/discreet categories of information in a single request. Defendants also object on the grounds that it is vague and ambiguous as to the meaning of the terms "decided" and "participated in deciding." Defendants also object on the grounds that it is overbroad in that it seeks to identify "each person who decided or participated in deciding" in plaintiff's arrest processing and, as such, is not proportional to the needs of the case. Defendants further object to Interrogatory No. 7 to the extent that there is a more practical method of obtaining the information sought, such as depositions. Defendants further object to this interrogatory on the grounds that it is unduly burdensome, seeks information that is not proportional to the needs of this case as set forth in FRCP 26(b)(1), and to the extent that this request seeks information not relevant to the subject matter of the lawsuit or to

9

plaintiff's claims or any defenses. Defendants state that in light of these objections, no further response will be provided at this time.

**INTERROGATORY NO. 9:**

Identify each person who has Personal Knowledge related to Plaintiff's detention from arrest to release, including, but not limited to, each step of Plaintiff's arrest processing.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 9:**

See Objections and Responses to Interrogatory No. 1. Defendants object to Interrogatory No. 9 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to Interrogatory No. 13 to the extent that there is a more practical method of obtaining the information sought, such as depositions. Defendants further object to this interrogatory on the grounds that it is unduly burdensome, seeks information that is not proportional to the needs of this case as set forth in FRCP 26(b)(1), and to the extent that this request seeks information not relevant to the subject matter of the lawsuit or to plaintiff's claims or any defenses.

Notwithstanding, and without waiving, or in any way limiting these specific objections, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the individuals identified in the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108.

**INTERROGATORY NO. 10:**

Identify each NYPD agent who assisted in or supervised the Individual Defendants' creation of arrest processing documents related to the Incident, including, but not limited to, Activity Log/Memo Book entries, Online Booking System Arrest Report ("OLBS") Reports, Property

Voucher(s), C-Summons and related investigation documents, and all other arrest processing documents.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 10:**

See Objection and Responses to Interrogatory Nos. 1 and 9. Defendants further object to Interrogatory No. 10 on the grounds that it is a compound interrogatory, in that it seeks to identify each "NYPD agent" who assisted in the creation of arrest processing paperwork and each "NYPD agent" who supervised the creation of arrest processing paperwork which are two distinct/discreet categories of information in a single request. Defendants further object on the grounds that it is vague and ambiguous as to the meaning of the terms "NYPD agent," "assisted," and "supervised." Defendants further object on the grounds that it is overbroad in that it seeks to identify "each NYPD agent who 'assisted' in or 'supervised' the creation of arrest processing paperwork," as such, is not proportional to the needs of the case.

Notwithstanding, and without waiving, or in any way limiting these specific objections, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the individuals identified in the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108.

**INTERROGATORY NO. 11:**

Identify each statement (including, but not limited to, communications such as e-mails, text messages, and social media posts and messages) made by each Individual Defendant regarding Plaintiff or the Incident between September 13, 2021 and the present, and all documents regarding or reflecting such communications.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 11:**

Defendants object to Interrogatory No. 11 on the grounds that the terms "statement," "regarding" and "reflecting" are vague and ambiguous. Defendants further object on

11

the grounds that this interrogatory is overbroad as it seeks the identification of statements "regarding or reflecting such communications." Defendants further object to Interrogatory No. 11 on the grounds that it is a compound interrogatory, in that it seeks to identify "each statement" made by the defendants regarding plaintiff and "each statement" made by the defendants regarding "the Incident," which are two distinct/discreet categories of information in a single request. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to Interrogatory No. 11 to the extent that there is a more practical method of obtaining the information sought, such as depositions. Defendants further object to this interrogatory on the grounds that it is unduly burdensome, seeks information that is not proportional to the needs of this case as set forth in FRCP 26(b)(1), and to the extent that this request seeks information not relevant to the subject matter of the lawsuit or to plaintiff's claims or any defenses.

Notwithstanding, and without waiving, or in any way limiting these specific objections, defendants refer plaintiff to defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108.

**INTERROGATORY NO. 12:**

Identify all other documents (including, but not limited to, communications such as e-mails, text messages, and social media posts and messages) regarding Plaintiff or the Incident between September 13, 2021 and the present.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 12:**

See Objection and Responses to Interrogatory No. 11. Defendants further object on the grounds that it is vague and ambiguous as to the meaning of the terms "all other documents," "regarding Plaintiff," and "the Incident." Defendants further object on the grounds that it is

overbroad in that it seeks to identify "all other documents" without limitation beyond parties or those involved in the arrest or incident, and, as such, is not proportional to the needs of the case. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object on the grounds that it implicates the privacy and security concerns of non-parties to this action and those not represented by the Office of Corporation Counsel, and to the extent that it implicates the sealing provisions of N.Y. C.P.L. § 160.50. Defendants also object to the extent that this request seeks information that is outside the scope of defendants' personal knowledge and/or seeks information that is equally if not more available to plaintiff. Defendants further object to Interrogatory No. 12 to the extent that there is a more practical method of obtaining the information sought, such as depositions. Defendants further object to this interrogatory on the grounds that it is unduly burdensome, seeks information that is not proportional to the needs of this case as set forth in FRCP 26(b)(1), and to the extent that this request seeks information not relevant to the subject matter of the lawsuit or to plaintiff's claims or any defenses.

Notwithstanding, and without waiving, or in any way limiting these specific objections, defendants refer plaintiff to defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108.

**INTERROGATORY NO. 13:**

Identify by caption, venue, and docket number each legal proceeding in which an Individual Defendant was alleged to have engaged in abuse of their lawful authority, false swearing, or violation of any federal or state constitutional right or criminal law.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 13:**

Defendants object to Interrogatory No. 13 and all its subparts on the grounds that it is beyond the scope of the Local Civil Rule 33.3 insofar as it seeks information other than the identities of witnesses with knowledge or information. Defendants further object on the grounds that it is vague and ambiguous as to the meaning of the terms "legal proceeding," "abuse," and "lawful authority." Defendants also object on the grounds that it is overbroad, in that it is not limited in time or scope as there is no time period or subject matter specified, and, as such, is not proportional to the needs of the case. Defendants further object to the extent that there is a more practical method of obtaining the information sought, such as depositions. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object on the grounds that the information sought is not relevant to the parties, claims or defenses in this action. Defendants further object to the extent this request seeks information which is publicly accessible and thus equally accessible to all parties and places an undue burden on defendant.

Notwithstanding, and subject to, and without waiving or in any way limiting these specific objections, and limiting the response to the name, caption, and court of civil actions in which named NYPD defendants in this action were named as parties in civil actions which related to their employment with the NYPD, defendants respond as follows:

- Nicholas Albergo:

    o Jesus Negron v. City of New York, et al., 16CV02228, Eastern District of New York

    o Shatee Denmark v. City of New York, et al., 16CV07101, Eastern District Of New York

14

- o Shatee Denmark v. City of New York, et al., 18CV01224, Eastern District Of New York

  o Nalaya Smith v. Nicholas Albergo, et al., 514722/2019, King County Supreme Court

- Allyson Echavarria: none

- Gianfranco Rubino:

  o Alejandro Piantiniv. City of New York, et al., 15CV04621, Southern District Of New York

- Angel Amaya:

  o John Hockenjos, Jr. v. City of New York, et al., 13CV00027, Eastern District Of New York

  o John Hockenjos, Jr. v. City of New York, et al., 15CV00095, Eastern District Of New York

- Jason Castillo:

  o Michael Adams v. City of New York, et al., 15CV06741, Southern District Of New York

- Nicholas Blake

  o Vincenzo Fiorino v. City of New York, et al., 15CV05435, Southern District Of New York

  o Felix Collado v. Nicholas Blake, et al., 155454/2017, New York County Supreme Court

  o Soned Corp. v. New York City Police Department, et al., 20706/2019, Kings County Supreme Court

15

- Freddy Suazo:

  o <u>Neila Dennis v. City of New York, et al.</u>, 12369/2010, Kings County Supreme Court

  o <u>Geico Indemnity Co. v. City of New York, et al.</u>, 73013/2010, Queens County Supreme Court

As to Officer Benjamin Beiro, Johnny Solorzano, Diana Schutz, Nicholas Noto, and Robert Livingston, there is no responsive information responsive to this request.

**INTERROGATORY NO. 14:**

Identify all documents documenting or related to any injuries received by Plaintiff and/or the Individual Defendants related to the Incident, including, but not limited to, any Threat, Resistance, and Injury ("TRI") reports, NYPD AIDED Reports, Medical Treatment of Prisoner forms, Ambulance Call Report ("ACR") documents, medical records, photographs, diagnostic imaging or other testing, and Line of Duty ("LOD") injury-related paperwork.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 14:**

Defendants object to interrogatory No. 14 on the grounds that it is overbroad in that it seeks to identify "<u>all</u> documents <u>documenting or related</u> to any injuries received by Plaintiff and/or the Individual Defendants related to the Incident, <u>including, but not limited to</u>, any Threat, Resistance, and Injury ("TRI") reports, NYPD AIDED Reports, Medical Treatment of Prisoner forms, Ambulance Call Report ("ACR") documents, medical records, photographs, diagnostic imaging or other testing, and Line of Duty ("LOD") injury-related paperwork," and as such, is also not proportional to the needs of the case. Defendants further object on the grounds that it is a compound interrogatory, in that it seeks documents concerning injuries received by plaintiff and/or the individual defendant officers, which are two distinct/discreet categories of information in a single request. Defendants also object on the grounds that it is vague, ambiguous, not limited in time or scope as there is no

16

time period or subject matter specified, and, as such, is not proportional to the needs of the case. Defendants further object to the extent that there is a more practical method of obtaining the information sought, such as depositions. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object on the grounds that the information sought is not relevant to the parties, claims or defenses in this action.

Notwithstanding and without waiving or in any way limiting these specific objections, defendants refer plaintiff to defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108. Defendants further state that they are continuing to search for information responsive to this interrogatory and will supplement this response, if necessary.

**INTERROGATORY NO. 15:**

Identify all documents related to the NYPD's knowledge, planning, and/or preparation for the protest described in the operative complaint in this matter, including, but not limited to, all such documents that reflect any Individual Defendant's role.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 15:**

Defendants object to Interrogatory No. 15 on the grounds that it is vague and ambiguous as to the meaning of the terms "planning," and "preparation." Defendants also object on the grounds that it is overbroad, in that it is not limited in time as there is no time period specified, and in that it seeks the identity of "all documents related to NYPD's knowledge, planning, and/or preparation for the protest," which is not relevant to the parties' claims or defenses in this action or proportional to the needs of the case. Defendants further object to the extent that this request implicates the law enforcement, deliberative due process, and official information privileges.

17

Notwithstanding, and without waiving, or in any way limiting these specific objections, defendants refer plaintiff to defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108.

**INTERROGATORY NO. 16:**

For each Individual Defendant who was involved in processing Plaintiff's arrest, identify each NYPD agent with whom that Individual Defendant consulted in creating arrest processing paperwork related to the Protest.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 16:**

See Objection and Responses to Interrogatory Nos. 1, 4, 8, 9, and 10. Defendants further object to Interrogatory No. 16 on the grounds that it is vague and ambiguous as to the meaning of the terms "processing," "NYPD agent," and "consulted." Defendants further object on the grounds that this interrogatory is overbroad as it seeks the identification of "each p NYPD agent with whom that Individual Defendant consulted in creating arrest processing paperwork related to the Protest." Defendants further object on the grounds that it implicates the privacy and security concerns of non-parties to this action and those not represented by the Office of Corporation Counsel, and to the extent that it implicates the sealing provisions of N.Y. C.P.L. § 160.50. Defendants also object to the extent that this request seeks information that is outside the scope of defendants' personal knowledge and/or seeks information that is equally if not more available to plaintiff. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to the extent that there is a more practical method of obtaining the information sought, such as depositions. Defendants further object to this interrogatory on the grounds that it is unduly burdensome, seeks information that is not proportional to the needs of this case as set forth in FRCP 26(b)(1), and to the extent that this

18

request seeks information not relevant to the subject matter of the lawsuit or to plaintiff's claims or any defenses, such as for example names of individuals present but having no discoverable information in their possession.

Notwithstanding, and without waiving, or in any way limiting these specific objections, defendants refer plaintiff to the individuals identified in defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the individuals identified in the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108.

**INTERROGATORY NO. 17:**

For each Individual Defendant who consulted with a NYPD Legal Bureau attorney in connection with Plaintiff's arrest, arrest processing, or prosecution, identify each such NYPD Legal Bureau attorney.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 17:**

Defendants object to Interrogatory No. 17 on the grounds that it is vague, ambiguous, overbroad, and not proportional to the needs of the case. Defendants further object on the grounds that it is overbroad, in that it is not limited in time or scope as no time period or subject matter was specified. Defendants further object on the grounds that such information is not relevant to any party's claims or defenses. Defendants also object on the grounds that it is overbroad, in that it is not limited in time or scope as no time period or subject matter was specified, and in that it seeks the identity of "each such NYPD Legal Bureau attorney." Defendants further object on the grounds that identifying "each such member of the NYPD Legal Bureau attorney" may be impossible and not proportional to the needs of the case. Defendants also object on the grounds that this request implicates the law enforcement, deliberative due process, attorney-client, work product, and official information privileges. Defendants state that in light of these objections, no further response will be provided at this time.

19

**INTERROGATORY NO. 18:**

For each Individual Defendant who communicated with Office of the District Attorney of New York County ("DANY") regarding Plaintiff or the Incident between September 13, 2021 and the present, identify each such communication and all documents regarding or reflecting each such communication.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 18:**

Defendants object to Interrogatory No. 18 on the grounds that the terms "communicated" and "reflecting" are vague and ambiguous. Defendants further objects that this is a compound interrogatory consisting of at least two discrete subparts. Defendant further objects that this interrogatory is overbroad in that is it not limited in scope and to the extent that it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence. Defendants also object on the grounds that this request implicates the law enforcement, deliberative due process, attorney-client, attorney work product, and official information privileges. Defendants further object on the grounds that it implicates the privacy and security concerns of non-parties to this action and those not represented by the Office of Corporation Counsel, and to the extent that it implicates the sealing provisions of N.Y. C.P.L. § 160.50. Defendants also object to the extent that this request seeks information that is outside the scope of defendants' personal knowledge and/or seeks information that is equally if not more available to plaintiff. Defendants further object on the grounds that this information may not be in their possession, custody or control. Defendants further object to the extent that there is a more practical method of obtaining the information sought, such as depositions. Defendants further object to this interrogatory on the grounds that it is unduly burdensome, seeks information that is not proportional to the needs of this case as set forth in FRCP 26(b)(1), and to the extent that this request seeks information not relevant to the subject matter of the lawsuit or to plaintiff's claims

20

or any defenses, such as for example names of individuals present but having no discoverable information in their possession.

Defendants state that in light of these objections, no further response will be provided at this time.

**INTERROGATORY NO. 19:**

If any Individual Defendant claims to have been physically injured in the Incident and is relying on the injury as a defense to the action, identify all records and claims of injury and all records of medical treatment provided to that Individual Defendant in connection with such injury.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 19:**

Defendants object to Interrogatory No. 19 on the grounds that it is a compound interrogatory consisting of at least three discrete subparts. Defendant further objects on the grounds that it is vague and ambiguous as to the meaning of the terms "physically injured," "all records," and "in connection with such injury." Defendants further object to the extent that there is a more practical method of obtaining the information sought, such as depositions. Defendant further objects to the extent that it implicates the privacy interests and personal safety of the individual defendants to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the physician-patient privilege or other applicable privileges.

Notwithstanding, and without waiving these specific objections, and limiting this response to information pertaining to the individuals identified in defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the individuals identified in the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108,

defendants state that they are continuing to search for information responsive to this interrogatory and will supplement this response if possible.

**INTERROGATORY NO. 20:**

Identify all documents concerning any employment-related proceeding, whether administrative, civil, or criminal, in which any Individual Defendant was formally counseled, disciplined, punished, or criminally prosecuted, or otherwise made the subject of remedial action in connection with having failed to make a report or having made a false statement of any kind.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 20:**

Defendants object to Interrogatory No. 20 on the grounds that it is a compound interrogatory consisting of at least eight discrete subparts. Defendant further objects on the grounds that it is vague and ambiguous as to the meaning of the terms "employment-related proceeding," "counseled," "punished," and "remedial action." Defendants further object on the grounds that this request is not limited in time or scope and seeks information that is not relevant to any party's claims and/or defenses. Defendants further object on the grounds that it is interposed only to harass or annoy, and to the extent this request violates the privacy, safety, and security interests of non-parties. Defendants also object to the extent it seeks documents protected by law enforcement privilege, official information privilege, confidential informant privilege, deliberative process privilege, the attorney-work product doctrine, the attorney-client privilege, and/or other applicable privileges. Defendant further objects to the extent that it implicates the privacy interests and personal safety of the individual defendants to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties. Defendants further object to the extent this request seeks information pertaining to allegations that were not substantiated, did not result in a finding of misconduct, are dissimilar in nature to those alleged in the complaint, or do not pertain to

22

defendant's veracity or credibility, and occurred subsequent to or more than 10 years prior to the alleged incident. Defendants further object to the extent that it seeks information that is not proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff. Defendants finally object to the extent that the requested information is publicly available and therefore equally accessible to plaintiff.

Notwithstanding, and subject to, and without waiving or in any way limiting these specific objections, and limiting their response to allegations of misconduct (1) that involve allegations of false statements, and (2) that occurred in the ten years prior to the incident, plaintiff is referred to nypdonline.org and https://www.nyc.gov/site/ccrb/policy/MOS-records.page for publicly available information. Defendants further refer plaintiff to defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108. Defendants further state they are continuing to search for responsive material, and will supplement this response, if necessary.

**INTERROGATORY NO. 21:**

Identify all documents concerning any employment-related proceeding, whether administrative, civil, or criminal, in which any Individual Defendant was formally counseled, disciplined, punished, or criminally prosecuted, or otherwise made the subject of remedial action in connection with use of force.

**OBJECTION AND RESPONSE TO INTERROGATORY NO. 21:**

See Objection and Response to Interrogatory No. 20. Defendants object to Interrogatory No. 21 on the grounds that it is a compound interrogatory consisting of at least eight discrete subparts. Defendant further objects on the grounds that it is vague and ambiguous as to the meaning of the terms "employment-related proceeding," "formally counseled," "punished,"

23

and "remedial action." Defendant further objects to the extent that it implicates the privacy interests and personal safety of the individual defendants to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties. Defendants further object to the extent this request seeks information pertaining to allegations that were not substantiated, did not result in a finding of misconduct, are dissimilar in nature to those alleged in the complaint, or do not pertain to defendant's veracity or credibility, and occurred subsequent to or more than 10 years prior to the alleged incident.

Notwithstanding, and subject to, and without waiving or in any way limiting these specific objections, and limiting their response to allegations of misconduct (1) that involve allegations of false statements, and (2) that occurred in the ten years prior to the incident, plaintiff is referred to nypdonline.org and https://www.nyc.gov/site/ccrb/policy/MOS-records.page for publicly available information. Defendants further refer plaintiff to defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108. Defendants further state they are continuing to search for responsive material, and will supplement this response, if necessary.

## DOCUMENT REQUESTS

### DOCUMENT REQUEST NO. 1:

Produce all documents identified or consulted in responding to the interrogatories above.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 1:

Defendants refer to the documents identified in their interrogatory responses and document request responses.

### DOCUMENT REQUEST NO. 2:

Produce all videos related to Plaintiff's arrest or to the Incident, including, but not limited to, all:

    a.  NYPD body-worn camera footage, including, but not limited to, such footage from each Individual NYPD Defendant and every NYPD member within 30' of each Individual NYPD Defendant who created such footage related to the Incident, along with all related audit trails and metadata;

    b.  "ARGUS" footage;

    c.  New York City Department of Transportation ("NYCDOT") footage; and

    d.  All other video footage in Defendants' care, custody, or control.

### OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 2:

Defendants object to Document Request No. 2 on the grounds that it is overbroad in requesting "all videos related to plaintiff's arrest or to the Incident." Defendants further object to this request on the grounds that it is not appropriately limited in time or scope; and it is unduly burdensome and not proportional to the needs of the case, in that it seeks body-worn camera footage for "every NYPD member within 30' of each Individual NYPD Defendant," regardless of whether such individual was personally involved and/or has firsthand knowledge of the disputed

25

incident or whether such footage captured the disputed incident. Defendants further object to the extent that this request seeks materials that are not in the Defendants' possession, custody, or control.

Notwithstanding and without waiving or in any way limiting these specific objections, and limiting their response to video footage related to plaintiff's arrest on September 13, 2021, defendants refer plaintiff to defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108. Defendants further state they are continuing to search for responsive material, and will supplement this response, if necessary.

**DOCUMENT REQUEST NO. 3:**

Produce all photographs related to the Incident depicting Plaintiff or an Individual Defendant or created in connection with or that relates to or concerns Plaintiff's arrest, pre-arrest conduct, arrest processing, or prosecution, or any injuries sustained by Plaintiff or any Individual Defendant, including, but not limited to, all:

    a.  Arrest photographs, whether taken at the scene of the arrest or other NYPD location, or otherwise;

    b.  Prisoner movement slips; and

    c.  All other photographs.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 3:**

Defendants object to Document Request No. 3 on the grounds that it is vague and ambiguous as to the meaning of the terms "created in connection with" and "relates to or concerns plaintiff's arrest," and "all other arrest processing photographs." Defendants also object on the grounds that it is overbroad, in that it is not appropriately limited in time or scope, in that this document request appears to request production of all photographs depicting plaintiff, the

individual defendants, and all other arrest processing photographs related to the protest, and, as such, it is unduly burdensome and not proportional to the needs of the case insofar as the burden of identifying every photograph depicting the protest outweighs any likely benefit to plaintiff.

Notwithstanding and without waiving or in any way limiting these specific objections, and limiting their response to video footage related to plaintiff's arrest on September 13, 2021, defendants refer plaintiff to defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108. Defendants further state they are continuing to search for responsive material, and will supplement this response, if necessary.

**DOCUMENT REQUEST NO. 4:**

Produce all recorded (including NYPD) communications related to Plaintiff's arrest or any other aspect of the Incident, including, but not limited to:

a.   911 calls related to the Incident, and all documents related to responses thereto;

b.   311 calls related to the Incident, and all documents related to responses thereto;

c.   Internal NYPD communications on Citywide and other dedicated NYPD channels related to the Incident; and

d.   Texts, e-mails, and other digitally recorded communications related to Plaintiff or the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 4:**

Defendants object to Document Request No. 4 on the grounds that it is compound, vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks documents that is not relevant to the parties' claims or defenses in this action nor proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to

plaintiff. Defendants object to this request to the extent it is unduly burdensome as it seeks all communications related to the arrest or incident, without limitation beyond parties or those involved in the arrest or incident, including individuals who may have seen media reports regarding the incident. Defendants further object to this request to the extent it seeks documents that contain attorney-client communications, which is protected from disclosures by the attorney-client privilege and/or information that is protected from disclosures pursuant to, for example, the work product privilege.

Notwithstanding, and without waiving or, in any way, defendants refer plaintiff to defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108. Defendants further state they are continuing to search for responsive material, and will supplement this response, if necessary.

**DOCUMENT REQUEST NO. 5:**

Produce all SPRINT reports related to the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 5:**

Defendants object to Document Request No. 5 on the grounds that it is vague and ambiguous as to the meaning of the term "SPRINT report." Defendants also object on the grounds that it is overbroad in requesting "all SPRINT reports related to the Incident." Defendants further object to this request on the grounds that it is not appropriately limited in time or scope as no time period or subject matter is specified; and it is unduly burdensome and not proportional to the needs of the case insofar as the burden of identifying every document pertaining to this request outweighs any likely benefit to plaintiff. Defendants further object to this Request to the extent the documents sought are not relevant to any party's claims or defenses in this action. Defendants further objects to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim.

Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, attorney-client, official information, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding, and without waiving or, in any way, and limiting this response to 911 calls and NYPD radio transmissions connected to plaintiff Anees Hasnain's arrest on September 13, 2021, defendants refer plaintiff to defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108. Defendants further state they are continuing to search for responsive material, and will supplement this response, if necessary.

**DOCUMENT REQUEST NO. 6:**

Produce all Event Chronologies and Event Summaries related to the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 6:**

See Objection and Response to Document Request Nos. 4 and 5.

**DOCUMENT REQUEST NO. 7:**

Produce all ICAD Chronologies and reports related to the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 7:**

See Objection and Response to Document Request Nos. 4 and 5.

**DOCUMENT REQUEST NO. 8:**

Produce documents sufficient to interpret any NYPD codes included in any SPRINT reports, ICAD chronologies and reports, and event chronologies, including, but not limited to, any

29

NYPD or other agency training manuals related to using and understanding such reports, such as user manuals or training materials related to the "I/NETDispatcher system."

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 8:**

See Objection and Response to Document Request No. 4 and 5. Defendants further object to Document Request No. 8 on the grounds that it is vague and ambiguous as to the meaning of the term "sufficient to interpret any NYPD Codes." Defendants further object on the grounds that it is overbroad in requesting "including, but not limited to, any NYPD or other agency training manuals related to using and understanding such reports, such as user manuals or training materials related to the 'I/NETDispatcher system.'" Defendants state that in light of these objections, no further response will be provided at this time.

**DOCUMENT REQUEST NO. 9:**

Produce all documents that include statements or communications made by each Individual Defendant or any other person related to Plaintiff's arrest or any other aspect of the Incident, including, but not limited to, all scratch and other NYPD arrest processing paperwork, phone call logs and recordings, and all e-mails, text messages, social media posts, and/or direct messages.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 9:**

See Objection and Response to Document Request No. 4 and 5. Defendants further object to Document Request No. 9 on the grounds that it is vague and ambiguous as to the meaning of the term "communication," "other person related to Plaintiff's arrest," "other aspect of the Incident," and not limited in scope. Defendants further object on the grounds that it is overbroad in requesting "all documents that include statements or communications." Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of

30

documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding, and without waiving or, in any way, defendants refer plaintiff to defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108. Defendants further state they are continuing to search for responsive material, and will supplement this response, if necessary.

**DOCUMENT REQUEST NO. 10:**

Produce all other documents regarding or reflecting internal NYPD communications related to the Incident, including, but not limited to, all phone call logs and recordings, and all e-mails, text messages, social media posts, and/or direct messages.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 10:**

See Objections and Response to Document Request Nos. 4 and 9. Defendants object to Document Request No. 10 on the grounds that it is vague and ambiguous as to the meaning of the terms "internal NYPD communications" and "related to the Incident," and is not limited in scope. Defendants also object on the grounds that it is overbroad in requesting "all documents regarding or reflecting internal NYPD communications related to the Incident." Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for

the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges. Defendants further object as this request is duplicative of prior document requests.

Notwithstanding, and without waiving or, in any way, defendants refer plaintiff to defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108. Defendants further state they are continuing to search for responsive material, and will supplement this response, if necessary.

## DOCUMENT REQUEST NO. 11:

For each Individual Defendant, produce all documents provided by or on behalf of that Individual Defendant to any prosecutor or court related to the Incident.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 11:

See Objections and Response to Document Request Nos. 4 and 9. Defendants object to Document Request No. 11 on the grounds that it is vague and ambiguous as to the meaning of the term "on behalf of that Individual Defendant," and is not limited in time or scope. Defendants also object on the grounds that it is overbroad in requesting "all documents provided by or on behalf of that Individual Defendant to any prosecutor or court related to the Incident." Defendants further object to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge

32

of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding and without waiving or in any way limiting these specific objections, and limiting their response to video footage related to plaintiff's arrest on September 13, 2021, defendants refer plaintiff to defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108. Defendants further state they are continuing to search for responsive material, and will supplement this response, if necessary.

**DOCUMENT REQUEST NO. 12:**

Produce all other documents related to or reflecting communications between a prosecutor or court and an Individual Defendant related to Plaintiff's prosecution.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 12:**

See Objections and Response to Document Request Nos. 4, 9 and 11. Defendants object to Document Request No. 12 on the grounds that it is vague and ambiguous as to the meaning of the term "related to or reflecting communications," and is not limited in time or scope. Defendants also object on the grounds that it is overbroad in requesting "all other documents."

33

Defendants further object to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding, and without waiving or, in any way, defendants refer plaintiff to defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108. Defendants further state they are continuing to search for responsive material, and will supplement this response, if necessary.

**DOCUMENT REQUEST NO. 13:**

Produce all other documents created related to Plaintiff's arrest, detention, or prosecution, including, but not limited to, all copies of Activity Log/Memo Book entries, Online Booking System Arrest Report ("OLBS") Reports, C-Summons and related investigation documents, and all other documents created related to Plaintiff's arrest or arrest processing.

34

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 13:**

Defendants object to Document Request No. 13 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding, and without waiving or, in any way, defendants refer plaintiff to defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108. Defendants further state they are continuing to search for responsive material, and will supplement this response, if necessary.

**DOCUMENT REQUEST NO. 14:**

Produce a complete copy of all Command Log entries related to Plaintiff or the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 14:**

<u>See</u> Objections and Response to Document Request No. 4, 9 and 13. Defendants object to Document Request No. 14 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding, and without waiving or, in any way, defendants refer plaintiff to defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108. Defendants further state they are continuing to search for responsive material, and will supplement this response, if necessary.

**DOCUMENT REQUEST NO. 15:**

Produce NYPD records reflecting the seizure and disposition of any property seized from Plaintiff and/or related to the Incident, including, but not limited to, any Produce all Property

Clerk Invoices (PD 521-141) and other NYPD Property and Evidence Tracking System ("PETS") documents.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 15:**

See Objections and Response to Document Request No. 4, 9 and 13. Defendants object to Document Request No. 15 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding, and without waiving or, in any way, defendants refer plaintiff to defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108. Defendants further state they are continuing to search for responsive material, and will supplement this response, if necessary.

**DOCUMENT REQUEST NO. 16:**

Produce the Online Prisoner Arraignment ("OLPA") Report regarding Plaintiff's arrest and detention related to the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 16:**

See Objections and Response to Document Request No. 4, 9 and 13. Defendants object to Document Request No. 16 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding, and without waiving or, in any way, defendants refer plaintiff to defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108. Defendants further state they are continuing to search for responsive material, and will supplement this response, if necessary.

38

**DOCUMENT REQUEST NO. 17:**

Produce all documents reflecting or related to any uses of force on Plaintiff related to the Incident, including, but not limited to, any Threat, Resistance, and Injury ("TRI") reports.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 17:**

Defendants object to Interrogatory No. 17 on the grounds that it is vague and ambiguous as to the meaning of the terms "force." Defendants further object on the grounds that it is overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding, and without waiving or, in any way, defendants refer plaintiff to defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108. Defendants further state they are continuing to search for responsive material, and will supplement this response, if necessary.

39

**DOCUMENT REQUEST NO. 18:**

Produce all AIDED reports related to the Incident and any injuries sustained by Plaintiff or any of the Individual Defendants related to the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 18:**

Defendants object to Interrogatory No. 18 on the grounds that it is vague and ambiguous as to the meaning of the terms "injuries," and "sustained by Plaintiff or any of the Individual Defendants." Defendants further object on the grounds that it is overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding, and without waiving or, in any way, defendants refer plaintiff to defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108.

40

Defendants further state they are continuing to search for responsive material, and will supplement this response, if necessary.

**DOCUMENT REQUEST NO. 19:**

Produce all Ambulance Call Report ("ACR") documents related to the Incident and any injuries sustained by Plaintiff or any of the Individual Defendants related to the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 19:**

Defendants object to Interrogatory No. 19 on the grounds that it is vague and ambiguous as to the meaning of the terms "injuries," and "sustained by Plaintiff or any of the Individual Defendants." Defendants further object on the grounds that it is overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding, and without waiving or, in any way, defendants refer plaintiff to defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025,

and the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108. Defendants further state they are continuing to search for responsive material, and will supplement this response, if necessary.

**DOCUMENT REQUEST NO. 20:**

Produce all medical records related to the Incident and any injuries sustained by Plaintiff or any of the Individual Defendants related to the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 20:**

See Objections and Response to Document Request Nos. 18 and 19. Defendants object to Interrogatory No. 20 on the grounds that it is vague and ambiguous as to the meaning of the terms "all medical records," "injuries," and "sustained by Plaintiff or any of the Individual Defendants." Defendants further object on the grounds that it is overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding, and without waiving or, in any way, defendants refer plaintiff to defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108. Defendants further state they are continuing to search for responsive material, and will supplement this response, if necessary.

**DOCUMENT REQUEST NO. 22A:[1]**

Produce all records related to any Line of Duty ("LOD") injuries received by the Individual Defendants related to the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 22A:**

See Objections and Response to Document Request Nos. 4, 9, and 13. Defendants object to Interrogatory No. 22A on the grounds that it is vague and ambiguous as to the meaning of the terms "all records," "injuries," and "sustained by the Individual Defendants." Defendants further object on the grounds that it is overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is

---

[1] There is a numbering error. The Document Requests are labeled: 19, 20, 22, 23, 21, 22, 23, etc… For the overlapping numbers, I have listed them as 22A and 22B, and 23A and 23B to differentiate.

43

unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding, and without waiving or, in any way, defendants refer plaintiff to defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108. Defendants further state they are continuing to search for responsive material, and will supplement this response, if necessary.

**DOCUMENT REQUEST NO. 23A:**

Produce all other documents documenting or related to any injuries received by Plaintiff and/or the Individual Defendants related to the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 23A:**

See Objections and Response to Document Request Nos. 13, 17, 18, 19 and 20. Defendants object to Interrogatory No. 23A on the grounds that it is vague and ambiguous as to the meaning of the terms "all other documents," "injuries," and "sustained by the Individual Defendants." Defendants further object on the grounds that it is overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy

44

interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding, and without waiving or, in any way, defendants refer plaintiff to defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108. Defendants further state they are continuing to search for responsive material, and will supplement this response, if necessary.

**DOCUMENT REQUEST NO. 21:**

Produce all documents reflecting or related to any decisions by a prosecutor or court to decline to prosecute, or to dismiss, any potential charges against Plaintiff, including, but not limited to, any communications regarding any such decision.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 21:**

Defendants object to Interrogatory No. 21 on the grounds that it is vague and ambiguous as to the meaning of the terms "all documents," "any decisions made by a prosecutor or court," and "potential." Defendant further object on the grounds that it seeks information that is not within defendant's possession, custody, or control. Defendants further object on the grounds that it is overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions

45

regarding facts within the knowledge of individuals identified. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges. Defendants further object to the extent that this request implicates the law enforcement, deliberative due process, and official information privileges.

Notwithstanding, and without waiving or, in any way, defendants refer plaintiff to defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108. Defendants further state they are continuing to search for responsive material, and will supplement this response, if necessary.

**DOCUMENT REQUEST NO. 22B:**

Produce all demands for preservation or litigation holds received or created by the NYPD related to the Incident, including, but not limited to, any such demands or holds created by the NYPD's Legal Bureau.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 22B:**

Defendants object to Document Request No. 22B on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, and to the extent that it seeks information that is not relevant, nor reasonably calculated to lead to the discovery of admissible

46

evidence. Defendants further object to the extent that it seeks documents that are not relevant to the parties' claims or defenses in this action, nor proportional to the needs of the case, considering the amount in controversy, the importance of the discovery in resolving the issues, and insofar as the burden and/or expense outweighs any likely benefit to plaintiff. Defendants further object to the extent that this request implicates the law enforcement, deliberative due process, and official information privileges. Based on these specific objections, defendants will interpose no further response to this request.

**DOCUMENT REQUEST NO. 23B:**

Produce all documents concerning any NYPD Civilian Complaint Review Board ("CCRB") complaint or investigation concerning the Incident, including, but not limited to, all such documents within the CCRB's care, custody, or control, including, but not limited to, the CCRB Complaint Report; CTS+ Logs; Closing Report; and all notes, underlying documents, and communications, including e-mails, related to each such complaint or investigation.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 23B:**

Defendants object to Document Request No. 23B on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that there is another more practical method of obtaining discovery, such as depositions, and to the extent that it seeks information that is not within defendants' possession, custody, or control. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the

47

provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding and without waiving or in any way limiting these specific objections, defendants state, upon information and belief, there are no responsive documents to this request.

## DOCUMENT REQUEST NO. 24:

Produce all documents concerning each NYPD Internal Affairs Bureau ("IAB") complaint or investigation concerning the Incident, including, but not limited to, all recordings of witness interviews or statements, and transcripts thereof, and all notes, Internal Case Management System ("ICMS") worksheets, logs, and attachments, and all underlying documents and communications, including e-mails, related to each such complaint or investigation.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 24:

Defendants object to Document Request No. 24 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that there is another more practical method of obtaining discovery, such as depositions, and to the extent that it seeks information that is not within defendants' possession, custody, or control. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the

48

provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding and without waiving or in any way limiting these specific objections, defendants state, upon information and belief, there are no responsive documents to this request.

**DOCUMENT REQUEST NO. 25:**

Produce all other documents related to any discipline recommended and/or ultimately imposed related to the Incident, including, but not limited to, all e-mails and other communications related to any Command Discipline recommended and imposed.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 25:**

See Objections and Response to Document Request Nos. 23 and 24. Defendants object to Document Request No. 25 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that there is another more practical method of obtaining discovery, such as depositions, and to the extent that it seeks information that is not within defendants' possession, custody, or control. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent

49

that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding and without waiving or in any way limiting these specific objections, defendants state, upon information and belief, there are no responsive documents to this request.

**DOCUMENT REQUEST NO. 26:**

Produce all documents concerning each Department of Investigation ("DOI") complaint or investigation concerning the Incident, including, but not limited to, all recordings of witness interviews or statements, and transcripts thereof, all notes, logs, and attachments, and all underlying documents and communications, including e-mails, related to each such complaint or investigation.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 26:**

See Objections and Response to Document Request Nos. 23, 24, and 25. Defendants object to Document Request No. 26 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that there is another more practical method of obtaining discovery, such as depositions, and to the extent that it seeks information that is not within defendants' possession, custody, or control. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions

of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding and without waiving or in any way limiting these specific objections, defendants state, upon information and belief, there are no responsive documents to this request.

**DOCUMENT REQUEST NO. 27:**

Produce all documents concerning any other complaint received, or investigation or prosecution, whether actual or potential, concerning the Incident undertaken by the City of New York or any of its agencies.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 27:**

See Objections and Response to Document Request Nos. 23, 24, 25, and 26. Defendants object to Document Request No. 27 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that there is another more practical method of obtaining discovery, such as depositions, and to the extent that it seeks information that is not within defendants' possession, custody, or control. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and

51

to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding and without waiving or in any way limiting these specific objections, defendants state, upon information and belief, there are no responsive documents to this request.

## DOCUMENT REQUEST NO. 28:

Produce all documents concerning any other complaint received, or investigation or prosecution – actual or potential - concerning the Incident undertaken by any County, State, Federal, or other entity, including, but not limited to, DANY.

## OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 28:

Defendants object to Document Request No. 27 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that there is another more practical method of obtaining discovery, such as depositions, and to the extent that it seeks information that is not within defendants' possession, custody, or control. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement,

official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding and without waiving or in any way limiting these specific objections, defendants state, upon information and belief, there are no responsive documents to this request.

**DOCUMENT REQUEST NO. 29:**

Produce each Individual NYPD Defendant's NYPD Academy transcript.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 29:**

Defendants object to Document Request No. 29 on the grounds that it is vague, ambiguous, overbroad, not limited in time, overbroad, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent

that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding and without waiving or in any way limiting these specific objections, defendants state that they will provide responsive information upon entry of an appropriate Stipulation and Protective Order.

**DOCUMENT REQUEST NO. 30:**

Produce each Individual NYPD Defendant's current NYPD Personnel Profile Report – All History.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 30:**

Defendants object to Document Request No. 30 on the grounds that it is vague, ambiguous, overbroad, not limited in time, overbroad, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the

performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding and without waiving or in any way limiting these specific objections, defendants state that they will provide responsive information upon entry of an appropriate Stipulation and Protective Order.

**DOCUMENT REQUEST NO. 31:**

Produce each Individual NYPD Defendant's current NYPD Central Personnel Index ("CPI") report.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 31:**

Defendants object to Document Request No. 31 on the grounds that it is vague, ambiguous, overbroad, not limited in time, overbroad, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal

safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding and without waiving or in any way limiting these specific objections, defendants state that they will provide responsive information upon entry of an appropriate Stipulation and Protective Order.

**DOCUMENT REQUEST NO. 32:**

Produce each Individual NYPD Defendant's current NYPD IAB resume and all related NYPD documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation, whether created within the NYPD's IAB or otherwise.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 32:**

Defendants object to Document Request No. 32 on the grounds that it is vague, ambiguous, overbroad, not limited in time, overbroad, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and

to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding and without waiving or in any way limiting these specific objections, defendants state that they will provide responsive information upon entry of an appropriate Stipulation and Protective Order.

**DOCUMENT REQUEST NO. 33:**

Produce each Individual NYPD Defendant's current CCRB history and all underlying CCRB documents, including communications and documents reflecting the ultimate disposition of each IAB complaint or investigation.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 33:**

Defendants object to Document Request No. 33 on the grounds that it is vague, ambiguous, overbroad, not limited in time, overbroad, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants further object to the extent

this request seeks documents which are publicly accessible and thus equally accessible to all parties and places an undue burden on defendant. Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding and without waiving or in any way limiting these specific objections, defendants state that they will provide responsive information upon entry of an appropriate Stipulation and Protective Order.

**DOCUMENT REQUEST NO. 34:**

Produce all documents concerning internal police disciplinary action, letters in the personnel file, command discipline A or B, charges and specifications, transfers, and/or warnings and admonishment against any of the Individual NYPD Defendants, including, but not limited to, any GO-15 statements.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 34:**

Defendants object to Document Request No. 34 on the grounds that it is vague, ambiguous, not limited in time or scope, overbroad in that it seeks "all documents" that "concern[] internal police disciplinary action, letters in the personnel file, command discipline A or B, charges and specifications, transfers, and/or warnings and admonishment against any of the Individual NYPD Defendants, including, but not limited to, any GO-15 statements." Defendants further object to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

59

Notwithstanding and without waiving or in any way limiting these specific objections, defendants state that they will provide responsive information upon entry of an appropriate Stipulation and Protective Order.

**DOCUMENT REQUEST NO. 35:**

Produce each Individual NYPD Defendant's complete NYPD personnel file.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 35:**

Defendants object to Document Request No. 34 on the grounds that it is vague, ambiguous, not limited in time or scope, and overbroad in that it seeks "each Individual NYPD Defendant's complete NYPD personnel file." Defendants further object to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement,

60

official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding and without waiving or in any way limiting these specific objections, defendants state that they will provide responsive information upon entry of an appropriate Stipulation and Protective Order.

**DOCUMENT REQUEST NO. 36:**

Produce all documents reflecting any early intervention monitoring or force monitoring or NYPD or external monitoring any Individual NYPD Defendant has been subjected to during their time as a NYPD member.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 36:**

Defendants object to Document Request No. 36 on the grounds that it is vague, ambiguous, not limited in time or scope, and overbroad in that it seeks "all documents . . . any Individual NYPD Defendant has been subjected to during their time as a NYPD member." Defendants further object to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual

defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding and without waiving or in any way limiting these specific objections, defendants state that they will provide responsive information upon entry of an appropriate Stipulation and Protective Order.

**DOCUMENT REQUEST NO. 37:**

Produce all Risk Assessment Information Liability System ("RAILS") documents related to each Individual NYPD Defendant.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 37:**

Defendants object to Document Request No. 37 on the grounds that it is vague, ambiguous, not limited in time or scope, overbroad, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants further object on the grounds that request is not proportional to the needs of this case. Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants

62

further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges. Defendants state that in light of these objections, no further response will be provided at this time.

**DOCUMENT REQUEST NO. 38:**

Produce any notices of claim, 50-h transcripts and exhibits, pleadings, discovery requests and responses, deposition transcripts and exhibits, settlement agreements, and judgments from each civil lawsuit against each Individual Defendant.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 38:**

Defendants object to Document Request No. 38 on the grounds that it is vague, ambiguous, not limited in time or scope, overbroad, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants further object to the extent this request seeks documents which are publicly accessible and thus equally accessible to all parties and places an undue burden on defendant. Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a

63

finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges. Defendants state that in light of these objections, no further response will be provided at this time.

**DOCUMENT REQUEST NO. 39:**

Produce any criminal court complaints, documents reflecting the dates or events at court proceedings, transcripts of testimony or proceedings, certificates or other proof of disposition, related to each criminal proceeding against each Individual Defendant.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 39:**

Defendants object to Document Request No. 38 on the grounds that it is vague, ambiguous, not limited in time or scope, overbroad, and to the extent it seeks information that is not relevant or reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, and to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants further object to the extent this

64

request seeks documents which are publicly accessible and thus equally accessible to all parties and places an undue burden on defendant. Defendants object to this request to the extent it seeks information concerning allegations of misconduct that were not substantiated or did not result in a finding of wrongdoing or which occurred more than five years prior to, or subsequent to the incident, to the extent it seeks information that is not similar to the allegations herein, and to the extent it implicates the privacy and security concerns of parties and non-parties. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges. Defendants state that in light of these objections, no further response will be provided at this time.

**DOCUMENT REQUEST NO. 40:**

Produce all documents reflecting the training each Individual Defendant received, whether at the NYPD Academy or afterward, prior to September 13, 2021, whether at the NYPD Academy or afterward, whomever and wherever from, including, but not limited to, any command-level, in-service, executive level, or other training, related to the following topics:

a. probable cause to detain, arrest, and/or prosecute for committing any violation of the law that any Defendant claims formed the basis for probable cause to detain, arrest or prosecute Plaintiff;

65

b.  uses of force;

c.  use of force reporting, including, but not limited to, the creation and use of Threat, Resistance, and Injury ("TRI") reports;

d.  de-escalation;

e.  First Amendment and related rights to critique law enforcement and police responses thereto;

f.  police retaliation in violation First Amendment rights, including, but not limited to, what constitutes such retaliation, and any prohibitions on such retaliation.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 40:**

Defendants object to Document Request No. 40 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope as there is no time period specified and the subject matter is not sufficiently limited, and to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified. Defendants further object on the grounds that such information is not relevant to any party's claims or defenses. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-

66

client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges. Defendants state that in light of these objections, no further response will be provided at this time.

Notwithstanding and without waiving or in any way limiting these specific objections, defendants refer plaintiff to individual officer training history available on the publicly accessible website https://nypdonline.org/link/2.

**DOCUMENT REQUEST NO. 41:**

Produce all documents reflecting the substance of the training each Individual NYPD Defendant received, if any, whether at the NYPD Academy or afterward, whomever and wherever from, including, but not limited to, any command-level, in-service, executive level, or other training, related to the topics in Document Request No. 40.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 41:**

Defendants object to Document Request No. 41 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope as there is no time period specified and the subject matter is not sufficiently limited, and to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified. Defendants further object on the grounds that such information is not relevant to any party's claims or defenses. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the

67

performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges. Defendants state that in light of these objections, no further response will be provided at this time.

Notwithstanding and without waiving or in any way limiting these specific objections, defendants refer plaintiff to individual officer training history available on the publicly accessible website https://nypdonline.org/link/2.

**DOCUMENT REQUEST NO. 42:**

Produce all documents reflecting the NYPD's practices and policies that were in effect between 2020 and the present, related to the topics in Document Request No. 40, including, but not limited to, any related NYPD Patrol Guide and Administrative Guide provisions, and any related NYPD Legal Bureau or other guidance.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 42:**

Defendants object to Document Request No. 42 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, and to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified. Defendants further object on the grounds that such information is not relevant to any party's claims or defenses. Defendants further object to this document request to the extent that it seeks documents that are

protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding and without waiving or in any way limiting these specific objections, and limiting their response to the claims underlying plaintiff's complaint, defendants refer plaintiff to NYPD Patrol Guide and Administrative Guide provisions available on the publicly accessible website https://www.nyc.gov/site/nypd/about/about-nypd/manual.page.

**DOCUMENT REQUEST NO. 43:**

Produce all documents released by the NYPD, the CCRB, the Office of the Comptroller, or any other City agency pursuant to the Freedom of Information Law regarding the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 43:**

Defendants object to Document Request No. 43 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, and to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent that the information sought is publicly available and, thus, equally available to all parties, and to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified. Defendants further object on the grounds that such information is not relevant to any party's claims or defenses. Defendants further object to this document request to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges. Defendants state that in light of these objections, no further response will be provided at this time.

**DOCUMENT REQUEST NO. 44:**

Produce all documents received by defense counsel related to Plaintiff or the Incident pursuant to subpoena or to Plaintiff's authorization or Freedom of Information Law request or otherwise, along with copies of the request(s) made by the Law Department for such documents and any related correspondence.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 44:**

Defendants object to Document Request No. 45 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, and to the extent that it seeks information that is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this document request to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding and without waiving or in any way limiting these specific objections, defendants refer plaintiff to defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108. Defendants further state they are continuing to search for responsive material, and will supplement this response, if necessary.

**DOCUMENT REQUEST NO. 45:**

Produce all documents any Defendant intends to use at any deposition in this case, including for impeachment purposes.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 45:**

Defendants object to Document Request No. 45 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, and to the extent that it seeks

70

information that is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants reserve their right to use any documents permitted under the Federal Rules.

**DOCUMENT REQUEST NO. 46:**

Produce all documents any Defendant intends to use at the time of trial, including for impeachment purposes.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 46:**

Defendants object to Document Request No. 46 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, and to the extent that it seeks information that is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object on the grounds that it is premature and implicates the attorney work product privilege. Defendants reserve their right to use any documents permitted under the Federal Rules and will identify such documents at the time the Judge's Individual Rules so require.

**DOCUMENT REQUEST NO. 47:**

Produce all documents related to or reflecting requests by any Individual Defendant for representation and the City's responses thereto.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 47:**

Defendants object to Document Request No. 46 on the grounds that it is vague, ambiguous, overbroad, not sufficiently limited in time or scope, and to the extent that it seeks information that is not relevant, nor reasonably calculated to lead to the discovery of admissible evidence. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions

71

of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges. Defendants state that in light of these objections, no further response will be provided at this time.

**DOCUMENT REQUEST NO. 48:**

Produce all documents related to or reflecting whether any Individual Defendant was acting under color of law and/or within the scope of his duty and/or employment related to the Incident.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 48:**

Defendants object to Document Request No. 48 on the grounds that it is overbroad in that it seeks the identity of "all documents related to or reflecting whether any Individual Defendant was acting under color of law and/or within the scope of his duty and/or employment related to the Incident." Defendants further object on the grounds that identifying "all documents related to or reflecting whether any Individual Defendant was acting under color of law and/or within the scope of his duty and/or employment related to the Incident" may be impossible and not proportional to the needs of the case. Defendants further object to on the grounds that it is vague, ambiguous, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it calls for the production of documents containing

information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding and without waiving or in any way limiting these specific objections, defendants refer plaintiff to defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108.

**DOCUMENT REQUEST NO. 49:**

Produce all documents related to each Defendant's defenses.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 49:**

Defendants object to Document Request No. 49 on the grounds that this is overbroad in that it seeks the identity of "all documents related to each Defendant's defenses." Defendants further object on the grounds that identifying "all documents related to each Defendant's defenses" may be impossible and not proportional to the needs of the case. Defendants further object to on the grounds that it is vague, ambiguous, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within defendant's possession, custody, or control. Defendants further object to this document request on the grounds that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the extent that it implicates the privacy interests and personal safety of the individual defendants and/or non-parties, to the extent that it

73

calls for the production of documents containing information of a private and sensitive nature that is unrelated to the performance of an officer's duties, to the extent that it implicates the provisions of the Health Insurance Portability and Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that are protected by the law enforcement, official information, attorney-client, attorney work product, doctor-patient, psychotherapist-patient, and/or other applicable privileges.

Notwithstanding and without waiving or in any way limiting these specific objections, defendants refer plaintiff to defendants' Initial Disclosures, dated March 19, 2025, PLAN Disclosures, dated Mach 31, 2025, and the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108.

**DOCUMENT REQUEST NO. 50:**

Produce all other documents related to the Incident that are not otherwise requested, or disclosed in response to the requests, above.

**OBJECTION AND RESPONSE TO DOCUMENT REQUEST NO. 50:**

Defendants object to Document Request No. 50 on the grounds that this is overbroad in that it seeks the identity of "all other documents related to the Incident that are not otherwise requested, or disclosed in response to the requests above." Defendants further object on the grounds that identifying "all other documents related to the Incident that are not otherwise requested, or disclosed in response to the requests above" may be impossible and not proportional to the needs of the case. Defendants further object to on the grounds that it is vague, ambiguous, not sufficiently limited in time or scope, to the extent that it seeks information that is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, to the extent there is another more practical method of obtaining discovery, such as depositions regarding facts within the knowledge of individuals identified, to the extent that it seeks information that is not within

defendant's possession, custody, or control. Defendants further object to this document request on

to the extent that it implicates the sealing provisions of N.Y. Crim. Proc. Law § 160.50, to the

extent that it implicates the privacy interests and personal safety of the individual defendants

and/or non-parties, to the extent that it calls for the production of documents containing

information of a private and sensitive nature that is unrelated to the performance of an officer's

duties, to the extent that it implicates the provisions of the Health Insurance Portability and

Accountability Act, 45 C.F.R. § 164.512 ("HIPAA"), and to the extent that it seeks documents that

are protected by the law enforcement, official information, attorney-client, attorney work product,

doctor-patient, psychotherapist-patient, and/or other applicable privileges.


Dated:          New York, New York
                March 6, 2026


                                    STEVEN BANKS
                                    Corporation Counsel of the
                                     City of New York
                                    *Attorney for Defendant*
                                    100 Church Street, Room 3-178
                                    New York, New York 10007
                                    (212) 356-3541

                                    By:      s/*Yini Zhang*
                                    _____
                                             Yini Zhang
                                             *Senior Counsel*


TO:     Regina Yu
        COHEN&GREEN P.L.L.C.
        *Attorney for Plaintiff*
        regina@femmelaw.com