

COHEN GREEN

March 18, 2026

Hon.  Jennifer L. Rochon, U.S.D.J.
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

By Electronic Filing.

> **Re:**  **Hasnain v. City of New York, et al., 24-cv-06221 (JLR)**

Dear Judge Rochon:

I am co-counsel for Plaintiff Anees Hasnain in this matter.  I write, pursuant to the Court's Individual Rule § 2(E), seeking discovery relief.

As noted in the motion the Court just denied at ECF No. 65, Defendants still have not produced a single document outside the 1983 Plan disclosures.  They have now missed three noticed depositions, and have not confirmed any future depositions.  And their formal discovery responses do not approach compliance with the 2015 Amendments.  This appears to be, in part, because of an emergency leave for the previously sole lawyer assigned to work on the case at the City.  We have discussed with a supervisor on the case (who is not working on the case) the City's request that to hold off, but without any extensions on discovery, Plaintiff cannot wait longer to move for relief she has been seeking by meet and confer for about two months.

By way of background, Plaintiff initially served formal requests (attached as **Exhibit 1**) on September 18, 2025.  The parties ultimately mutually requested and agreed to produce final responses on January 19, 2026.  Defendants did not serve them.  Plaintiff followed up several times in advance of the February 18, 2026 status conference — and raised Defendants' failure to serve responses at that conference as well.  Thereafter, however, Defendants still did not immediately produce responses.

On March 2, consistent with the Court's direction to begin depositions in mid-March at the latest, Plaintiff noticed a series of depositions, with the first few to take place on March 13, 16, and 18th (attached as **Exhibit 2**).  On documents, after still more follow up and a threat to file a motion by the end of the day on March 4, Defendants promised responses to be served on March 5, and actually served them (attached as **Exhibit 3[1]**) on March 6.

In those responses, Defendants *did not produce a single document outside of the Plan disclosures*.  22 times in the responses, Defendants "further state they are continuing to search for

---

[1] Because of the page limit in the Court's Individual Rules, and the fact that Defendants' failure to follow the Rules pervades all 75 pages of their responses, Plaintiff cannot include the verbatim text of the responses as required by Local Rule 37.1 — and asks the Court to deem the verbatim text incorporated as attached hereto.



responsive material, and will supplement this response, if necessary." Every single response references "documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108" (which spans the entirety of Defendants' Plan disclosures), without any specificity or often relevance to the request.[2] Defendants also incorrectly object that "they will provide responsive information upon entry of an appropriate Stipulation and Protective Order," since there is such an order (because this is a 1983 Plan case).

Plaintiff asked for a meet and confer the same day these inadequate responses were served, and asked for it to take place that day because of the massive delays to date and the timeline the Court set. While Defendants did not respond directly, on March 9, Plaintiff was able to force a meeting because counsel scheduled a meeting on another case (and the plaintiff there noted that that was our plan in advance). At that meeting, Defendants committed (1) that production was going to be made on a rolling basis through March 13; (2) that Defendants agreed to either amend their responses or agree there was an impasse allowing a motion on the 2015 Amendments issue by the same date; and (3) that Defendants would provide real dates to avoid canceling further depositions. The third item came because Defendants also indicated they likely needed to cancel the March 13, 2026 deposition. The parties also agreed there was an impasse allowing a motion if Defendants did not meet any of these commitments.

When no rolling production happened, Plaintiff followed up on the morning of March 13. At 5:35 p.m., counsel responded: "I am on emergency medical leave as of today. A new ACC will be assigned and will address the discovery matters." Plaintiff has repeatedly attempted to schedule a meeting with any lawyer for Defendant, and while a supervisor asked us to make the motion at ECF No. 64, no one has appeared or agreed to schedule a meeting. After the Court's Order at ECF No. 65, I asked the supervisor we have been in touch with to let us know who we could meet with immediately, and that we would be filing this motion immediately. While I had a phone call with a supervisor in the Corporation Counsel, they had not yet assigned an attorney to the case, and there was no ability to discuss the substance of the issues — and as I explained, with the schedule we have, there is simply no further time to wait for initial discovery responses.

## Discussion

A discovery response must "state objections with specificity (and to clearly indicate whether responsive material is being withheld on the basis of objection)." *Fischer v Forrest*, 2017 US Dist LEXIS 28102, at *9 (SDNY Feb. 28, 2017) (warning, "[f]rom now own," failure to meet that floor "will be deemed a waiver of all objections (except as to privilege)"). Likewise, "[f]or defendants to resist [the] document demands in blunderbuss fashion … is unacceptable." *Universal Processing LLC v Weile Zhuang*, 2023 NY Slip Op 33077[U], *3 (Sup Ct, NY County 2023). "Whether viewed cursorily or exhaustively, defendants' response to [Plaintiff's discovery] is palpably insufficient." *Id.* (production of a single page was improper).

---

[2] For example, Request 22 asks for Line of Duty (or "LOD") injury reports for individual Defendants. No LODs were produced in initial disclosures. Yet, Defendants say, "defendants refer plaintiff to defendants' Initial Disclosures … and the documents previously produced therein bearing Bates Stamp Nos. D_00001 – D_108." Ex. 3 at 44.

COHEN&GREEN

Page 2 of 4

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



Defendants' responses are identical to those Judge Peck castigated in *Fischer* as "meaningless boilerplate, and accordingly "defendants have violated the Rules." *Fischer*, 2017 US Dist LEXIS 28102, at *9. As a representative example, Document Request 3 asks for photographs, like the photographs often used at protests to track which officers arrested which people. After a paragraph of boilerplate, Defendants say "without waiving or in any way limiting these specific objections," Plaintiff should look at "D_00001 – D_108" (which contains no such photographs) and that Defendants "are continuing to search for responsive material." This response leaves Plaintiff "uncertain whether any relevant and responsive information has been withheld on the basis of the objections." Fed. R. Civ. P. 34(b)(2)(C) (Advisory Committee's 2015 Amendment Notes). Such "boilerplate objections that include unsubstantiated claims of undue burden, overbreadth and lack of relevancy," while producing "no documents and answer[ing] no interrogatories . . . are a paradigm of discovery abuse." *Jacoby v. Hartford Life & Accident Ins. Co.*, 254 F.R.D. 477, 478 (S.D.N.Y. 2009).

With the page limit, Plaintiff cannot address each and every flaw, but many of the objections are ill-placed. As noted above, for disciplinary records, "defendants state that they will provide responsive information upon entry of an appropriate Stipulation and Protective Order." *See, e.g.,* Ex. 3 at 54. But there is such an order, since this is a Plan case — and when Plaintiff raised this at the meet and confer, we were promised an immediate production that never came. Defendants object to terms defined in the Requests, or are just easily understood, like "Personal Knowledge," "communicated," "SPRINT report," and — incredibly — "force." Ex. 3 at 3, 20, 28, 39. Plaintiff's view, at this stage, is that the calendar requires Defendants' failure to comply with the Rules to "be deemed a waiver of all objections (except as to privilege)." *Fischer*, 2017 US Dist LEXIS 28102, at *9. Any other result pushes things months back, which the Court has indicated it is unwilling to do. ECF No. 65. But in the event the Court is willing to extend the calendar, it should at least require new, rule-compliant responses with a warning that further failure to follow the rules will be deemed a waiver, as Judge Peck did in his "wake up call" in *Fischer*.

Likewise, the Court should compel Defendants to confirm deposition dates, ideally for dates after the date by which Court orders documents to be produced. Defendants have, as of today, missed three depositions. And the notice Plaintiff issued — based on the schedule the Court set — requires the parties to be having depositions now.

Last, the Court should award mandatory fees. Rule 37 provides that "if a motion to compel is granted, 'or if the disclosure or requested discovery is provided after the motion was filed — the court **must** . . . award reasonable motion expenses incurred in making the motion.'" *Underdog Trucking, L.L.C. v. Verizon Servs. Corp.*, 273 F.R.D. 372, 377 (S.D.N.Y. 2011) (quoting Fed. R. Civ. P. 37) (emphasis added in Underdog). There are narrow exceptions to that rule when the movant doesn't meet and confer (37(a)(5)(A)(i)), where the non-disclosure is "substantially justified" ((A)(ii)), or where other circumstances make a mandatory award "unjust" ((A)(iii)). Here, however, there is no possible justification for producing no documents at all. In short: There is no justification for failing to follow the 2015 Amendments, some eleven years on. And as far as producing literally no documents, [f]or defendants to resist [the] document demands in blunderbuss fashion … is unacceptable." *Universal*, 2023 NY Slip Op 33077[U], *3.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com



As always, I thank the Court for its time and attention.

Respectfully submitted,

/s/
_____

J. Remy Green
*Honorific/Pronouns: Mx., they/their/them*
**Cohen&Green P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by ECF.

Defendants are directed to respond to this letter by March 23, 2026. Furthermore, the parties shall appear before the Court for a virtual conference on **March 26, 2026** at **11:00 a.m.**  Counsel shall submit an appearance sheet pursuant to the Court's Individual Rule 2(B) and will receive Microsoft Teams log-in credentials at the email addresses provided.  The public listen-only line may be accessed by dialing Phone Number: 646-453-4442 | Phone Conference ID: **747 406 152#.**

Date:   March 18, 2026
New York, New York

**SO ORDERED.**

*Jennifer Rochon*
_____
**JENNIFER L. ROCHON**
**United States District Judge**

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com