THE CITY OF NEW YORK

# LAW DEPARTMENT

**STEVEN BANKS**
*Corporation Counsel*

100 CHURCH STREET
NEW YORK, N.Y. 10007

**JONATHAN HUTCHINSON**
*Senior Counsel*
Tel.: (212) 356-2410
jhutchin@law.nyc.gov

March 23, 2026

**VIA ECF**
Honorable Jennifer L. Rochon
Southern District of New York

        Re:    <u>Anees Hasnain v. The City of New York et. al.</u>, 24 Civ. 6221 (JLR)

Your Honor:

      I am a Senior Counsel in the Office of Steven Banks, Corporation Counsel of the City of New York, and the attorney representing defendants the City of New York, Nicholas Albergo, Allyson Echavarria, Freddy Suazo, Gianfranco Rubino, Benjamin Beiro, Robert Livingston, Angelica Amaya, Jason Castillo, Nicholas Noto, Nicholas Blake, Johnny Solorzano, and Diana Schutz ("defendants") in the above-referenced matter. Defendants write to respectfully oppose plaintiff's motion to compel and for sanctions, and request that the motion be denied in its entirety.

      As an initial matter, I was just assigned to this matter on the evening of March 18, 2026, following the filing of plaintiff's motion to compel, in place of the prior assigned attorney, who unexpectedly went out on emergency medical leave. Nevertheless, I want to assure the Court that I am committed to moving this case forward and completing fact discovery within the current deadline of June 1, 2026.

      To that end, on March 19, 2026, I had a productive meet and confer telephone call with plaintiff's counsel to discuss the outstanding discovery in this matter. Since that time, I have provided plaintiff's counsel with available dates in April and May for the depositions of all nine of the individuals plaintiff has indicated a desire to depose. As of the filing of this letter, all nine of those depositions have been scheduled. I have also asked plaintiff's counsel to provide me with available dates in late April or early May for plaintiff's deposition. Thus, the parties should be able to complete all depositions prior to the June 1, 2026 fact discovery deadline. As a result, plaintiff's motion to "compel Defendants to confirm deposition dates" should be denied as moot.[1]

      In further effort to move discovery along and avoid delay, I have already made a supplemental document production consisting of 44 pages of plaintiff's medical records, and have adjourned a previously scheduled mediation on another matter, in order to timely attend the conference scheduled for March 26, 2026 and further dress plaintiff's motion to compel.

      In addition, contrary to plaintiff's assertions that defendants have produced "literally no documents," defendants' document production thus far has been comprehensive. It is first important to note that plaintiff's claims in this action arise out of "two summonses" that she was

---

[1] Defendants respectfully note that, although plaintiff claims in her letter that defendants have "missed three depositions," plaintiff's counsel confirmed during the parties' recent meet and confer that the "missed" dates were all unilaterally selected by plaintiff's counsel without any conferral or confirmation with defense counsel or the individuals to be deposed.

issued "[a]fter approximately 5 to 7 hours" in police custody which were not filed with the court. Amended Complaint (Dkt. No. 24) at ¶¶ 31-32.  As a result, there are necessarily not as many incident-related documents in the possession, custody, or control of any of the City defendants as there may otherwise be in a different case involving the NYPD.

Moreover, contrary to plaintiff's apparent disparagement of Local Civil Rule 83.10 (the "1983 Plan"), the 1983 Plan requires the production of a comprehensive set of documents, including, for example, videos and photographs of the incident, complaint reports, arrest reports, summonses, use of force reports, injury reports, reports of medical treatment, daily activity reports / memobook entries, property/evidence vouchers, criminal court and district attorney files, and certain disciplinary records. Thus, it is disingenuous, to say the least, for plaintiff to repeatedly disparage defendants' document production in this matter by stating "Defendants still have not produced a single document outside the 1983 Plan disclosures." Indeed, in any Section 1983 case involving the NYPD, there are not many, if any, documents that are produced by defendants outside of the 1983 Plan disclosures, let alone a case involving the issuance of summonses, less than 10 hours in custody and no prosecution.

In this matter, defendants have previously produced, *inter alia*, the summonses issued to plaintiff, the daily activity logs for all twelve individual defendants, body-worn camera footage from all twelve individual defendants, and certain disciplinary records for all twelve individual defendants. *See* Defendants' Initial Disclosures (attached as Exhibit A); Defendants' Limited Discovery (attached as Exhibit B).

In this regard, defendants respectfully note that many of the issues plaintiff raises with respect to defendants' discovery responses apply to plaintiff's responses (attached as Exhibit C) as well. First, plaintiff repeatedly indicates, on at least seven occasions, that she is "still collecting records . . . and will provide a supplemental response on or before February 17, 2026."  I confirmed with plaintiff's counsel at the parties' March 19, 2026 meet and confer that no such supplemental responses were served by that date or in the month since. In addition, plaintiff routinely utilizes boilerplate non-responses (i.e., "The releases required by law will be provided, to the extent they have not been already.") and refers generally to 64 pages of initial and/or supplemental disclosures without specificity.

Notably, in plaintiff's letter motion, she does not at any point mention a single document that she believes she is entitled to but has not yet received. Upon information and belief, plaintiff also never served a deficiency letter or ever otherwise stated in writing which documents she believed defendants should have produced but did not. Thus, during the parties' March 19, 2026 meet and confer, I asked plaintiff's counsel to specify which documents they believe defendants have improperly failed to produce. Defendants will address each briefly below however they respectfully submit that the discoverability of these specific items is not properly before the Court.

Plaintiff's counsel indicated that they were seeking (i) aided reports for any civilians or officers, (ii) line of duty injury reports for any injured officers, (iii) text messages exchanged between defendants pertaining to the incident, (iv) "any prompts submitted to large language models by defendants," (v) "*Monell* discovery" specifically pertaining to (unspecified) policies in

effect on the date of the incident, and (vi) underlying records pertaining to **all** allegations of misconduct that have been made against the defendants in their entire careers with the NYPD.

As I indicated to plaintiff's counsel during the parties' March 19, 2026 meet and confer, defendants will investigate the existence of items (i) through (iv) and produce any such non-privileged items in a timely manner.[2]

With respect to item (v), the NYPD Patrol Guide, which contains NYPD guidelines and policies, including with respect to the issuance of summonses, arrests and the use of force, is publicly available, as defendants pointed out in their responses to plaintiff's discovery demands. Should plaintiff be seeking additional *Monell* discovery (which plaintiff did not specify in the instant motion to compel or during the parties' subsequent meet and confer), defendants respectfully request the opportunity to further meet and confer with plaintiff regarding such additional discovery and/or regarding a possible application to bifurcate *Monell* discovery.

With respect to item (vi), plaintiff's request is extraordinarily overbroad, unduly burdensome and not proportional to the needs of the case. Indeed, there is no realistic way discovery could be completed within the current deadlines were such a document production to occur. Plaintiff does not limit this request in any meaningful or appropriate way, contrary to Second Circuit precedent. For example, plaintiff does not limit her request to allegations relating to credibility and those similar in nature to those alleged in this action, does not limit her request to allegations made within any certain time period, does not limit her request in terms of type of documentation (i.e., closing reports), and does not limit her request to allegations that resulted in an adverse finding. With a request this broad, especially in a case with so many individual police defendants (many of whom improperly remain in this case), plaintiff is effectively seeking the collection, review, redaction and production of potentially thousands of pages of documents (as plaintiff's counsel is well aware, a single disciplinary file pertaining to even one allegation of misconduct could exceed 1,000 pages, exclusive of audio and video). Moreover, plaintiff's request implicates state sealing statutes and the privacy rights of non-parties.[3]

For the foregoing reasons, defendants respectfully request that the Court deny plaintiff's motion to compel, which is largely if not entirely now moot, and for sanctions in its entirety.[4]

---

[2] Plaintiff's counsel also only specifically requested that defendants amend their responses to plaintiff's interrogatories regarding which individuals had personal knowledge of plaintiff's criminal conduct and which offenses the police had probable cause for which to arrest plaintiff. I indicated that I would evaluate defendants' prior responses to these interrogatories and amend as appropriate in a timely manner.

[3] Defendants respectfully reserve the right to submit additional briefing as to this issue which, again, has not been properly presented to the Court.

[4] In light of the parties' productive meet and confer telephone conversation on March 19, 2026, which either fully, or at least partially, resolved the issues raised in plaintiff's motion to compel, I did ask plaintiff's counsel whether they would withdraw their motion to compel but they declined to do so.

Thank you for your consideration herein.

Respectfully submitted,

*/s/Jonathan Hutchinson*
Jonathan Hutchinson
*Senior Counsel*
Special Federal Litigation Division

Encls.

cc:     **VIA ECF**
        All counsel of record