**UNITED STATES DISTRICT COURT FOR THE**
**SOUTHERN DISTRICT OF NEW YORK**
-----------------------------------------------------------------------X

ANEES HASNAIN,

                               Plaintiff,

                -against-

THE CITY OF NEW YORK, NICHOLAS ALBERGO,
ALLYSON ECHAVARRIA, GIANFRANCO RUBINO,
ROBERT LIVINGSTON, ANGEL AMAYA, JASON
CASTILLO, NICHOLAS NOTO, NICHOLAS BLAKE,
JOHNNY SOLORZANO, DIANA SCHUTZ, FREDDY
SUAZO, and BENJAMIN BEIRO,

                               Defendants.
-----------------------------------------------------------------------X

**Index No. 24-CV-6221 (JLR)**

**PLAINTIFF'S RESPONSES AND
OBJECTIONS TO DEFENDANTS'
FIRST SET OF
INTERROGATORIES AND
REQUEST FOR PRODUCTION OF
DOCUMENTS**

       In accordance with Rules 26, 33, and 34 of the Federal Rules of Civil Procedure, Plaintiff

ANEES HASNAIN**,** by her attorneys, provides the following responses and objections to

Defendants' First Set of Interrogatories and Request for Production of Documents ("Defendants'

Requests").

<u>**QUALIFICATIONS**</u>

       1.     The following responses are based upon information and documents presently known to

be available to Plaintiff. Plaintiff is continuing to search for documents and information responsive to

Defendants' Requests and therefore reserves the right to supplement these responses as may be

necessary if and when such documents or information become available to Plaintiff's counsel. Plaintiff

also reserves the right to object to the future disclosure of same.

       2.     Except where a fact is expressly admitted herein, Plaintiff makes no incidental or

implied admissions.

3.    Plaintiff's response to any part of Defendants' Requests shall not be taken as an admission that Plaintiff accepts or admits the existence of any fact(s) set forth or presumed by Defendants' Requests.

4.    By responding to any request, Plaintiff does not concede the materiality of the subject to which it refers.

5.    Plaintiff's responses are made expressly subject to, and without waiving or intending to waive, any questions or objections as to the competency, relevancy, materiality, privilege, or admissibility as evidence or for any other purpose of any of the documents or information produced or of the subject matter thereof, in any proceeding including the trial of this action or any subsequent proceeding.

6.    Plaintiff objects to Defendants' Requests to the extent that they demand documents and/or information the disclosure of which is protected from disclosure on attorney-client, work product, or other, similar grounds, such as material prepared for litigation purposes. Plaintiff has not searched for or produced any such information or documents in responding to Defendants' Requests.

7.    The inadvertent production of any document or information that is privileged, prepared in anticipation of litigation, or is otherwise immune from discovery, shall not constitute a waiver of any privilege or of another ground for objecting to discovery with respect to that document or information or any other document or information or their subject matter, or of Plaintiff's right to object to the use of any such document or information by Defendants during any stage of the proceedings in this litigation or otherwise.

## PLAINTIFF'S RESPONSES TO DEFENDANTS' INTERROGATORIES

**Interrogatory No. 1**

Identify all persons who: (a) witnessed, were present at, or have knowledge of the Incident, and

2

(b) witnessed or have knowledge of plaintiff's physical or emotional injuries or damages arising from, or caused or exacerbated by, the Incident. If plaintiff is unable to identify any person within the meaning of Local Civil Rule 26.3, describe each person's physical appearance.

**Response to Interrogatory No. 1:**

**Objections:**

(1) Plaintiff objects to this Interrogatory to the extent that it asks Plaintiff to provide descriptions of physical appearance, and therefore employs a definition of "identify" beyond the definition in Rule 26.3(c)(3) of the Local Rules of the United States District Courts for the Southern and Eastern Districts of New York (the "Local Rules"), in violation of Local Rule 26.3.[1]

**Limitations on Search/Collection:**

(1) Plaintiff limits her response to the information required by Local Civil Rule 26.3 (Objection 1[2]).

**Documents/Information Withheld:[3]**

None, beyond the limitations above.

**Production:**

To the extent persons who witnessed, were present at, or have knowledge of the Incident, or witnessed or have knowledge of Plaintiff's emotional injuries or damages arising from, or caused or exacerbated by, the Incident, are identified in the electronic communications disclosed with Plaintiff's

---

[1] Local Rule 26.3(a) and 26.3(c)(3) limit requests to "identify" with respect to persons to providing, to the extent known, the person's full name, present or last known address, and, when referring to a natural person, additionally, the present or last known place of employment.

[2] Here and in the following responses, the parenthetical indicates "whether any responsive materials are being withheld on the basis of [a particular] objection," and what those documents are. Fed. R. Civ. P. 34(b)(2)(c); *see also,* Fed. R. Civ. P. 34(b)(3) and (b)(4).

[3] Where a withholding is not noted, nothing is being withheld (subject to the qualifications above).

March 19, 2025 Initial Disclosures made pursuant to Fed.R.Civ.P. 26(a)(1)(A) or in documents produced with Plaintiff's April 7, 2025, or July 29, 2025 supplemental disclosures, Plaintiff refers Defendants to those documents referring to those individuals, pursuant to Fed.R.Civ.P. 33(d). Those documents are PLAINTIFFS_000001-000064.

Beyond that, subject to and without waiving the foregoing objections or limitations, Plaintiff identifies the following individuals:

(a) Luis Mejia

Present place of employment: Rubenstein Associates

Present address: 2072 5th Avenue, Apt 4, New York, NY 10035

(b) Steve Cruz

Last known place of employment: N/A; does in-home family care-taking

Last known address: New York, NY

(c) Terrell Harper

Last known place of employment: Unknown

Last known address: Brooklyn, NY

(d) Micah Phillips

Last known place of employment: Freelance hospitality (bartending and catering)

Last known address: Brooklyn, NY

(e) Other individuals who may later by identified as having discoverable information whose identities are still unknown.

Plaintiff is still collecting records responsive to this Interrogatory and will provide a supplemental response on or before February 17, 2026.

**Interrogatory No. 2:**

4

Identify any person and/or entity, including, but not limited to the media, Civilian Complaint Review Board, NYPD's Office of the Inspector General ("OIG") or Internal Affairs Bureau, District Attorney, Attorney General, U.S. Attorneys' Office or other law enforcement agency with whom plaintiff, or anyone on plaintiff's behalf, communicated concerning the Incident.

**Response to Interrogatory No. 2:**

**Objections:**

(1) Plaintiff objects to the Interrogatory as unduly burdensome in that it may refer to oral communications that were not recorded electronically or otherwise, including because information about such oral communications specifically is more readily obtained through other means, such as through deposition testimony.

(2) Plaintiff further objects to this Interrogatory to the extent Defendants ask Plaintiff to identify communications third parties may have made "on [her] behalf" which she may not have directed or had any knowledge of, she cannot provide an answer.

**Limitations on Search/Collection:**

Plaintiff will only provide responses regarding oral communications to the extent that she can recall them and her answer cannot and does not cover communications made on her behalf that she is not aware of — and her response is not intended to confirm such communications do not exist (Objections 1 and 2).

**Documents/Information Withheld:**

None, beyond the limitations above.

**Production:**

To the extent persons or entities with whom Plaintiff or others on Plaintiff's behalf communicated concerning the Incident are identified in the documents disclosed with Plaintiff's March 19, 2025 Initial Disclosures made pursuant to Fed.R.Civ.P. 26(a)(1)(A) or in documents produced with

Plaintiff's April 7, 2025, or July 29, 2025 supplemental disclosures, Plaintiff refers Defendant to those documents referring to those individuals, pursuant to Fed.R.Civ.P. 33(d). Those documents are PLAINTIFFS_000001-000064.

Beyond that, subject to and without waiving the foregoing objections or limitations, and to the extent that it becomes necessary to supplement this response, Plaintiff identifies the individuals named in response to Interrogatory No. 1, above.

**Interrogatory No. 3**

Identify all documents and communications concerning (a) the Incident, and/or (b) any physical and emotional injuries, and damages that plaintiff claims arose from, or were caused or exacerbated by, the Incident.

**Response to Interrogatory No. 3:**

**Objections:**

(1) Plaintiff objects to the Interrogatory as unduly burdensome in that it may refer to oral communications that were not recorded electronically or otherwise, including because information about such oral communications specifically is more readily obtained through other means, such as through deposition testimony, and because the process of attempting to reconstruct every single oral communication about the life-changing injuries in this case would take dozens of hours without any meaningful benefit, and would be extremely traumatic given the nature of the injuries.

(2) Further, this Interrogatory technically calls for attorney work product and/or attorney-client communications. Plaintiff objects to producing or searching for attorney work product and attorney-client communications. Searching for and through those communications imposes a substantial time burden, with virtually no chance it will lead to discoverable information.

6

**Limitations on Search/Collection:**

Plaintiff is identifying only written communications that relate to the Incident or Plaintiff's physical and emotional injuries and damages (Objection 1).

Plaintiff is excluding all communications with her lawyers from any search (Objection 2).

**Documents/Information Withheld:**

None, beyond the limitations above.

**Production:**

To the extent responsive communications regarding the Incident are identified in the documents disclosed with Plaintiff's March 19, 2025 Initial Disclosures made pursuant to Fed.R.Civ.P. 26(a)(1)(A) or in documents produced with Plaintiff's April 7, 2025, or July 29, 2025 supplemental disclosures, Plaintiff refers Defendant to those documents referring to those individuals, pursuant to Fed.R.Civ.P. 33(d). Those documents are PLAINTIFFS_000001-000064.

Subject to and without waiving the foregoing objections or limitations, Plaintiff identifies the following documents and communications concerning the Incident:

(1) Summonses (PLAINTIFFS_000001-000002);

(2) Email thread regarding disposition of summonses (PLAINTIFFS_000003-000004);

(3) CONFIDENTIAL medical records (PLAINTIFFS_000005-000016; PLAINTIFFS_000063-000064); and

(4) Video of the incident (PLAINTIFFS_000061–000062; PLAINTIFFS_000065).

**<u>Interrogatory No. 4:</u>**

Identify all photographs, video or audio recordings, or their electronic equivalent (images and/or files on any electronic storage device such as cell phones, PDAs, computers) concerning (a) the Incident and/or (b) any injuries and/or damages arising from, or caused or exacerbated, by the Incident.

**Response to Interrogatory No. 4:**

**Objections:**

None.

**Limitations on Search/Collection:**

None.

**Documents/Information Withheld:**

None.

**Production:**

Plaintiff refers Defendants to PLAINTIFFS_000061-000062 and PLAINTIFFS_000065.

**Interrogatory No. 5:**

Describe all physical or emotional injuries, ailments, disabilities and pains that plaintiff claims were caused or exacerbated by the Incident, and any condition that is a consequence of each such injury, ailment, disability and pain.

**Response to Interrogatory No. 5:**

**Objections:**

(1)  Plaintiff objects to the use of the words "ailments" and "disabilities" in the Interrogatory as vague as applied to Plaintiff's injuries and damages because it is not clear what those terms means in the context of those injuries and damages.

(2) Plaintiff further objects to this Interrogatory because it is premature and to the extent it seeks information more readily obtained through other means, such as deposition testimony, and therefore is not permitted by Local Rule 33.3(a).

**Limitations on Search/Collection:**

Plaintiff does not understand how "ailments" and "disabilities" applies here, and has not been able to search absent such an understanding (Objection 1).

Plaintiff's response is non-comprehensive, and intended only to be a summary.

**Documents/Information Withheld:**

None, beyond the limitations above.

**Production:**

Subject to and without waiving the foregoing objections or limitations, Plaintiff provides the following *non-comprehensive* description of Plaintiff's physical and emotional injuries and/or pains in response to this Interrogatory: Plaintiff suffered a concussion, temporary loss of consciousness, ongoing post-concussion symptoms, and emotional injuries and pains including, but not limited to, fear, anxiety, and distress. Plaintiff has been diagnosed with PTSD as a result of this incident.

**Interrogatory No. 6:**

Identify any healthcare providers plaintiff saw or received treatment from for injuries identified in paragraph 6[4] above. If plaintiff did not see or receive treatment from any healthcare provider for any injuries identified in paragraph 6 above so state in writing.

**Response to Interrogatory No. 6:**

**Objections:**

None.

**Limitations on Search/Collection:**

None.

**Documents/Information Withheld:**

---

[4] Plaintiff provides this response presuming that Defendants meant to write "paragraph 5" in this Interrogatory as opposed to "paragraph 6."

None.

**Production:**

Based on the correction above, Plaintiff identifies the following medical providers:

a) U.S. Olympic & Paralympic Training Center - 1 Olympic Plaza, Colorado Springs, CO 80909

b) Brenda Howard at CityMD - 80 W 125th St, New York, NY 10027

c) Fran Riley at NewYork-Presbyterian Columbia University Irving Medical Center Emergency Room - 22 W 168th St, New York, NY 10032

d) Sophia Lall at Mount Sinai Doctors Faculty Practice - 5 E. 98th Street, 6th floor New York, NY 10029

**Interrogatory No. 7:**

If plaintiff claims that any injury or condition was exacerbated by the Incident, describe that injury or condition, and identify all healthcare providers who saw or treated plaintiff for each such pre-existing injury or condition in the past 10 years.

**Response to Interrogatory No. 7:**

Plaintiff does not claim that any injury or condition was exacerbated[5] by the Incident and will therefore provide no further response to this Interrogatory.

**Interrogatory No. 8:**

---

[5] Plaintiff sustained a concussion years prior to this incident while training in martial arts at the US Olympic & Paralympic Training Center in Colorado Springs, CO, at some point around approximately 2004-2008. This occurred when Plaintiff was a teenager. At the time of the incident at issue in this complaint, all of Plaintiff's systems from her prior concussion had been fully resolved for years.

10

Provide a computation of each category of economic damages that plaintiff claims were caused, in whole or in part, by the Incident, including without limitation lost income, out-of-pocket expenses, property damage, attorneys' fees, medical or pharmacy expenses, court fees, bail, commissary expenses, and/or travel expenses, and identify all documents upon which plaintiff's computations are based.

**Response to Interrogatory No. 8:**

**Objections:**

(1)  To the extent the Interrogatory might be construed to relate to fees paid for statutory attorney's fees under 42 U.S.C. § 1988, although they are not economic damages, Plaintiff objects to this Interrogatory as vague and premature insofar as it requests identification of attorneys' fees and expenses connected to prosecution of this action. Plaintiff reserves the right to file an application for such attorneys' fees and expenses, and to identify and document the amount and scope of such fees and expenses, at the time(s) provided for by the Federal Rules of Civil Procedure and 42 U.S.C. § 1988.

**Limitations on Search/Collection:**

The response below does not cover attorney's fees (Objection 1).

**Documents/Information Withheld:**

None, beyond the limitations above.

**Production:**

Subject to and without waiving the foregoing objection, Plaintiff states that she is not claiming economic damages for property damage, court fees, bail, commissary expenses, and/or travel expenses.

Plaintiff further states that she is, however, still collecting records responsive to this Interrogatory and will provide a supplemental response on or before February 17, 2026.

11

**Interrogatory No. 9:**

If plaintiff is making a claim for lost income, identify all plaintiff's employers for the past 10 years, including the dates of employment.

**Response to Interrogatory No. 9:**

Plaintiff is still collecting records responsive to this Interrogatory and will provide a supplemental response on or before February 17, 2026.

**Interrogatory No. 10:**

State whether plaintiff has been arrested on any occasion other than the Incident, and, if so, for each such arrest, provide the State, county or jurisdiction of the arrest, the date of the arrest and the arrest charges.

**Response to Interrogatory No. 10:**

**Objections:**

(1) Plaintiff objects to this Interrogatory as overbroad because it seeks private and sensitive information, including information pertaining to arrests or convictions that may be sealed, expunged, or otherwise nullified pursuant to Court order or by operation of state law, that is not relevant to any party's claim or defense, and therefore exceeds the scope of Federal Rule of Civil Procedure 26(b)(1).

(2) On the same grounds, it is burdensome and not proportional to the needs of the case, considering that such discovery would have no value in resolving the issues in the case, but disclosing this information would impose serious burdens on each Plaintiff's privacy interests that would likely outweigh any potential benefit of disclosure to any issue in this litigation.

(3) Plaintiff also objects that it is overbroad in setting no time limitation on the information sought.

12

(4) Likewise, this interrogatory seeks information barred by, among other things, New York Crim. P. L. § 160.50 and equivalent laws in other jurisdictions.

**Limitations on Search/Collection:**

See below

**Documents/Information Withheld:**

Plaintiff will not answer this interrogatory (Objections 1, 2, 3, and 4).

**Production:**

None, notwithstanding any responsive information the City is able to access to pursuant to Plaintiff's 160.50 authorization, which was served on Defendant City on August 20, 2024.


**Interrogatory No. 11:**

State whether plaintiff has been a defendant in a criminal proceeding (felony, misdemeanor or violation) on any occasion other than the Incident, and, if so, for each criminal proceeding, provide the State, county, court, case or indictment number, date the prosecution was initiated, and the disposition.

**Response to Interrogatory No. 11:**

**Objections:**

(1) Plaintiff objects to this Interrogatory as overbroad because it seeks private and sensitive information, including information pertaining to arrests or convictions that may be sealed, expunged, or otherwise nullified pursuant to Court order or by operation of state law, that is not relevant to any party's claim or defense, and therefore exceeds the scope of Federal Rule of Civil Procedure 26(b)(1).

(2) On the same grounds, it is burdensome and not proportional to the needs of the case, considering that such discovery would have no value in resolving the issues in the case, but disclosing this information would impose serious burdens on each Plaintiff's privacy interests

13

that would likely outweigh any potential benefit of disclosure to any issue in this litigation.

(3) Plaintiff also objects that it is overbroad in setting no time limitation on the information sought.

(4) Likewise, this interrogatory seeks information barred by, among other things, New York Crim. P. L. § 160.50 and equivalent laws in other jurisdictions.

**Limitations on Search/Collection:**

See below

**Documents/Information Withheld:**

Plaintiff will not answer this interrogatory (Objections 1, 2, 3, and 4).

**Production:**

None, notwithstanding any responsive information the City is able to access to pursuant to Plaintiff's 160.50 authorization, which was served on Defendant City on August 20, 2024.

**Interrogatory No. 12:**

State whether plaintiff has been a party to any lawsuit or administrative proceeding, and, if so, provide the State, court or administrative body, caption, case, docket or index number, the date the lawsuit or proceeding was initiated, and the disposition.

**Response to Interrogatory No. 12:**

**Objections:**

None

**Limitations on Search/Collection:**

Plaintiff is limited to what she recalls and what documents she has in her custody and control.

**Documents/Information Withheld:**

None

14

**Production:**

Yes, Plaintiff is a party to a lawsuit that is currently ongoing in NY County Supreme Court. The caption is Anees Hasnain v. City of New York, et al. The index number is 157094/2025. The lawsuit was initiated on June 2, 2025.

**Interrogatory No. 13:**

Identify all persons/entities who provided healthcare to plaintiff within the past ten years.

**Response to Interrogatory No. 13:**

**Objections:**

(1) Plaintiff objects because the Interrogatory seeks information that is private and sensitive, and not relevant to any party's claims or defenses — specifically, because all healthcare for the past ten years includes healthcare with no relation to the claims and defenses here — and therefore exceeds the scope of Federal Rule of Civil Procedure 26(b)(1).

(2) On the same grounds, putting aside the answers above, the Interrogatory is burdensome and not proportional to the needs of the case, considering that such discovery would have no value in resolving the issues in the case, but disclosing ten years of private information related to medical treatment and healthcare would impose serious burdens on Plaintiff's privacy interests that would outweigh any potential benefit of disclosure to any issue in this litigation.

(3) Plaintiff also objects that it is overbroad in time in seeking ten years of private medical-related information, since there is no connection between ten years of irrelevant medical history and the harm caused to Plaintiff by being slashed. Moreover, insofar as the interrogatory seeks medical, health, mental health, and health information regarding conditions or treatment that are irrelevant to Plaintiff's claimed injuries at all let alone ten

15

years' worth - its overbreadth is clear.

**Limitations on Search/Collection:**

Plaintiff has not searched for and will not disclose any medical, health, or mental health documents or information, aside from the documents and information regarding her treatment for the injuries relevant to this Incident (Objections 1, 2, and 3).

**Documents/Information Withheld:**

Plaintiff is withholding all information aside from the documents and information regarding treatment received for the injuries relevant to this Incident (Objections 1, 2, and 3).

**Production:**

Subject to and without waiving the foregoing objection, Plaintiff identifies the following:

a)  U.S. Olympic & Paralympic Training Center - 1 Olympic Plaza, Colorado Springs, CO 80909

b)  Brenda Howard at CityMD - 80 W 125th St, New York, NY 10027

c)  Fran Riley at NewYork-Presbyterian Columbia University Irving Medical Center Emergency Room - 22 W 168th St, New York, NY 10032

d)  Sophia Lall at Mount Sinai Doctors Faculty Practice - 5 E. 98th Street, 6th floor New York, NY 10029

**Interrogatory No. 14:**

Identify all persons/entities who provided healthcare insurance coverage to plaintiff within the past ten years.

**Response to Interrogatory No. 14:**

**Objections:**

(1) Plaintiff objects because the Interrogatory seeks information that is private and sensitive, and not relevant to any party's claims or defenses — specifically, because all health insurance information is not relevant to begin with, and the ten year range necessarily covers information with no conceivably connection to the claims and defenses here — and therefore exceeds the scope of Federal Rule of Civil Procedure 26(b)(1).

(2) On the same grounds, the Interrogatory is burdensome and not proportional to the needs of the case, considering that such discovery would have no value in resolving the issues in the case, but disclosing ten years of private information related to medical treatment and insurance claims would impose serious burdens on Plaintiff's privacy interests that would outweigh any potential benefit of disclosure to any issue in this litigation.

(3) Beyond that, in this connection, as an additional ground for Plaintiff's objections, Plaintiff notes that information about insurance would not be admissible for any purpose under the collateral source rule, and therefore the request does not seek "nonprivileged matter that is relevant to any party's claim or defense" (Fed. R. Civ. P. 26(b)(1), *see, e.g., Stewart v Am. Family Mut. Ins. Co.*, 2008 US Dist LEXIS 10288, at *16 (ED La Feb. 12, 2008)) — let alone do so in a way proportional to the needs of the case.

**Limitations on Search/Collection:**

Plaintiff limits her response to the persons/entities who provided healthcare insurance coverage to her regarding the injuries relevant to this Incident (Objections 1, 2, and 3).

**Documents/Information Withheld:**

See above and below.

**Production:**

Plaintiff is still collecting records responsive to this Interrogatory and will provide a supplemental response on or before February 17, 2026.

17

**Interrogatory No. 15:**

State whether plaintiff has applied for or has received any government benefits, including without limitation, worker's compensation, food stamps, social security disability, Medicare and/or Medicaid, within the past 10 years. If so, identify each person/entity who provided benefits, or to whom plaintiff made an application for benefits, and all applicable claim numbers.

**Response to Interrogatory No. 15:**

**Objections:**

(1) Plaintiff does not waive objections but is answering this interrogatory to avoid litigation.

**Limitations on Search/Collection:**

None.

**Documents/Information Withheld:**

None.

**Production:**

Plaintiff has previously applied for food stamps and Medicaid. She has previously received Medicaid. She currently receives no government benefits and has no applications pending.

**Interrogatory No. 16:**

State whether plaintiff made an application or claim for any disability or no-fault insurance coverage within the past 10 years. If so, for each application or claim identify the person/entity to whom plaintiff applied for coverage and all claim numbers.

**Response to Interrogatory No. 16:**

Plaintiff made an application for and was granted disability leave from Google, her employer at the time, for a few months in 2020. Plaintiff applied for unemployment insurance in 2021 and in 2024.

18

She has not made any other application or claim for any disability or no-fault insurance coverage within the past 10 years.

## PLAINTIFF'S RESPONSE TO DEFENDANTS' DOCUMENT DEMANDS

**Request No. 1:**

Produce all documents identified in your responses to the Interrogatories.

**Response to Request No. 1:**

Plaintiff incorporates her objections to Defendants' interrogatories and further objects to this demand because it seeks information protected by attorney-client and work product privileges. Without waiving any objection, Plaintiff has produced all non-privileged and responsive documents in her possession, including but not limited to the following documents:

(1) Summonses (PLAINTIFFS_000001-000002);

(2) Email thread regarding disposition of summonses (PLAINTIFFS_000003-000004);

(3) CONFIDENTIAL medical records (PLAINTIFFS_000005-000016; PLAINTIFFS_000063-000064); and

(4) Video of the incident (PLAINTIFFS_000061–000062; PLAINTIFFS_000065).

**Request No. 2:**

Produce all documents and communications concerning the Incident.

**Response to Request No. 2:**

Plaintiff hereby incorporates by reference objections set forth as to each of Plaintiff's Interrogatories Responses. Subject to and without waiving the objections set forth above, Plaintiff refers Defendants to the documents produced with Plaintiff's Initial Disclosures, supplemental disclosures, and herewith.

19

**Request No. 3:**

Produce all documents concerning any injuries or damages that plaintiff claims were caused or exacerbated by the Incident.

**Response to Request No. 3:**

Plaintiff refers Defendants to Plaintiff's initial disclosures and the documents produced herewith, as well as to Plaintiff's Responses to Interrogatories No. 3-7, which Plaintiff incorporates by reference, replacing the phrase "Interrogatory No." throughout with the phrase "Document Request No.".

**Request No. 4:**

Produce all documents concerning economic damages or losses that plaintiff claims were caused by the Incident.

**Response to Request No. 4:**

**Objections:**

(1) To the extent the Request might be construed to relate to fees paid for statutory attorney's fees under 42 U.S.C. § 1988, although they are not economic damages, Plaintiff objects to this Request as vague and premature insofar as it requests identification of attorneys' fees and expenses connected to prosecution of this action. Plaintiff reserves the right to file an application for such attorneys' fees and expenses, and to identify and document the amount and scope of such fees and expenses, at the time(s) provided for by the Federal Rules of Civil Procedure and 42 U.S.C. § 1988.

**Limitations on Search/Collection:**

The response below does not cover attorney's fees (Objection 1).

**Documents/Information Withheld:**

None, beyond the limitations above.

**Production:**

Plaintiff refers Defendants to Plaintiff's initial disclosures and the documents produced herewith, as well as to Plaintiff's Responses to Interrogatories No. 8-9, which Plaintiff incorporates by reference, replacing the phrase "Interrogatory No." throughout with the phrase "Document Request No.".

## Request No. 5:

Produce all documents and communications relating to the defense of any criminal prosecution, appeal or petitions concerning the Incident, including without limitation, the files and documents in the possession of your criminal defense attorneys, appellate attorneys, C.P.L. 440, habeas, or probation or parole attorneys who were in anyway involved in any aspect of your prosecution or incarceration.

**Response to Request No. 5:**

**Objections:**

(1) This Request calls for attorney work product and/or attorney-client communications. Plaintiff objects to producing attorney work product and attorney-client communications.

(2) Plaintiff additionally objects to the Request to the extent that it seems to call for Plaintiffs to produce documents and information that Defendants or third parties solely possess.

**Limitations on Search/Collection:**

Plaintiff is not searching for or producing any communications or documents exchanged with her attorneys in response to this Request (Objection 1).

Plaintiff is not producing documents outside her custody and control (Objection 2).

**Documents/Information Withheld:**

21

None, beyond the limitations above.

**Production:**

Subject to and without waiving the foregoing objections or limitations, Plaintiff states that she has no responsive documents.

**Request No. 6:**

Produce all documents concerning any complaints or statements made by plaintiff or anyone on plaintiff's behalf, or communications to any person/entity, including without limitation the media, U.S. Department of Justice, U.S. Attorneys' Office, District Attorney's Office, N.Y.S. Attorney General, CCRB, or NYPD's OIG or IAB, or any law enforcement agency, concerning the Incident.

**Response to Request No. 6:**

**Objections:**

(1) This Request calls for attorney work product and/or attorney-client communications. Plaintiff objects to producing attorney work product and attorney-client communications.

(2) Plaintiff further objects to this Request as vague and unduly burdensome to the extent it asks Plaintiff to identify communications third parties may have made "on [his] behalf," which she may not know about.

**Limitations on Search/Collection:**

Plaintiff is not searching for or producing any communications or documents exchanged with her attorneys in response to this Request (Objection 1).

Plaintiff cannot produce documents about communications she does not know about, and this response is not intended to confirm or deny that those exist (Objection 2).

**Documents/Information Withheld:**

22

None.

**Production:**

Subject to and without waiving the foregoing objections or limitations, Plaintiff states that she has no responsive documents.

**Request No. 7:**

Produce all photographs, video or audio recordings, or their electronic equivalent (images and/or files on any electronic storage devices such as cell phones, PDA's, computers, CD-ROMs, or DVD's) concerning (a) the Incident, and/or (b) any injuries and/or damages arising from, or caused by or exacerbated by, the Incident. Defendant requests exact duplicates of all images and/or files on any electronic storage device, with all metadata, including without limitation all date, time and location stamps.

**Response to Request No. 7:**

Plaintiff refers Defendants to parties' initial disclosures and the documents produced herewith, as well as to Plaintiff's Responses to Interrogatory No. 4, which Plaintiff incorporates by reference, replacing the phrase "Interrogatory No." throughout with the phrase "Document Request No."

**Request No. 8**:

Produce all documents concerning the individual defendants or any involved City employees or officers, including, without limitation, documents from the media, internet searches, internet-based social network sites, any on-line databases including the NYC disciplinary databases, NYCLU database, LAS Cop Accountability Project, CAPstat.nyc, other claims or lawsuits, and/or criminal proceedings.

**Response to Request No. 8:**

23

**Objections:**

(1) This Request calls for attorney work product and/or attorney-client communications.

Plaintiff objects to producing attorney work product and attorney-client communications.

(2) Plaintiff additionally objects to the Request to the extent that it seems to call for Plaintiff to

produce documents and information that Defendants or third parties solely possess.

**Limitations on Search/Collection:**

Plaintiff is not searching for or producing any communications or documents exchanged with

her attorneys in response to this Request (Objection 1).

Plaintiff is not producing documents outside her custody and control (Objection 2).

**Documents/Information Withheld:**

None.

**Production:**

Plaintiff refers Defendants to PLAINTIFFS_000066-000094.

**Request No. 9:**

If plaintiff claims that any pre-existing physical or emotional condition was exacerbated by

the Incident, produce all documents concerning the pre-existing injury or condition that was

exacerbated by the Incident.

**Response to Request No. 9:**

Plaintiff does not claim that any pre-existing physical or emotional condition was exacerbated

by the Incident and will therefore provide no further response to this Request.

**Request No. 10:**

Produce a completed medical release for plaintiff's healthcare records and healthcare insurance coverage records for each person/entity who provided healthcare for any physical or emotional injuries that plaintiff claims arose from, or were caused or exacerbated by, the Incident (this includes without limitation releases for any EMS service, Central Booking pre-arraignment medical screening) and Correctional Health Services.[6] Copies of the standard NYS HIPAA release and NYCHHC HIPAA release are attached. If plaintiff received healthcare for any emotional injury from any healthcare provider (e.g., psychiatrist, psychologist, therapist, or social worker), for each such entity/person also produce a separate, signed release for psychotherapy notes. A blank psychotherapy note release is attached.

**Response to Request No. 10:**

The releases required by law will be provided, to the extent they have not been already.

**Request No. 11:**

If plaintiff claims that any pre-existing condition was exacerbated by the Incident, produce completed medical releases for plaintiff's healthcare records and healthcare insurance coverage records for plaintiff's records concerning the treatment of any such pre-existing condition in the past 10 years. If plaintiff claims that any pre-existing emotional condition was exacerbated by the Incident, for each healthcare provider who provided healthcare for that condition, also produce a separate release for psychotherapy notes.

**Response to Request No. 11:**

Plaintiff does not claim that any pre-existing condition was exacerbated by the Incident. Plaintiff

---

[6] Produce a separate medical release for each healthcare provider and/or healthcare insurance coverage provider. The medical releases should be fully executed by plaintiff in the format acceptable to the healthcare provider or healthcare insurance coverage provider to whom it is addressed, and should be initialed so as to permit defense counsel to speak to the healthcare provider. Authorizations for Correctional Health Services records must be addressed to NYC Health & Hospital, CHS Medical Records Unit, 55 Water Street 18th Floor, New York, New York 10041.

is not withholding any documents.

**Request No. 12:**

Produce completed medical releases for plaintiff's healthcare records for all entities/persons who provided healthcare and health insurance coverage to plaintiff in the past 10 years. Provide separate medical releases for each such person/entity. If plaintiff received healthcare for any emotional injury from any person (for example, psychiatrist, psychologist, therapist, or social worker), also produce a signed release for psychotherapy notes for each such entity/person.

**Response to Request No. 12**:

**Objections:**

(1) Plaintiff objects because the Request seeks information that is private and sensitive, and not relevant to any party's claims or defenses — specifically, because all health insurance information is not relevant to begin with, and the ten year range necessarily covers information with no conceivably connection to the claims and defenses here — and therefore exceeds the scope of Federal Rule of Civil Procedure 26(b)(1).

(2) Likewise, Plaintiff objects because the Request seeks information that is private and sensitive, and not relevant to any party's claims or defenses — specifically, because all healthcare for the past ten years includes healthcare with no relation to the claims and defenses here — and therefore exceeds the scope of Federal Rule of Civil Procedure 26(b)(1).

(3) On the same grounds, the Request is burdensome and not proportional to the needs of the case, considering that such discovery would have no value in resolving the issues in the case, but disclosing ten years of private information related to medical treatment and insurance claims would impose serious burdens on Plaintiff's privacy interests that would

outweigh any potential benefit of disclosure to any issue in this litigation.

(4) Beyond that, in this connection, as an additional ground for Plaintiff's objections, Plaintiff notes that information about insurance would not be admissible for any purpose under the collateral source rule, and therefore the request does not seek "nonprivileged matter that is relevant to any party's claim or defense" (Fed. R. Civ. P. 26(b)(1), *see, e.g., Stewart v Am. Family Mut. Ins. Co.*, 2008 US Dist LEXIS 10288, at *16 (ED La Feb. 12, 2008)) — let alone do so in a way proportional to the needs of the case.

**Limitations on Search/Collection:**

Plaintiff will limit her response to providing releases for healthcare records about treatment relevant to this Incident (Objections 1, 2, 3, and 4).

**Documents/Information Withheld:**

See above/below.

**Production:**

Based on the foregoing objections, Plaintiff will not be providing a further response to this Request, beyond providing the releases required by law relevant to this incident, to the extent they have not been already.

**Request No. 13:**

If plaintiff is claiming loss of earnings, income or earning capacity, produce all documents upon which the loss is computed, including without limitation, tax records (federal and state), employment records, bookkeeping or accounting records, and time and attendance records since the Incident, and similar records for ten (10) years before the Incident.

**Response to Request No. 13:**

Plaintiff is still collecting records responsive to this Request and will provide a supplemental response on or before February 17, 2026. The releases required by law will be provided, to the extent they have not been already.

**Request No. 14:**

If plaintiff is claiming any loss of earnings, loss of earning capacity or lost income, produce a signed release permitting defendants to obtain plaintiff's employment records for each of plaintiff's employers for the past 5 years. A blank employment record release form is attached. Produce a separate release for each employer.

**Response to Request No. 14:**

Plaintiff is still collecting records responsive to this Request and will provide a supplemental response on or before February 17, 2026. The releases required by law will be provided, to the extent they have not been already.

**Request No. 15:**

For each separate period of time when plaintiff was unemployed during the past 5 years, produce a signed release permitting defendants to obtain plaintiff's unemployment records. A blank unemployment insurance release is attached.

**Response to Request No. 15:**

**Objections:**

(1) Plaintiff objects to this Request because it seeks personal and private employment information that is not relevant to any party's claim or defense, and therefore exceeds the scope of Fed.R.Civ.P. 26(b)(1).

(2) On the same grounds, the Request is unduly burdensome and not proportional to the needs

28

of the case, considering that such discovery would have no value in resolving the issues in the case, but disclosing five years of specifically unemployment information would impose serious burdens on Plaintiff's privacy interests that would likely outweigh any potential benefit of disclosure to any issue in the litigation

(3) Beyond that, in this connection, as an additional ground for Plaintiff's objections, Plaintiff notes that information about unemployment after the incident would not be admissible for any purpose under the collateral source rule, and therefore the request does not seek "nonprivileged matter that is relevant to any party's claim or defense" (Fed. R. Civ. P. 26(b)(1), *see, e.g., Stewart v Am. Family Mut. Ins. Co.*, 2008 US Dist LEXIS 10288, at *16 (ED La Feb. 12, 2008)) — let alone do so in a way proportional to the needs of the case.

(4) Plaintiff further objects that the Request is overbroad in time and scope in seeking five years of irrelevant, private information.

**Limitations on Search/Collection:**

Plaintiff will not be providing a further response to this Request (Objections 1, 2, 3, and 4).

**Documents/Information Withheld:**

See above.

**Production:**

None.

**<u>Request No. 16:</u>**

If the plaintiff is claiming loss of earnings, income, or earning capacity, produce a signed release for plaintiff's federal tax records since the Incident and for 5 years before the incident. A blank IRS Form 4506 is attached.

**Response to Request No. 16:**

Plaintiff is still collecting records responsive to this Request and will provide a supplemental response on or before February 17, 2026. The releases required by law will be provided, to the extent they have not been already.

**Request No. 17:**

If plaintiff is or was a student on the date of the Incident, produce a signed release for the release of plaintiff's education records including, without limitation, attendance records, transcripts or grades, counseling records and disciplinary records for the past 5 years. The blank education release form is attached. Produce a separate release for each school.

**Response to Request No. 17:**

Plaintiff was not a student on the date of the Incident and will therefore provide no further response to this Request. Plaintiff is not withholding any documents.

**Request No. 18:**

For each claim with any insurance carrier (disability or no-fault) for physical, or emotional injuries within the past ten years, complete and produce a signed release for plaintiff's records. A blank form for the release of insurance records is attached.

**Response to Request No. 18:**

**Objections:**

(1) Plaintiff notes that information about insurance would not be admissible for any purpose under the collateral source rule, and therefore the request does not seek "nonprivileged matter that is relevant to any party's claim or defense" (Fed. R. Civ. P. 26(b)(1), *see, e.g., Stewart v Am. Family Mut. Ins. Co.*, 2008 US Dist LEXIS 10288, at \*16 (ED La Feb. 12, 2008)) — let alone do so in a way proportional to the needs of the case.

30

(2) On the same grounds, the Request is unduly burdensome and not proportional to the needs of the case, considering that such discovery would have no value in resolving the issues in the case, but disclosing ten years of private insurance information would impose serious burdens on Plaintiff's privacy interests.

(3) Plaintiff further objects that the Request is overbroad in time and scope in seeking ten years of irrelevant, private information, where most of that time bears no conceivable connection to the issues in this case (even putting aside the collateral source issue).

**Limitations on Search/Collection:**

See below.

**Documents/Information Withheld:**

Plaintiff will not be providing a further response to this Request (Objections 1, 2, and 3).

**Production:**

None.

**Request No. 19:**

If plaintiff has made any claims for or received any social security benefits within the past ten years, produce a signed release for plaintiff's social security disability benefit records. A blank SSA Form 3288 is attached.

**Response to Request No. 19:**

Plaintiff has not made any claims for or received any social security benefits and will therefore provide no further response to this Request. Plaintiff is not withholding any documents.

**Request No. 20:**

31

If plaintiff has made any claims for or received Medicare benefits within the past 5 years, produce a signed authorization for plaintiff's Medicare records. A blank Medicare release form is attached.

**Response to Request No. 20:**

Plaintiff has not made any claims for or received Medicare benefits within the past 5 years and will therefore provide no further response to this Request. Plaintiff is not withholding documents.

**Request No. 21:**

If plaintiff has made any claims for or received Medicaid benefits within the past 5 years, produce a signed release for plaintiff's Medicaid records. A blank Medicaid release form is attached.

**Response to Request No. 21:**

Plaintiff objects to this Request as overbroad because it seeks private and sensitive information that is not relevant to any party's claim or defense, and therefore exceeds the scope of Federal Rule of Civil Procedure 26(b)(1). On the same grounds, it is burdensome and not proportional to the needs of the case, considering that such discovery would have no value in resolving the issues in the case, and disclosing five years of Medicaid benefits would impose serious burdens on Plaintiff's privacy interests that would likely outweigh any potential benefit of disclosure to any issue in this litigation.

Notwithstanding the foregoing objection, the releases required by law will be provided, to the extent they have not been already.

**Request No. 22:**

Produce all subpoenas served on any person/entity concerning the Incident, this litigation or plaintiff's injuries or damages that arose from, or were caused or exacerbated by, the Incident, and all documents received in response to any subpoena.

**Response to Request No. 22:**

Plaintiff has not served any subpoenas concerning the Incident, this litigation, or her injuries or damages. Plaintiff is not withholding documents. Plaintiff will supplement at an appropriate time if the answer changes.

**Request No. 23:**

Produce all FOIA/FOIL requests served on any person/entity concerning the Incident, and all documents received in response to any such requests.

**Response to Request No. 23:**

Plaintiff has not served any FOIA/FOIL requests on any person/entity concerning the Incident. Plaintiff is not withholding documents.  Plaintiff will supplement at an appropriate time if the answer changes.

**Request No. 24**:

Produce a signed <u>blanket</u> release under <u>Criminal Procedure Law</u> §§ 160.50 and 160.55 permitting defendants to obtain plaintiff's criminal records, and/or, if applicable, a signed blanket release under the <u>Family Court Act</u> § 375.1 permitting defendants to obtain plaintiff's Family Court records. The <u>blanket</u> release forms are attached.[7]

**Response to Request No. 24:**

 **Objections:**

(1) Plaintiff objects to this Request because it seeks personal and private criminal history and Family Court information that is not relevant to any party's claim or defense, including

---

[7] This authorization differs from the authorization that may have been provided at the commencement of this litigation in that it is not limited to just documents pertaining to the arrest and/or prosecution that is the subject of this litigation.

information pertaining to arrests or convictions that may be sealed, expunged, or otherwise nullified pursuant to court order or by operation of state law, and therefore exceeds the scope of Fed.R.Civ.P. 26(b)(1).

(2) On the same grounds, the Request is unduly burdensome and not proportional to the needs of the case, considering that such discovery would have no value in resolving the issues in the case, but disclosing <u>blanket</u> criminal history and Family Court information would impose serious burdens on Plaintiff's privacy interests that would likely outweigh any potential benefit of disclosure to any issue in the litigation.

(3) Plaintiff further objects that the Request is overbroad in time and scope in seeking irrelevant, private information with no limitation whatsoever as to time or subject matter.

(4) Plaintiff further objects to the extent that disclosure of responsive documents or information would violate the sealing provisions of New York Criminal Procedure Law §§ 160.50, *et seq.*, and/or any applicable provisions of the Family Court Act.

**Limitations on Search/Collection:**

See below.

**Documents/Information Withheld:**

Plaintiff will not be providing a further response to this Request (Objections 1, 2, 3, and 4).

**Production:**

A 160.50 release was previously provided.

**<u>Request No. 25:</u>**

Produce (a) all expert disclosures required pursuant to Federal Rule 26(a)(2) and (b) all communications that (i) concern compensation for the expert's study or testimony, (ii) identify facts or data that the party's attorney provided and that the expert considered in forming the opinions to be

expressed, and (iii) identify assumptions that the party's attorney provided and that the expert relied on in forming the opinions to be expressed.

**Response to Request No. 25:**

Plaintiff objects to this Request to the extent it calls for information relating to expert disclosures to be provided before the time(s) set forth in the Federal Rules of Civil Procedure and/or by orders of this Court.

Plaintiff will provide expert disclosures as required under the Federal Rules of Civil Procedure and pursuant to any applicable schedule ordered by this Court.

**<u>Request No. 26:</u>**

Produce all documents concerning any claims against the City or its agents, servants or employees concerning the Incident, including without limitation all notices of claim, communications with the City Comptroller or its agents, 50-H hearing transcripts and errata sheets relating thereto.

**Response to Request No. 26:**

**Objections:**

None.

**Limitations on Search/Collection:**

None.

**Documents/Information Withheld:**

None.

**Production:**

Plaintiff states that no responsive documents exist. Plaintiff is not withholding any documents.

**<u>Request No. 27:</u>**

35

Produce all retainer agreements, referral agreements, time and expense records and legal bills concerning the Incident or all criminal, administrative and civil proceedings or prosecutions concerning the Incident, including this litigation.

**Response to Request No. 27:**

**Objections:**

(1) This Request calls for attorney work product and/or attorney-client communications. Plaintiff objects to producing attorney work product and attorney-client communications.

(2) A retainer agreement has no bearing on any party's claim or defense, and the Request therefore exceeds the scope of Fed.R.Civ.P. 26(b)(1).

(3) Defendants' request for time records and legal bills is premature, as that timing is set in the Federal Rules of Civil Procedure and billing is ongoing.

(4) The contents of legal bills would disclosure legal strategy if disclosed while substantive litigation is ongoing, and are attorney work product.

**Limitations on Search/Collection:**

See below.

**Documents/Information Withheld:**

(1) Plaintiff's retainer agreement (Objections 1 and 2).

(2) All time records (Objections 1, 3, and 4).

**Production:**

No referral agreement exists. Otherwise, as set out above in the withholding section, Plaintiff is withholding all other documents.

**Request No. 28:**

36

Produce all documents concerning any legal or litigation financing or funding from any person for any claims or lawsuits concerning the Incident.

**Response to Request No. 28**:

Plaintiff states that no responsive documents exist. Plaintiff is not withholding any documents.

DATED:      January 18, 2026
            Brooklyn, New York

**GIDEON ORION OLIVER**

277 Broadway, Suite 1501
New York, NY  10007
t: 718-783-3682
f: 646-349-2914
Gideon@GideonLaw.com

**COHEN&GREEN P.L.L.C.**
1639 Centre Street, Suite 216
Ridgewood, New York 11385
(929) 888.9480 (telephone)
(929) 888.9457 (facsimile)
regina@femmelaw.com

## <u>VERIFICATION OF SUBSTANTIVE INTERROGATORY RESPONSES</u>

I, ANEES HASNAIN**,** hereby declare under penalty of perjury that the following is true and correct: I have read the answers to the interrogatories above and they are true and correct to the best of my knowledge, information, and belief, except as to any objections interposed by counsel and any matters stated therein to be upon information and belief, and as to those matters I believe them to be true.

**Dated: January** __19__ **, 2026**
       **New York, New York**


_Anees Hasnain_
ANEES HASNAIN