

April 6, 2026

Hon.  Jennifer L. Rochon, U.S.D.J.
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

By Electronic Filing.

> **Re:** **Hasnain v. City of New York, et al., 24-cv-06221 (JLR)**

Dear Judge Rochon:

I am co-counsel for Plaintiff Anees Hasnain in this matter.  I write, as contemplated at the conference last week, regarding discovery.  I apologize if this letter is slightly less polished than it might be otherwise — I am writing just before getting on a flight for the trial I have in Albany this week.  I repeatedly reminded Defendants counsel of this, but have nonetheless ended up in a position where I am drafting a letter just as I run out the door — and counsel asked for meet and confer times on production for Tuesday and Wednesday (e.g., during Ms. Yu and my trial).

As of today, while Defendants served two documents on Friday saying no Line of Duty or AIDED reports exist for *named* Defendants.  They have not served a single document otherwise.  Depositions initially scheduled for Wednesday and Friday this week (for arguably the two most important Defendants) needed to be adjourned.

For discipline, Defendants did not provide their compromise position last week, or provide any documents "well in advance of depositions" as the Court directed and the parties agreed.  Defendants say they will produce IAB resumes (without any underlying documents or details) for the last 10 years, limited to "similar" incidents and what appears to be dishonesty from the face of the IAB resume, at some undetermined time this week, for *only* two Defendants.[1]  Defendants have given no timeline for the actual documents, and certainly not one well in advance of the depositions scheduled for this week.  And Defendants' request to meet and confer on these issues *on Tuesday or Wednesday* reflects no intention to get this done before depositions.

For texts, apparently Defendants only searched for texts sent to or from the individual Defendants to be deposed this week,  not for the deployment thread that would reflect the orders

---

[1] Defendants' position is apparently that, because they think they will win a motion for summary judgment, they should not need to produce documents for the other officers, or produce those officers for depositions.

That is in part un-mooting the agreement at the conference last Monday, where the Court did not order a deposition schedule in part based on Defendants' representation that they would be producing all named Defendants.



passed down to individual officers.  *See, e.g., Rodriguez v. City Of New York*, 21-cv-10815, ECF No. 107-1 (SDNY) (deployment thread where NYPD members referred  to protest enforcement as "play[ing]," a captain was told by a subordinate to "kick their ass," and says "LET'S HAVE FUN" in connection with a planned, brutal kettle in Mott Haven in the Bronx").

As far as training, despite the Court's Orders and despite having already served their formal responses, Defendants have said they believe it is an "open question" what burden is posed for producing training documents.  This is inconsistent with the basic structure of the Federal Rules.  And these are documents essential to have before depositions too.  It is just not tenable for the burden to be an "open question" after responses are served; that is the role of formal responses.[2]

As I said above, I am on trial this week.  I am mindful the Court offered, if significant progress was made last week, that it would be willing to extend the close of discovery 30 days.  Even though we would not agree the progress would be meaningful, we raised this with Defendants, who said they would not ask for the time, because it was "premature."  I can make myself available for a call after trial ends for the day.  And if the Court wants to extend things for 30 days anyway, perhaps the pressure is down somewhat.  But we are still basically in the same place we were on March 18, 2026 when Plaintiff moved to compel — itself *far* out past when Plaintiff needed documents.

As always, I thank the Court for its time and attention.

Respectfully submitted,

/s/
_____

J. Remy Green
*Honorific/Pronouns: Mx., they/their/them*
**Cohen&Green P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

---

[2] On this, Plaintiff submits the Court may want to reconsider its choice not to force Defendants to clearly state what they are withholding and not in their formal responses.  Defendants did not, at that time, suggest any of their objections left "open question[s]."

By contrast, Plaintiff's responses are structured explicitly to avoid this problem:  Each response explicitly sets out any "Limitations on Search/Collection" with cited, specific objections, and "Documents/Information Withheld" in the same way, before explaining what *is* being produced.  *See, e.g.,* ECF NO. 70-3 at 3.  While that format is certainly not required, it helps avoid the problem the City has run into before, where — in a similar posture cleaning up initial responses — Judge Gorenstein had to clarify the Federal Rules do not allow "secret objections." *In re New York City Policing During Summer 2020 Demonstrations*, 20-cv-8924 (SDNY), 2022-03-04 Tr. at 47:3-4  ("I don't recall telling you that you could have secret objections").

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com



cc:
All relevant parties by ECF.

Cohen&Green P.L.L.C.  ·  1639 Centre Street, Suite 216 · Ridgewood, New York · 11385  ·  t : (929) 888.9480  ·  f : (929) 888.9457  ·  FemmeLaw.com