Revised as of March 17, 2026

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Anees Hasnain,

                       Plaintiff,

           -against-

City of New York, et al.,

                 Defendants.

24-cv-6221 (JLR)

**CIVIL CASE MANAGEMENT PLAN AND SCHEDULING ORDER**

JENNIFER L. ROCHON, United States District Judge:

This Civil Case Management Plan (the "Plan") is submitted by the parties in accordance with Federal Rule of Civil Procedure 26(f)(3).

1. All parties [consent ☐ / do not consent ☑] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. 28 U.S.C. § 636(c). The parties are free to withhold consent without any adverse substantive consequences. [*If all parties consent, the remaining paragraphs need not be completed at this time. Instead, within three days of submitting this Proposed Case Management Plan and Scheduling Order, the parties shall submit to the Court a fully executed Notice, Consent, and Reference of a Civil Action to a Magistrate Judge, available at* https://nysd.uscourts.gov/sites/default/files/2018-06/AO-3.pdf.]

2. The parties [have ☑ / have not ☐] conferred pursuant to Federal Rule of Civil Procedure 26(f).

3. The parties [have ☑ / have not ☐] conferred about the basis of subject-matter jurisdiction and agree that subject-matter jurisdiction exists.

4. Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1) shall be completed no later than ___3/19/2025___. [*Absent exceptional circumstances, a date not more than 14 days after the parties' conference pursuant to Federal Rule of Civil Procedure 26(f).*]

5. Unless a party amends a pleading as a matter of course pursuant to Federal Rule of Civil Procedure 15(a)(1), amended pleadings may not be filed and additional parties may not be joined except with leave of the Court. Any motion for leave to amend or join additional parties shall be filed no later than ___9/18/2025___. [*Absent exceptional circumstances, date not more than 30 days following the date of this Order.*]

Revised as of March 17, 2026

6.  Fact Discovery:

   a.  Initial requests for production of documents shall be served no later than
       ___9/18/2025_____.

   b.  Interrogatories shall be served no later than ____9/18/2025_____.

   c.  Requests to admit shall be served no later than __8/29/2026_____.

   d.  Depositions shall be completed no later than ____8/29/2026_____.

   e.  All fact discovery shall be completed no later than ___9/28/2026_____.
       [*A period not to exceed 120 days from the date of this Order, unless approved by
       the Court due to unique complexities or other exceptional circumstances.*]

   f.  Any of the deadlines in paragraphs 6(a)-(d) may be extended by the written
       consent of all parties without application to the Court, provided that all fact
       discovery is completed by the date set forth in paragraph 6(e).

7.  Expert Discovery, if any:

   a.  Plaintiff's expert disclosures pursuant to Federal Rule of Civil Procedure 26(a)(2)
       shall be made no later than _____9/13/2026_____.

   b.  Defendant's expert disclosures pursuant to Federal Rule of Civil Procedure
       26(a)(2) shall be made no later than ____10/13/2026_____.

   c.  All expert discovery, including expert reports and depositions, shall be completed
       no later than ____11/12/2026_____. [*Absent exceptional circumstances, date
       no later than 45 days from the end of fact discovery deadline set forth in
       paragraph 6(e).*]

   d.  The interim deadlines in paragraphs 7(a)-(b) may be extended by the written
       consent of all parties without application to the Court, provided that expert
       discovery is completed by the date set forth in paragraph 7(c).

8.  [*If applicable*] The plaintiff(s) shall provide HIPAA-compliant medical records release
    authorizations to the defendant(s) no later than __previously provided__

9.  All motions and applications shall be governed by the Court's Individual Rules and
    Practices in Civil Cases, the Federal Rules of Civil Procedure, and the Local Rules of the
    United States District Courts for the Southern District of New York.  Any extensions of

Revised as of March 17, 2026

the dates therein must be approved by the Court.

10. Any discovery disputes shall be addressed according to Section 2.E of the Court's Individual Rules and Practices in Civil Cases.

11. Privileged Materials and Trial-Preparation Materials:

   a. [*If and as applicable*] The parties shall comply with Fed. R. Civ. P. 26(b)(5)(A) and Local Civil Rule 26.2 no later than _____ using the following method or methods:

   _____
   _____
   _____
   _____

   [*In general, parties are encouraged to exchange privilege logs or other means of identifying withheld materials concurrently with, or as promptly as practicable following, each production.  In accordance with Local Civil Rule 26.2(c), parties are also encouraged to identify and use efficient methods for the exchange of such information, including, as appropriate, the use of document-by-document, categorical, or metadata privilege logs.  The Court recognizes, however, that different cases may require different protocols.*]

12. The parties [have ☐ / have not ☒ ] reached an agreement under Fed. R. Evid. 502.  [*If the parties have reached such an agreement, they may file an agreed-upon proposed order under Fed. R. Evid. 502(d).*]

13. The parties [do ☒ / do not ☐ ] believe that a protective order under Fed. R. Civ. P. 26(c) is warranted.  [*If the parties believe that a protective order is warranted, they should file an agreed-upon proposed order.  Any such order may bind the parties to treat as confidential documents so classified but may not authorize the parties to file documents under seal absent an appropriate court finding.  That finding will be made, if ever, upon a document-by-document review pursuant to the procedures set forth in the Court's Individual Rules and Practices and subject to the presumption in favor of public access to "judicial documents."  See generally* Lugosch v. Pyramid Co. of Onondaga, *435 F.3d 110, 119-20 (2d Cir. 2006).*]

14. All discovery must be completed no later than ___11/12/2026___.  [*This date should be the later of the dates in paragraphs 6(e) and 7(c) above.*]

15. No later than one week after the close of fact discovery, counsel for all parties must meet for at least one hour to discuss settlement and file a joint letter updating the Court on the status of the case, including but not limited to confirming that the one-hour settlement discussion occurred and stating whether all parties consent to mediation or a settlement

Revised as of March 17, 2026

conference to be held before the designated Magistrate Judge.  The letter should not identify, explicitly or implicitly, any party that has declined to so consent.  The use of any alternative dispute resolution mechanism does not stay or modify any date of this Order.

16. The Court will conduct a post-discovery pre-trial conference on __December 8, 2026__ at __11:00 a.m.__.  [*To be completed by the Court.*]  No later than one week in advance of the conference, the parties are to submit a joint two-page letter updating the Court on the status of the case, including proposed deadlines for pretrial submissions and trial dates.  This conference will either serve as a pre-motion conference or will be used to set a trial date and dates for pretrial submissions.  If a party wishes to move for summary judgment or to exclude expert testimony, it must, no later than three weeks before the conference, file a letter as set forth in Section 3.I of the Court's Individual Rules and Practices in Civil Cases, and any response letter shall be filed no later than two weeks before the conference.

17. Unless otherwise ordered by the Court, the parties shall submit a Joint Pretrial Order prepared in accordance with Federal Rule of Civil Procedure 26(a)(3) and other pretrial submissions pursuant to the Court's Individual Rules and Practices in Civil Cases within 30 days of any decision on a summary judgment motion.

18. The parties shall be ready for trial as of two weeks following the deadline for the proposed Joint Pretrial Order, even if trial is tentatively scheduled for a later date.

19. The case [is [X] / is not [ ]] to be tried to a jury.

20. Counsel for the parties have conferred and their best estimate of the length of trial is __5-7 days__.

21. Settlement discussions [have [X] / have not [ ]] taken place.
    a. [*If applicable*] Counsel have discussed an informal exchange of information in aid of early settlement and have agreed upon disclosure of the following information within _____ days/weeks:

    _____
    _____

    b. If the case has not already been referred for settlement, at the time of this order, counsel for the parties believe the following alternative dispute resolution mechanisms may be helpful in resolving this case (check any and all that apply):

    [ ]   Immediate referral to the District's Mediation Program
    [ ]   Immediate referral to the designated Magistrate Judge
    [ ]   Referral to the District's Mediation Program for a settlement conference [during/after] the close of [fact/expert/all] discovery

Revised as of March 17, 2026

☐ Referral to the designated Magistrate Judge for a settlement conference [during/after] the close of [fact/expert/all] discovery

☐ Other: _____

22. Other issues to be addressed at the Initial Case Management Conference, including those set forth in Federal Rule of Civil Procedure 26(f)(3), are set forth below:

__N/A_____

_____

_____

_____

23. Counsel for the Parties:

_Remy Green; Regina Yu_____        _Jonathan Hutchinson_____

_Cohen&Green P.L.L.C._____        _Office of the Corporation Counsel_

_(for Plaintiff)_____        _(for Defendants)_____

24. The next case management conference is scheduled for __December 8, 2026___ at ____11:00 a.m._____. [*To be completed by the Court.*]

    This Order may not be modified or the dates herein extended, except by further Order of the Court for good cause shown (except as provided in paragraphs 6(f) and 7(d)). Any application to modify or extend the dates herein shall be made in a written application in accordance with the Court's Individual Rules and Practices and shall be made no less than two business days prior to the expiration of the date sought to be extended.

Dated: June 24, 2026
        New York, New York

                                        SO ORDERED.

                                        _Jennifer Rochon_____
                                        JENNIFER L. ROCHON
                                        United States District Judge