COHEN GREEN

August 19, 2026

Hon. Jennifer L. Rochon, U.S.D.J.
Southern District of New York
Daniel Patrick Moynihan United States Courthouse
500 Pearl St.
New York, NY 10007

By Electronic Filing.

**Re: Hasnain v. City of New York, et al., 24-cv-06221 (JLR)**

Dear Judge Rochon:

I am co-counsel for Plaintiff Anees Hasnain in this matter. I write to ask the Court, in light of the extension Defendants were granted to oppose the pending motion at ECF No. 95 (and the related underlying events) to ask the Court to extend the discovery end date by 45 days.[1]

Per the Court's Rules: (1) the current end of discovery is set for September 28, 2026 (ECF No. 91) and the extension would move the end date to November 12, 2025; (2) there have been at least seven previous extensions and a number of requests; (3) those requests have been variously denied and granted; and (4) Defendants consent. A proposed, amended case management plan is attached.

This extension is necessary because the motion at ECF No. 95 addresses a core set of documents that the Court had ordered produced initially by April 24, 2026, which was then extended several times until July 7, 2026. *See* ECF Nos. 77, 81, 83, 87, 91, and 95. The fact that the documents definitively existed and needed to be re-searched for was revealed at a July 15, 2026 deposition, and Plaintiff has followed up diligently for the 35 days since July 15. Defendants have now received an extension of time to oppose ECF No. 95 of seven days. And under the Rules, further discovery revealed necessary by the results of the motion or the opposition must be served by August 28, 2026. — meaning even if the Court converts the motion into a motion to compel, grants it without a conference, and orders complete production of the information sought within 24 hours, Plaintiff would have about 24 hours to serve requests, and no time at all to meet and confer or move to compel on any follow up requests. This would also leave very little time to schedule the continued depositions of all Defendants "limited to topics related to the later-produced documents" under ECF No. 77 given that the "documents [we]re not produced at least 48 hours prior to the deposition." ECF No. 77.

[1] As noted in the underlying motion, Plaintiff had also made clear to Defendants that she would not make the motion at all if Defendants had sought this extension of the discovery end date.

Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t: (929) 888.9480 · f: (929) 888.9457 · FemmeLaw.com

Accordingly, the Court should extend the discovery end date by 45 days, to allow the issues in ECF No. 95 to be resolved in an orderly fashion.

As always, I thank the Court for its time and attention.

Respectfully submitted,

/s/

J. Remy Green
*Honorific/Pronouns: Mx., they/their/them*
**Cohen&Green P.L.L.C.**
*Attorneys for Plaintiff*
1639 Centre St., Suite 216
Ridgewood, New York 11385

cc:
All relevant parties by ECF.



Cohen&Green P.L.L.C. · 1639 Centre Street, Suite 216 · Ridgewood, New York · 11385 · t : (929) 888.9480 · f : (929) 888.9457 · FemmeLaw.com