THE CITY OF NEW YORK
LAW DEPARTMENT
100 CHURCH STREET
NEW YORK, N.Y. 10007

**STEVEN BANKS**
*Corporation Counsel*

**JONATHAN HUTCHINSON**
*Senior Counsel*
Tel.: (212) 356-2410
Fax: (212) 356-3509
jhutchin@law.nyc.gov

September 16, 2026

**VIA ECF**
Honorable Jennifer L. Rochon
United States District Court for the Southern District of New York

Re: Anees Hasnain v. The City of New York et. al., 24 Civ. 6221 (JLR)

Your Honor:

Defendants write to respectfully request that the Court bifurcate *Monell* discovery or, in the alternative, issue a protective order relieving defendant City of New York from complying with the Rule 30(b)(6) deposition notice served by plaintiff (hereinafter, "the Notice").

By way of background, on August 11, 2026, plaintiff served defendants with the Notice, containing twenty-two (22) proposed "matters of examination." *See* Exhibit A. On August 21, 2026, defendants served plaintiff with their written objections to the Notice and, on August 26, 2026, the parties met and conferred regarding the Notice, in accordance with Your Honor's Individual Rules, but were unable to resolve their dispute.[1]

## I. Motion to Bifurcate *Monell* Discovery

As an initial matter, defendants respectfully request that the Court bifurcate discovery with respect to plaintiff's municipal liability claim. "Rule 42(b) of the Federal Rules of Civil Procedure gives district courts broad discretion to bifurcate claims or issues at trial in furtherance of convenience, to avoid prejudice, or to expedite and economize." *Jenkins v. City of New York*, No. 15-CV-5889 (RJD), 2019 U.S. Dist. LEXIS 131691, at *1 (E.D.N.Y. Aug. 6, 2019). Because plaintiff's *Monell* claim is derivative of her claims against the individual defendants, this case "falls within the '**overwhelming weight of authority**' in this Circuit, which 'holds that since the City's liability is derivative of the individual defendants' liability, and since the proof required to establish a *Monell* claim is substantially different from the proof necessary to establish individual liability, the most prudent course is to try the *Monell* claims separately and to stay discovery concerning those claims until the liability of the individual defendants is established.'" *Rodriguez v. City of New York*, No. 21-CV-1649 (AMD) (RLM), 2022 U.S. Dist. LEXIS 195034, at *3 (E.D.N.Y. Oct. 20, 2022) (emphasis added) (quoting *Morales v. Irizarry*, No. 95 Civ. 5068 (AGS) (HBP), 1996 U.S. Dist. LEXIS 15613, at *4 (S.D.N.Y. Oct. 22, 1996) (collecting cases)); *see also, e.g., Amato v. City of Saratoga Springs*, 170 F.3d 311, 320 (2d Cir. 1999) (referencing the "frequent bifurcation of proceedings where a plaintiff has initiated a § 1983 action against individual officials and municipal entities" and noting that "Section 1983 actions are particularly well suited for bifurcation because the evidence needed to show a 'policy and custom' on behalf of the municipal entity is often unnecessary in the suit against the individual official").

[1] Plaintiff has since withdrawn Topics 13 through 22 of the Notice, which pertained to preservation of a deployment text thread.

Here, defendants anticipate making a fully dispositive motion for summary judgment following the close of discovery, based in large part on video depicting the alleged incident. Should such a motion be granted, then plaintiff's municipal liability claim would necessarily be dismissed by virtue of plaintiff's inability to establish an underlying constitutional violation and, therefore, no *Monell* discovery would be necessary. Thus, defendants respectfully submit that it makes sense to bifurcate discovery concerning plaintiff's municipal liability claim, at least pending dispositive motion practice, especially in light of the fact that discovery in this matter is otherwise nearing completion. *See, e.g., Walker v City of New York*, No. 14-CV-680 (WFK) (PK), 2018 U.S. Dist. LEXIS 58380, at *13 (E.D.N.Y. Mar. 30, 2018) ("Given the late stage of discovery, the burden posed by Plaintiff's expansive requests with respect to the *Monell* claim, and the clear authority in this Circuit to bifurcate *Monell* claims from the underlying constitutional claims, . . . bifurcation, at least for discovery purposes, is appropriate.").

## II. Plaintiff's 30(b)(6) Notice

In the operative complaint, plaintiff alleges excessive force, false arrest, denial of a fair trial (despite there being no charges being filed against plaintiff), First Amendment retaliation, corresponding claims under New York state law, and a *Monell* claim against the City of New York, based on the City's alleged inadequate supervision of police officers. See ECF No. 24, Amended Complaint. On April 10, 2026, during a discovery conference, the Court expressed concerns that the language in the Complaint was boilerplate, often contradicted by the evidence of record, and did not properly put defendants on notice of the specific claims against them. *See, e.g.,* ECF No. 24 at ¶¶ 42, 69, 78, 101, 109, 113, 122. Plaintiff now seeks to leverage that boilerplate complaint to take testimony on a host of wide-ranging topics spanning a period of **nearly twenty years**, by serving a 30(b)(6) notice which was essentially copied and pasted from those used by other attorneys in other cases. *Compare* Exhibit A *with* Exhibits B and C.

"'Rule 30(b)(6) notices are subject to the same Rule 26 limitations as other forms of discovery: they must be proportional to the needs of the case and not unduly burdensome or duplicative.'" *Parkinson v. Desormeau,* No. 22 CV 851 (LDH)(LB), 2024 U.S. Dist. LEXIS 219610, at *20 (E.D.N.Y. Dec. 4, 2024) (citation omitted). "Topics in a 30(b)(6) notice must [also] be described with 'reasonable particularity.'" *Id.* "In determining whether this requirement is met, courts consider '(1) the nature of the topics; (2) whether the descriptions of the topics include examples of questions and clarifying information such as references to specific named policies, documents, incidents, and the like; and (3) whether a reasonable person reading the notice would understand how to prepare for the deposition.'" *Id.* at *20-21.

"The Court may also strike Rule 30(b)(6) topics covering information that could be obtained more easily through another form of discovery." *Id.* at *21. For example, "[a] Rule 30(b)(6) witness should not be required to memorize large amounts of data or facts" that could be produced as written discovery. *Id.*

Here, the Notice is vastly overbroad in time and scope and generally untethered to plaintiff's claims. First, the Notice generally seeks testimony about a myriad of "matters of examination," in the time frame of "2004-2022." This eighteen year time span is vastly overbroad. Incidents, investigations, lawsuits, policies, trainings, reports or statistics from as far back as 2004

are so remote from the events of September 13, 2021 such that they have no relevance to any claim or defense in this matter. Additionally, incidents, investigations, policies, procedures, or trainings that post-date the incident are not relevant to plaintiff's claims either.

Topics 1 and 2 seek testimony concerning "[u]ses of force" both "at protests" and "outside the protest context" over an eighteen year period of time. First, it is entirely unclear what such broad subjects even mean and what a designated witness would be expected to testify about. Plaintiff appears to be seeking testimony from one or more witnesses concerning the details of all "[u]ses of force at protests" and "[u]ses of force outside the protest context that resulted in head or brain injuries" over the course of nearly twenty years. Even setting aside the sealing and privacy concerns, how could anyone even be able to properly testify about such vastly broad topics? Such information is also not relevant to plaintiff's claims, and it would be unduly burdensome and not proportional to the needs of the case to even attempt to engage in the process of preparing a witness to testify about such topics.

Topics 3 and 4 seek testimony concerning "records, tracking, and other methods of information gathering and tracking the City uses concerning injuries or protestors" and "civilian injuries caused by NYPD uses of force outside the protest context." Plaintiff already knows how such information is recorded and in which sort of documents and, thus, a 30(b)(6) witness is unnecessary. Alternatively, an interrogatory seeking such information would be a more practical and less burdensome means of obtaining such discovery.

Topics 5 and 6, which seek testimony concerning "[i]nvestigations related to uses of force at protests" and "[i]nvestigations that in fact happened . . . related to civilian injuries caused by NYPD uses of force outside the protest context," and topics 7 and 8 concerning "discipline considered or imposed related to . . . substantiated allegations" over an eighteen year time period, suffer from the same issues. How could anyone competently testify as to the details of every single investigation, or be prepared to do so, and how are the details of every single investigation relevant to plaintiff's claims? *See, e.g., id.* at *22 ("The City would be 'unable to reasonably prepare any individual, or individuals' for a deposition regarding an unknown number of investigations over the course of several years" as "this topic would require a deponent to 'memoriz[e] an unrealistic amount of information' pertaining to particular investigations").

Similarly, topic 9, which seeks testimony "concerning lawsuits against the City of New York and/or NYPD members that were filed or resolved between 2004 and the present alleging excessive force . . . including, but not limited to, the nature and resolution of the claims at issue in such lawsuit," is also impractically broad. Again, how could anyone competently testify about every single such lawsuit, or be prepared to do so?

Topic 10 appears to simply be a document request. Topics 11 and 12 can also be addressed by document requests, and, in fact, already have been for the most part.

Accordingly, defendants respectfully request that the Court bifurcate *Monell* discovery or, in the alternative, issue a protective order relieving defendant City of New York from producing a witness to testify in response to the Notice.

Thank you for your consideration herein.

Respectfully submitted,

/s/ Jonathan Hutchinson
Jonathan Hutchinson
*Senior Counsel*
Special Federal Litigation Division

Encls.

cc: **VIA ECF**
*All counsel of record*